UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK,
------------------------------------------------------------------x
EKMAN & CO. AB.,

                Plaintiff,

    –against –

GRAPHIC PAPER, INC.,


                Defendant.
------------------------------------------------------------------x
GRAPHIC PAPER, INC.,

                Interpleader Plaintiff,


    -against-


EKMAN & CO. AB., and
U.S. BANK NATIONALASSOCIATION,


                Interpleader Defendants.
------------------------------------------------------------------x

Case No. 10 CV 8110 (JGK)

**ANSWER AND
INTERPLEADER
<u>COMPLAINT</u>**

Defendant Graphic Paper, Inc., by its undersigned attorneys, for its answer and interpleader

complaint states as follows:

<u>**ANSWER**</u>

1.    Paragraph 1 contains a legal contention for which no response is necessary. To the

extent that any response is required, Defendant denies knowledge or information sufficient to

form a belief as to the allegations contained in paragraph 1 of the Complaint. Further answering,

Defendant admits that the amount in controversy exceeds $75,000, and that Graphic Paper is a New York State corporation.

2.      Paragraph 2 contains a legal contention for which no response is necessary.

3.      Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 3 of the Complaint.

4.      Defendant admits that its principal place of business is 31 Windsor Place, Central Islip, New York, but denies knowledge or information sufficient to form a belief as to the remainder of allegations in paragraph 4 of the Complaint.

5.      Paragraph 5 contains a legal contention for which no response is necessary.

6.      Paragraph 6 contains a legal contention for which no response is necessary.

7.      Paragraph 7 contains a legal contention for which no response is necessary. To the extent that any response is required, Defendant admits that it advised Plaintiff of a Notice of Restraining Order in the case captioned <u>U.S. Bank National Assn. v. APP International Finance Co., BV</u>, New York County, Index No. 600405/04, which restrained Defendant from making any payments to Plaintiff.

8.      Paragraph 8 contains a legal contention for which no response is necessary.

9.      Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.     Paragraph 10 contains a legal contention for which no response is necessary.

11.     Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in paragraph 9 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches, waiver, and/or estoppel.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages are speculative.

### FIFTH AFFIRMATIVE DEFENSE

Defendant was restrained pursuant to CPLR § 5222 from making payment to Ekman.

### SIXTH AFFIRMATIVE DEFENSE

Any damages suffered by Ekman were the result of its own failure to bring a CPLR § 5239 proceeding seeking relief from the restraining notice.

## INTERPLEADER COMPLAINT

Defendant/Interpleader Plaintiff Graphic Paper, Inc, by and through its counsel, Ettelman & Hochheiser, P.C., and for its interpleader complaint against Ekman & Co. AB and U.S. Bank National Association states as follows:

### INTRODUCTION

1.      This is an action for interpleader pursuant to Fed. R. Civ. P. 22, or in the alternative pursuant to the federal interpleader statute, 28. U.S.C. § 1335, and for a determination pursuant to New York CPLR § 5239 of adverse claims.

### PARTIES

2.      Defendant/Interpleader Plaintiff Graphic Paper, Inc. ("Graphic Paper") is a New York corporation with its principal place of business in County of Suffolk, State of New York.

3.      Upon information and belief, Plaintiff/Interpleader Defendant Ekman & Co. AB ("Ekman") is a Swedish company with its principal place of business in Sweden.

4.      Upon information and belief, Interpleader Defendant U.S. Bank National Association ("U.S. Bank") is a national banking association with its principal place of business in the State of Minnesota.

### JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) and Fed. R. Civ. P. 22 because this is a lawsuit between a citizen of New York and citizens of Minnesota, California/Delaware, and Sweden, and the matter in controversy exceeds $75,000, exclusive of interests and costs.

6.      In the alternative, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335 because the adverse claimants are of diverse citizenship, the value of the stake exceeds $500, and Defendant/Interpleader Plaintiff is prepared to deposit the stake into the registry of the Court.

7.      Venue lies in this District pursuant to 28 U.S.C. § 1391(a)(2) or (3) and (b)(2) or (3) as a substantial part of the events giving rise to Defendant/Interpleader Plaintiff's claim has taken place in this district and Interpleader Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

8.      Defendant/Interpleader Plaintiff Graphic Paper is a wholesaler distributor of fine printing paper and converted products.

