UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
EKMAN & CO AB.,

                Case No. 10 CV 8110 (JGK)

      Plaintiff,


 –against –


GRAPHIC PAPER, INC.,


      Defendant.
---------------------------------------------------------------------x
GRAPHIC PAPER, INC.,

      Interpleader Plaintiff,


 -against-


EKMAN & CO AB., and
U.S. BANK NATIONAL ASSOCIATION,


      Interpleader Defendants.
---------------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF INTERPLEADER DEFENDANT'S
MOTION TO DISMISS INTERPLEADER PLAINTIFF'S COMPLAINT**

            DUANE MORRIS LLP
            Anthony J. Costantini
            1540 Broadway
            New York, NY 10036-4086

            Mairi V. Luce (admitted *pro hac vice*)
            DUANE MORRIS LLP
            30 South 17th Street
            Philadelphia, PA 19103

i

## TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES** ............................................................................................. iii

**PRELIMINARY STATEMENT** ......................................................................................... 1

**ARGUMENT** ...................................................................................................................... 4

    **This Court Should Dismiss The Interpleader Complaint Because The Facts Alleged By Graphic Are Not Suitable For Resolution Through An Interpleader Action** ................................................................................................ 4

        1.    Count Two: Graphic's Request for Interpleader Pursuant to 28 U.S.C. § 1335 ("Statutory Interpleader") Should Be Denied Because the Requirements for this Court's Subject-Matter Jurisdiction Over Actions for Statutory Interpleader Have Not Been Met. .......................................... 4

        2.    Count One: Graphic's Request for Interpleader Pursuant to Federal Rule of Civil Procedure 22 ("Rule Interpleader") Should Be Denied Because the Requirements for the Court's Subject-Matter Jurisdiction Over Actions for Rule Interpleader Have Not Been Met. ............................................... 10

        1.    Count Three: Graphic's Request For A Summary Proceeding Pursuant To N.Y. C.P.L.R. § 5239 Is Substantively Inapposite and Fails to State a Claim Upon Which Relief May Be Granted. ............................................ 12

# **TABLE OF AUTHORITIES**

**Cases**

*Bregman v. NBC Universal, Inc.*, Index No.: 111953/08, 2009 NY Slip Op 31180U, (N.Y. Sup. Ct. N.Y. County 2009). ................................................................................................... 9
*Dice v. Inwood Hills Condominium*, 237 A.D.2d 403, 404 (2d Dep't 1997). ............................... 9
*Doubet, LLC v. The Trustees of Columbia University*, 401544/07, 2009 NY Slip Op 52281U (N.Y. Sup. Ct. N.Y. County 2009)....................................................................................... 7
*In re College Point Industrial Park Urban Renewal Project II, Stage III*, 76 A.D.2d 349, 355 (2d Dep't 1980). .................................................................................................................... 9
*People v. Ventura*, 139 A.D.2d 196, 201 (1st Dep't 1988)............................................................ 9
*Pine Run Properties, Inc. v. Pine Run, Ltd.*, 90 Civ. 6289 (PKL), 1991 U.S. Dist. LEXIS 18686, at *22 (S.D.N.Y. December 26, 1991)................................................................................ 5
*Sotheby's Inc. v. Garcia*, 802 F. Supp. 1058, 1065 (S.D.N.Y. 1992). ......................................... 10
*Tri-Global Management Corp. v. Citibank*, 39 A.D.2d 627, 628 (2d Dep't 2007). ..................... 9
*Tri-Global Management Corp. v. Richardson*, 25 A.D.3d 600, 601 (2d Dep't 2006). ................ 9
*Washington Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993). .............................................................................................................................. 10, 11

**Statutes**

28 U.S.C. § 1335 (2010). ...................................................................................................... 3, 4, 5
N.Y. C.P.L.R. § 5201(a) (2010)..................................................................................................... 7
N.Y. C.P.L.R. § 5201(b) (2010) .................................................................................................... 7
N.Y. C.P.L.R. § 5222(b) (2010). ........................................................................................... passim
N.Y. C.P.L.R. § 5239 (2010). ........................................................................................... 3, 12, 13