9.      Plaintiff/Interpleader Defendant Ekman is a supplier of various paper products. Throughout at least 2009 and 2010, Graphic Paper purchased paper products from Ekman.

10.     The amount of outstanding invoices for paper products purchased by Graphic Paper from Ekman is $1,905,885.33

11.     With regard to the paper products purchased in paragraph 10 above, the transactions were negotiated between Graphic Paper and an entity known as Paper Max, Inc. ("Paper Max"), however, at the request of Paper Max, all purchase orders were sent to Ekman by Graphic Paper and all invoices were sent by Ekman to Graphic Paper.

12.     Additionally, on the bill of lading for the paper products purchased in paragraph 10 above, Paper Max is listed as the "Notify Party/Intermediate Consignee."

13.     In August 2010, Graphic Paper was served with a subpoena and notice of restraint pursuant to CPLR § 5222(b) by Interpleader Defendant U.S. Bank (the "Restraining Notice") in the matter of U.S. Bank National Association v. APP International Finance, et al., Index No. 600405/04, pending in the Supreme Court of New York, County of New York.

14.     The Restraining Notice concerned the entry of a judgment dated March 5, 2005, by U.S. Bank against various defendants including APP International Finance Company B.V.; P.T. Lontar Papyrus Pulp & Paper Industry; Asia Pulp & Paper Company Ltd.; Indah Kiat International Finance Company B.V.; and P.T. Indah Kiat Pulp & Paper Corporation (collectively the "Judgment Debtors") that totaled approximately $851 Million.  A true and correct copy of the Restraining Notice is annexed as Exhibit A.

15.     The Restraining Notice listed 97 "affiliates" of the Judgment Debtors, including Paper Max.

16.     After receiving the Restraining Notice Graphic Paper duly notified Ekman of its concern that payments due to Ekman might be subject to the Restraining Notice.

17.     In an affidavit dated September 2, 2010 (the "Affidavit"), Ekman denied dealings with any of the Judgment Debtors, or with Asia Pulp & Paper (Canada); Global Paper Solutions, Inc.; and Gold East Paper (Jinangsu) Co. Ltd. in connection with orders for paper placed by Graphic Paper with Ekman.  A true and correct copy of the Affidavit is annexed hereto as Exhibit B.

18.     In the Affidavit, Ekman also stated that Paper Max "has forwarded to AB the orders Graphic Paper has placed for Paper.  AB does not pay Paper Max for these orders and Paper Max has no interest in the amounts due or to become due under the Invoices…"

19.     Upon receipt of the Affidavit, Graphic Paper contacted the Judgment Creditor, U.S. Bank, and attempted to obtain the Judgment Creditor's consent to the payment by Graphic Paper of the Ekman invoices.  However, despite the Affidavit, U.S. Bank stated that "[d]espite Mr. Tidebrant's affidavit, at this point in the proceedings, we cannot conclude that Ekman is not acting on behalf of the Judgment Debtors (nor does he state so in his affidavit)…I suggest that you consider the filing of an interpleader action…"

20.     Graphic Paper is concerned that either or both of Paper Max or Ekman may be an agent for one or more of the Judgment Debtors because Graphic Paper believes that the ultimate source of the product in issue is one or more of the Judgment Debtors.  Accordingly, as a result of the Restraining Notice, Graphic Paper has been prevented from making payment to Ekman for invoices outstanding.  However, at the same time, Ekman has filed suit against Graphic Paper demanding payment.  Thus, if Graphic Paper ignores the Restraining Notice and makes payment to Ekman, it may be subject to liability from U.S. Bank, and if complies with the Restraining Notice and doesn't make payment to Ekman, it may be subject to liability from Ekman.

21.     Accordingly, an interpleader action is the appropriate method to resolve the dispute and prevent Graphic Paper from being subject to multiple liabilities.

### COUNT I
### (Interpleader Pursuant to Fed. R. Civ. P. 22)

22.     Defendant/Interpleader Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 21 in the above Interpleader Complaint, as if fully set forth herein.

23.     Graphic Paper is in doubt as to which of the interpleader defendants is entitled to the money owed for the purchase of paper products referenced in paragraph 10 above, which

totals $1,905,885.33.  At present, a Restraining Notice prevents Graphic Paper from making payment to Ekman.

24.     A just and expeditious determination of the proper party owed the invoiced amount referenced in paragraph 10 above requires that the individual entities named as interpleader defendants in this action be ordered to interplead and litigate their claims.