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ...................................................................................... 1
Federal Rule of Civil Procedure 12(b)(6) ................................................................................ 1, 12
Federal Rule of Civil Procedure 22 .......................................................................................... 4, 11

**Treatises**

4 Moore's Federal Practice, § 22.03[1][c] (Matthew Bender 3d ed.).......................................... 11
57 NY Jur 2d, Estoppel, Ratification, and Waiver § 77. ............................................................... 9
Weinstein, Korn & Miller, New York Civil Practice: CPLR ¶ 5201.04 (David L. Ferstendig, ed., LexisNexis Matthew Bender) ........................................................................................... 8

Plaintiff – Interpleader Defendant Ekman & Co AB ("Ekman AB") respectfully submits this Memorandum of Law in support of its motion to dismiss the interpleader complaint of Defendant-Interpleader Plaintiff Graphic Paper, Inc. ("Graphic") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The primary reason is that no one has established that anyone has a claim adverse to Ekman AB.

## **PRELIMINARY STATEMENT**

Ekman AB is a Swedish entity that engages in many forms of international trading, including the paper products that are the subject of this litigation. (Ekman AB Compl. at ¶ 3,4). Ekman AB has been delivering paper products to Graphic Paper, Inc. ("Graphic"), a New York corporation in the course of a long-term business relationship. (Ekman AB Compl. at ¶ 4; Interpleader Compl. at ¶ 9). The deliveries are on terms that only require payment after the passage of ninety days. (Ekman AB Compl. at ¶ 5). Thus, at any one moment in time, Graphic will owe Ekman AB a considerable amount of money. Here, the amount owed is $1,905,885.33, plus accrued interest ("the Graphic Debt"). (Ekman AB Compl. at ¶ 6; Interpleader Compl. at ¶ 10).

The smoothness of relationship between Ekman AB and Graphic came to an abrupt halt on August 11, 2010, when Graphic stopped making payments on amounts due. (Ekman AB Compl. at ¶ 6). When Ekman AB asked why, Graphic pointed to a Restraining Notice that had been served on it by U.S. Bank National Association ("U.S. Bank"). (Ekman AB Compl. at ¶ 7; Interpleader Compl. at ¶ 13). Ekman AB was puzzled by this response, and asked to review the Restraining Notice.

1

The Restraining Order restrained Graphic from paying debts owed to five named judgment debtors ("the Judgment Debtors"), [1] none of which was Ekman AB or any company related to Ekman AB. (Ekman AB Compl., Ex. A). Further, Ekman AB had no dealings with any of these Judgment Debtors, and U.S. Bank had not specified the debt Graphic owed to Ekman AB as part of the restraint. (Ekman AB Compl., Ex. B; Ekman AB Compl., Ex. A). Pursuant to CPLR § 5222(b), the failure to so specify makes the Restraining Notice ineffective unless the third party (Graphic) owes the debt to one of the five Judgment Debtors listed in the Restraining Notice. N.Y. C.P.L.R. § 5222(b) (2010).

Obviously, Graphic does not owe such a debt. Further, Graphic's counsel was willing to confirm that he had no knowledge or belief that any of the Judgment Debtors had even an interest in the Graphic Debt. Nevertheless, he effectively inverted the question by asking how the Judgment Debtors' lack of an interest could be known for certain. (Ekman AB Compl. at ¶ 9). Although this issue was irrelevant to a § 5222(b) notice, Graphic's counsel asked for (and received) a sworn statement ("the Affidavit") from Ekman AB stating that no Judgment Debtor, or several of their affiliates that he specifically asked about, had an interest in the Graphic Debt. Indeed, Ekman AB swore that no other person had an interest in the Graphic Debt. (Ekman AB Compl., Ex. B; Ekman AB Compl. at ¶ 10; Interpleader Compl. at ¶ 17).