25.     Without such a determination, Graphic Paper may be subject to multiple liabilities.

WHEREFORE, Graphic Paper respectfully requests that this honorable Court enter judgment in its favor on this Count and issue an order for the following relief:

(A)     Requiring the interpleader defendants to interplead their respective rights to the invoiced amount referenced in paragraph 10 above;

(B)     To temporarily and permanently restrain and enjoin each of the interpleader defendants, and their agents, attorneys, and assigns, from instituting, prosecuting, or continuing any action beyond this interpleader relative to payment of the invoices referenced in paragraph 10 above;

(C)     To discharge Graphic Paper from all liability related to the payment of invoices referenced in paragraph 10 above;

(D)     To grant Graphic Paper reasonable attorney fees and costs related to prosecuting this interpleader action; and

(E)     Such other and further relief as the nature of the cause and justice may require.

## COUNT II
### (Alternative Interpleader Pursuant to 28 U.S.C. § 1335)

26.     Defendant/Interpleader Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 21 in the above Interpleader Complaint, as if fully set forth herein.

27.     Graphic Paper is in doubt as to which of the interpleader defendants is entitled to the money owed for the purchase of paper products referenced in paragraph 10 above, which totals $1,905,885.33.  At present, a Restraining Notice prevents Graphic Paper from making payment to Ekman.

28.     A just and expeditious determination of the proper party owed the invoiced amount referenced in paragraph 10 above requires that the individual entities named as interpleader defendants in this action be ordered to interplead and litigate their claims.

29.     Without such a determination, Graphic Paper may be subject to multiple liabilities.

30.     Graphic Paper will be ready, willing, and able to deposit the invoiced amount referenced in paragraph 10 above, namely $1,905,885.33, into the Court's registry once all the interpleader defendants have been served, as notice to the parties is required prior to seeking leave to deposit the proceeds with the Court.  Graphic Paper will make the deposit upon issuance of an order granting it leave to do so.

WHEREFORE, Graphic Paper respectfully requests that this honorable Court enter judgment in its favor this Count and issue an order:

(A)     Requiring the interpleader defendants to interplead their respective rights to the invoiced sum referenced in paragraph 10 above;

(B)     Temporarily and permanently restraining and enjoining each of the interpleader defendants, and their agents, attorneys, and assigns, from instituting, prosecuting, or continuing

any action beyond this interpleader relative to payment of the invoices referenced in paragraph 10 above;

(C)     Discharging Graphic Paper from all liability related to the payment of such invoices referenced in paragraph 10 above;

(D)     Granting Graphic Paper reasonable attorney fees and costs related to filing and prosecuting this interpleader action; and

(E)     Such other and further relief as the nature of the cause and justice may require.

## COUNT III
### (New York CPLR § 5239)

31.     Defendant/Interpleader Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 21 in the above Interpleader Complaint, as if fully set forth herein.

32.     U.S. Bank has by issuing the Restraining Notice restrained and prevented Graphic Paper for making payment for certain paper products purchased from Ekman referenced in paragraph 10 above.

33.     A dispute exists between U.S. Bank, the judgment creditor in the matter of U.S. Bank National Association v. APP International Finance, et al., Index No. 600405/04, pending in the Supreme Court of New York, County of New York, and Ekman as to the "rights and in the property or debt" referenced in paragraph 10 above.

34.     As a result of such dispute, there exists adverse claims as to the property referenced in paragraph 10 above, that need to be resolved pursuant to CPLR § 5239.

WHEREFORE, Graphic Paper request that this honorable Court enter judgment in its favor on this Count and issue an order pursuant to CPLR § 5239:

(A)     Determining the rightful claimant for the property or debt referenced in paragraph

10 above, namely $1,905,885.33;

(B)     Discharging Graphic Paper from the Restraining Notice; and

(C)     Such other and further relief as the nature of the cause and justice may require.

Dated: Garden City, New York
        November 18, 2010

                                        Respectfully submitted,
                                        ETTELMAN & HOCHHEISER, P.C.


                                        By:_____/s/_____
                                               Gary Ettelman, Esq. (GE 9315)
                                        Attorneys for Graphic Paper, Inc.
                                        100 Quentin Roosevelt Blvd.
                                        Suite 401
                                        Garden City, New York 11530
                                        (516) 227-6300