Despite the fact that there was clearly no basis for withholding the payments, Graphic's counsel still refused to make payment because U.S. Bank refused to "approve" the payment after

---

[1] The Judgment Debtors named in the Notice of Restraining Order are: (1) APP International Finance Company, B.V.; (2) P.T. Lontar, Papyrus Pulp & Paper Industry; (3) Asia Pulp & Paper Company Ltd.; (4) Indah Kiat International Finance Company B.V.; and (5) P.T. Indah Kiat Pulp & Paper Corporation. The Interpleader Complaint gives the impression that affiliates of the Judgment Debtors are included in the Restraining Notice (Interpleader Compl. at ¶ 19). They are not. The subpoena duces tecum served with the Restraining Notice lists a number of purported affiliates, but none of these purported affiliates are included in the Restraining Notice.

2

reading the Affidavit. (Ekman AB Compl. at ¶ 13; Interpleader Compl. at ¶ 19). U.S. Bank could have, and did not, make the necessary CPLR § 5222(b) specification, and therefore had already ceded whatever authority it had to approve or disapprove the payment. Thus, Graphic took responsibility itself for improperly withholding payment even when the Graphic Debt was not owed to a Judgment Debtor and there was admittedly no knowledge or belief on Graphic's part that any Judgment Debtor had an interest in the debt.[2] (Ekman AB Compl. at ¶ 13).

In addition to the non-payment of $1.9+ Million in accounts receivable and accrued interest, Ekman AB has been hurt in a number of different ways. $560,000 of paper previously ordered by Graphic is being resold, and Ekman AB may suffer losses on sales and attendant costs. Obviously, this whole charade has caused Ekman AB to suffer considerable other costs, including unnecessary attorney fees. (Ekman AB Compl. at ¶ 14).

Now faced with accountability for its irresponsible actions, Graphic scurries for protection under various interpleader theories. One, based on CPLR § 5239, is patently ridiculous since none of the pre-requisites of such an action are of application here, as shall be discussed further below.

Federal statutory interpleader, 28 U.S.C. § 1335, requires that there may be adverse claims and a deposit as conditions precedent to the court's subject-matter jurisdiction over the action. 28 U.S.C. § 1335 (2010). However, U.S. Bank has not made an adverse claim when it

---

[2] If U.S. Bank had made the specification, it would have been liable, under CPLR § 5222(b), "to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint." N.Y. C.P.L.R. § 5222(b) (2010). By withholding payment without specification by the judgment creditor, Graphic has assumed responsibility for any damages sustained by Ekman by reason of the restraint.

3

could have under CPLR § 5222(b), and Graphic has not deposited the full amount claimed by Ekman,

Similarly, there can be no Rule 22 interpleader unless there is an exposure to double liability. Fed. R. Civ. P. 22(a). As discussed further below, Graphic has no such exposure both because of U.S. Bank's failure to specify the Graphic Debt not being owed to a Judgment Debtor and its own admitted lack of knowledge or belief that any Judgment Debtor even had an interest in the Graphic Debt.

## ARGUMENT

### This Court Should Dismiss The Interpleader Complaint Because The Facts Alleged By Graphic Are Not Suitable For Resolution Through An Interpleader Action

1. Count Two: Graphic's Request for Interpleader Pursuant to 28 U.S.C. § 1335 ("Statutory Interpleader") Should Be Denied Because the Requirements for this Court's Subject-Matter Jurisdiction Over Actions for Statutory Interpleader Have Not Been Met.

This Court should dismiss this count for lack of subject-matter jurisdiction under FRCP 12(b)(1) and deny Graphic's request for interpleader pursuant to 28 U.S.C. § 1335 ("statutory interpleader") because the statutory requirements for this Court's subject-matter jurisdiction over actions for statutory interpleader have not been met. Subject-matter jurisdiction under Section 1335 requires that

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>
> > (1) <u>Two or more adverse claimants</u>, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of

4

>the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if
>
>(2) <u>the plaintiff has deposited such money or property</u> or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335 (2010) (emphasis added).

Until Graphic has deposited all the property within its possession that is claimed by the interpleader-defendant claimants,[3] this Court will lack subject matter jurisdiction over Ekman's request for statutory interpleader. *Pine Run Properties, Inc. v. Pine Run, Ltd.*, 90 Civ. 6289 (PKL), 1991 U.S. Dist. LEXIS 18686, at *22 (S.D.N.Y. December 26, 1991) ("A district court lacks subject matter jurisdiction over a statutory interpleader action if the plaintiff-stakeholder does not deposit all the property within its possession that is claimed by the defendant-claimants. *Metal Transport Corp. v. Pacific Venture Steamship Corp.*, 288 F.2d 363, 365 (2d Cir. 1961)"). "When the plaintiff-stakeholder fails to deposit all the money or property within its possession that is claimed by the defendant-claimants, it is appropriate for the district court to dismiss the action for lack of subject matter jurisdiction." *Pine Run*, 1991 U.S. Dist. LEXIS 18686, at *23 (citation omitted).

More importantly, Graphic has made no good-faith allegations regarding any claimants adverse to Ekman AB; that is, demonstrating that any party other than Ekman AB claims the money at issue. The Interpleader Complaint asserts only that "Graphic Paper was served with a

---

[3] Ekman AB's claim is for $1,905,885.33, plus accrued interest dating from October 2, 2010. Although this Court has now ordered that a deposit of principal be made, the condition precedent has not been met.

5

subpoena and notice of restraint pursuant to CPLR § 5222(b) by Interpleader Defendant U.S. Bank." (Int. Compl. 13). The Restraining Notice states, in relevant part, that Graphic is

> FORBIDDEN to make or suffer any sale, assignment, or transfer of, or interfere with, any property of the Judgment Debtors or pay over or otherwise dispose of any debt owed to Judgment Debtors, except as therein provided;
>
> TAKE FURTHER NOTICE, that this notice also covers all property in which the Judgment Debtors have an interest hereafter coming into your possession or custody and all debts hereafter coming due from you to the Judgment Debtors.

(Ekman AB Compl., Ex. A). While Ekman's claim to the Graphic Debt is well-documented, (Ekman AB Compl. at ¶ 16; Interpleader Compl. at ¶ 10), U.S. Bank has made no adverse claim to the Graphic Debt.  We address the three situations in which an adverse claim by U.S. Bank might have arisen and indicate why each situation does not exist here.

### a. Owing a Debt

Under CPLR § 5222(b),

> A restraining notice served upon a person other than the judgment debtor or obligor <u>is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor</u> or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. (emphasis added).

**There has been no allegation that Graphic owes a debt to the Judgment Debtors.** (Ekman Compl., Interpleader Compl.).

Even if there were a chain traceable from Ekman to Paper Max to one of the Judgment Debtors, U.S. Bank would

> not [be] seeking to restrain money owed directly to the judgment debtor, but rather money owed to one who in turn is allegedly indebted to the judgment debtor. It is eminently clear that CPLR 5222 does not encompass this step, nor has any case been cited or discovered which would so allow. ( *Smith v Amherst Acres*, 43 AD2d 792.)"

6

*Save Way Oil Co., Inc., v. 284 Eastern Parkway Corp.*, 115 Misc. 2d 141, 142 (N.Y. Civ. Ct. 1982) (emphasis in original). Therefore, there is no adverse claim on the basis of a debt owed to the Judgment Debtors.

### b. Knowledge or Reason to Believe the Judgment Debtor Has an Interest in Property

Under CPLR § 5222(b),

> A restraining notice served upon a person other than the judgment debtor or obligor <u>is effective only if</u>, at the time of service, he or she owes a debt to the judgment debtor or obligor or <u>he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest</u>, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. (emphasis added).

The statute is specific in its use of "property" in this provision, rather than "debt." CPLR § 5201(a), in relevant part, defines "Debt against which a money judgment may be enforced" as "any debt, which is past due or which is yet to become due, certainly or upon demand of the judgment debtor…" N.Y. C.P.L.R. § 5201(a) (2010). By contrast, CPLR §5201(b) defines "Property against which a money judgment may be enforced" as contingent in nature, describing it, in relevant part, as "any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested…" N.Y. C.P.L.R. § 5201(b) (2010) .

Because the Graphic Debt is without question past due to Ekman, the Graphic Debt should be classified as a debt rather than as property for purposes of CPLR 5222(b). See N.Y. C.P.L.R. 5201(a) (2010); *see, e.g., Doubet, LLC v. The Trustees of Columbia University*, 401544/07, 2009 NY Slip Op 52281U, at *2 (N.Y. Sup. Ct. N.Y. County 2009) (holding that if a debt were past due, it could be considered a debt under CPLR 5201(a)); Weinstein, Korn &

7

Miller, New York Civil Practice: CPLR ¶ 5201.04 (David L. Ferstendig, ed., LexisNexis Matthew Bender) ("[A]n obligation to pay for services actually and completely performed qualifies under the certainty requirement [to qualify as a debt pursuant to CPLR 5201(a)], as does earnings or a general obligation which has matured.") (citations omitted). Therefore, the "property" clause cannot be invoked.

However, even if the Graphic Debt were to be classified as property under CPLR § 5201(b), Graphic has admitted that it has no knowledge or belief that any Judgment Debtor has an interest in the Graphic Debt. (Ekman AB Compl. at ¶ 9). Not surprisingly, there is no allegation that Graphic believes or has reason to believe any Judgment Debtor has an interest in the debt.[4] Therefore, there is no adverse claim on the basis of Graphic's possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest.

      **c.**    **Specification**

U.S. Bank had the opportunity to specify the Graphic Debt as part of its Restraining Notice (Ekman AB Compl., Ex. A), and declined to do so. Under CPLR § 5222(b),

> A restraining notice served upon a person other than the judgment debtor or obligor <u>is effective only</u> if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or <u>if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served</u>. (emphasis added).

---

[4] Graphic does make mention of Paper Max, Inc., which is listed as an affiliate of the Judgment Debtors on the subpoena; Paper Max is not, however, listed on the Restraining Notice. Further, there is no allegation that Paper Max has an interest in the Graphic Debt, and Ekman AB has specifically denied that it does. (Ekman AB Compl., Ex. B). In fact, Ekman AB has verified that no one, other than itself, has an interest in the Graphic Debt.

8

As we have discussed, there is no indication that the Graphic Debt is actually owed to a Judgment Debtor, and all the evidence before the Court suggests otherwise. Thus, the restraint is not effective unless the judgment creditor specifies the debt. *See, e.g., Tri-Global Management Corp. v. Citibank*, 39 A.D.2d 627, 628 (2d Dep't 2007); *Tri-Global Management Corp. v. Richardson*, 25 A.D.3d 600, 601 (2d Dep't 2006); *Bregman v. NBC Universal, Inc.*, Index No.: 111953/08, 2009 NY Slip Op 31180U, (N.Y. Sup. Ct. N.Y. County 2009).

In choosing not to specify the Graphic Debt in the Restraining Notice, U.S. Bank has waived its right to apply the Restraining Order against the Graphic Debt. "Waiver has been invoked on countless occasions and in many and varied phases of the law." *In re College Point Industrial Park Urban Renewal Project II, Stage III*, 76 A.D.2d 349, 355 (2d Dep't 1980); *See also* 57 NY Jur 2d, Estoppel, Ratification, and Waiver § 77 ("Waiver is a doctrine of general application, confined to no particular class of cases"). "Generally, all rights to which a person is legally entitled are waivable 'whether secured to him by contract, conferred upon him by statute or guaranteed him by the Constitution'." *People v. Ventura*, 139 A.D.2d 196, 201 (1st Dep't 1988) (citation omitted).

"Waiver 'may be accomplished by express agreement or by such conduct or failure to act as to evince an intent not to claim the purported advantage.'" *Dice v. Inwood Hills Condominium*, 237 A.D.2d 403, 404 (2d Dep't 1997) (citations omitted). While it is true that "[a] waiver is 'the intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it,'" and that "a waiver must be clear, unmistakable and without ambiguity," U.S. Bank's decision not to specify the Graphic Debt in the Restraining Notice despite its assertion that "we cannot conclude that Ekman is not acting on behalf of the Judgment Debtors…" (Interpleader Compl. at ¶ 19), in its efforts to enforce a judgment rendered in 2005,

9

(Ekman AB Compl., Ex. A), appears to be a knowing and intentional relinquishment – made clearly, unmistakably, and without ambiguity - of any rights it might have in the Graphic Debt. U.S. Bank's indecision, undoubtedly caused by its fear of bearing responsibility for ensuing damages, has become a decision.

Despite the absence of the specification and Graphic's lack of knowledge or belief regarding the interest of any Judgment Debtor in the debt, Graphic has turned U.S. Bank's toothless suggestion — "I suggest that you consider the filing of an interpleader action…" (Interpleader Compl. at ¶ 19) — into a boogeyman.  Even though the "mere threat of future litigation" is sometimes said to be a basis for interpleader, *Sotheby's Inc. v. Garcia*, 802 F. Supp. 1058, 1065 (S.D.N.Y. 1992), Graphic must still demonstrate "a good faith concern," *id.*, and "a real and reasonable fear of double liability or vexatious, conflicting claims . . . ." *Washington Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993).  U.S. Bank's failure to specify the Graphic Debt as part of the Restraining Notice (Ekman AB Compl., Ex. A) relieves Graphic of any concern it might otherwise have. Accordingly, this Court should dismiss Graphic's request for a statutory interpleader proceeding for lack of subject-matter jurisdiction.

> 2. Count One: Graphic's Request for Interpleader Pursuant to Federal Rule of Civil Procedure 22 ("Rule Interpleader") Should Be Denied Because the Requirements for the Court's Subject-Matter Jurisdiction Over Actions for Rule Interpleader Have Not Been Met.

This Court should dismiss this count for lack of subject-matter jurisdiction under FRCP 12(b)(1) and deny Graphic's request for interpleader pursuant to Federal Rule of Civil Procedure 22 ("rule interpleader") because the requirements for the Court's subject-matter jurisdiction over actions for rule interpleader have not been met. Subject-matter jurisdiction under Rule 22 requires the existence of "[p]ersons with claims that may expose a plaintiff [ or counterclaiming

defendant] to double or multiple liability." Fed. R. Civ. P. 22. "The decision regarding the stakeholder's concern about multiple vexation is often closely related to the requirement that the claims against the fund be adverse." 4 Moore's Federal Practice, § 22.03[1][c] (Matthew Bender 3d ed.). Therefore, we repeat in substantial part our argument *supra* as we state that Graphic has made no good-faith allegations regarding double liability; that is, demonstrating that Graphic will face liability for the stake beyond the instant action instituted by Ekman AB.

As we have asserted *supra*, U.S. Bank has made no claim to the Graphic Debt, there has been no allegation that Graphic owes a debt to the Judgment Debtors, and Graphic has admitted that it has no knowledge or belief that any Judgment Debtor has an interest in the Graphic Debt (which, in any event, is not property). U.S. Bank had the opportunity to specify the Graphic Debt as part of its Restraining Notice and declined to do so, and in doing so has waived its right to specify the Graphic Debt.

Further, there is no allegation by Graphic that Graphic believes or has reason to believe that a judgment debtor has an interest in the debt. While Graphic remains free to tremble at U.S. Bank's fictions, it owes the Court the duty to demonstrate "a good faith concern," *Sotheby's Inc.*, 802 F. Supp. at 1065 (citations omitted), and "a real and reasonable fear of double liability or vexatious, conflicting claims . . . ." *Washington Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993). U.S. Bank's failure to specify the Graphic Debt as part of the Restraining Notice (Ekman AB Compl., Ex. A) and instead manipulate Graphic through coy statements in place of legal action (Interpleader Compl. at ¶ 19) provide evidence of the weakness of Graphic's concerns and fears of double liability and strong support for our respectful request that this Court dismiss Graphic's request for a rule interpleader proceeding for lack of subject-matter jurisdiction.

11

   1. Count Three: Graphic's Request For A Summary Proceeding Pursuant To N.Y. C.P.L.R. § 5239 Is Substantively Inapposite and Fails to State a Claim Upon Which Relief May Be Granted.

     a. The Facts of This Case Are Not Appropriate for Resolution by a Special Proceeding Pursuant to N.Y. C.P.L.R. § 5239.

This Court should find that the facts of this case are not appropriate for resolution by a special proceeding pursuant to N.Y. C.P.L.R. § 5239 and dismiss this count pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Graphic has requested that this Court commence a special proceeding pursuant to CPLR § 5239 ("§ 5239" or "Section 5239") to determine "the rightful claimant for the property or debt referenced in paragraph 10 [of the Interpleader Complaint]" and to "discharg[e] Graphic Paper from the Restraining Notice." (Interpleader Compl. ¶ 34). However, Section 5239 states that

> <u>Prior to the application of property or debt by a sheriff or receiver to the satisfaction of a judgment</u>, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or debt. Service of process in such a proceeding shall be made by service of a notice of petition upon the respondent, the sheriff or receiver, and such other person as the court directs, in the same manner as a notice of motion. The proceeding may be commenced in the county where the property was levied upon, or in a court or county specified in subdivision (a) of section 5221. The court may vacate the execution or order, void the levy, direct the disposition of the property or debt, or direct that damages be awarded. Where there appear to be disputed questions of fact, the court shall order a separate trial, indicating the person who shall have possession of the property pending a decision and the undertaking, if any, which such person shall give. If the court determines that any claim asserted was fraudulent, it may require the claimant to pay to any party adversely affected thereby the reasonable expenses incurred by such party in the proceeding, including reasonable attorneys' fees, and any other damages suffered by reason of the claim. The court may permit any interested person to intervene in the proceeding. (emphasis added).

Graphic, however, has not alleged any of the conditions precedent required for a special proceeding under Section 5239. While the statutory provision refers to the "application of property or debt by a sheriff or receiver to the satisfaction of a judgment," N.Y. C.P.L.R. § 5239 (2010), Graphic admits that it, that is, Graphic, has failed to make payment to Ekman AB for

12

invoices outstanding. (Interpleader Compl. at ¶ 10, 20). Graphic has not alleged or identified any specific property levied upon or attached by a sheriff or receiver, and there is no indication that Graphic has taken on the duties of sheriff or receiver in addition to its avowed self-characterization as "a wholesaler distributor of fine printing paper and converted products." (Interpleader Compl. at ¶ 8). Because the facts of this case do not satisfy the requirements of Section 5239, that provision has no application to this action. Therefore, Graphic's request that this court commence a special proceeding pursuant to N.Y. C.P.L.R. § 5239 should be dismissed.

## Conclusion

For all the foregoing reasons, Graphic's requests for statutory interpleader, rule interpleader, and a Section 5239 special proceeding should be dismissed in their entirety.

Dated: New York, New York
       December 10, 2010

Respectfully submitted,
DUANE MORRIS LLP

By:  s/ Anthony J. Costantini
    Anthony J. Costantini
    AJCostantini@duanemorris.com
1540 Broadway
New York, New York 10036
(212) 692 – 1000 (tel)
(212) 692 – 1020 (fax)

    Mairi V. Luce (admitted *pro hac vice*)
    Luce@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979 – 1000 (tel)
(215) 979 – 1020 (fax)

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 10, 2010, he caused a copy of the foregoing **Motion to Dismiss** to be electronically filed with the Clerk of the Court, using the Court's CM/ECF system, which will send electronic notification of the filing to the below CM/ECF participants.  Parties may access this filing through the Court's system.

Gary Ettelman
Ettelman & Hochheiser, P.C.
100 Quentin Roosevelt Blvd.
Suite 401
Garden City, NY  11530

Jessica Taran
Wilk Auslander LLP
675 Third Avenue
New York, NY 10017

                                                      s/ Anthony J. Costantini
                                                        Anthony J. Costantini