UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EKMAN & CO. AB.,                                    ECF Case

                Plaintiff,         Case No. 10 CV 8110 (JGK)

   -against -

GRAPHIC PAPER, INC.,

                Defendants.
------------------------------------------------------------x
GRAPHIC PAPER, INC.,

                Interpleader Plaintiff,

   -against -

EKMAN & CO. AB. and
U.S. BANK NATIONAL ASSOCIATION,

                Interpleader Defendants.
------------------------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO
INTERPLEADER DEFENDANT'S MOTION TO DISMISS
INTERPLEADER PLAINTIFF'S COMPLAINT**

                            WILK AUSLANDER LLP
                            Jay S. Auslander
                            Jessica Taran
                            675 Third Avenue, 9th Floor
                            New York, New York 10017
                            (212) 421-2233

                            *Attorneys for Interpleader
                            Defendant/Counter/Crossclaim Plaintiff
                            U.S. Bank National Association*

# **TABLE OF CONTENTS**

Page

**PRELIMINARY STATEMENT** ............................................................................................. 2

**ARGUMENT** .............................................................................................................................. 5

    **I.**    **U.S. BANK HAS STANDING TO OPPOSE EKMAN'S MOTION TO DISMISS THE INTERPLEADER COMPLAINT** ............................................. 5

    **II.**    **THIS COURT SHOULD DENY EKMAN'S MOTION TO DISMISS BECAUSE THE FACTS IN THIS CASE ARE APPROPRIATE FOR RESOLUTION THROUGH AN INTERPLEADER ACTION** ........................ 5

        A.    The Requirements for Statutory Interpleader Pursuant to 28 U.S.C. § 1335 Have Been Met .............................................................................. 6

            1.    The Funds Constitute a Debt to Judgment Debtors ......................... 8

            2.    Ekman's Distinction between "Debt" and "Property" Is Irrelevant 10

            3.    C.P.L.R. § 5222 does not Require U.S. Bank to Specify the Debt Graphic Paper Owed to Ekman ..................................................... 11

            4.    The Threat of Multiple Litigation against Graphic Paper Warrants this Interpleader Action ................................................................. 12

        B.    The Requirements for Rule Interpleader Pursuant to Federal Rule of Civil Procedure 22 Have Been Met ................................................................. 13

        C.    This Court May Determine the Rights of the Adverse Claimants to The Funds ..................................................................................................... 14

**CONCLUSION** ....................................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ABKCO Indus. v. Apple Films,*
   39 N.Y.2d 670, 385 N.Y.S.2d 511, 350 N.E.2d 899 (1976) ...................................................... 10

*County Bank v. Inter. County Farmers Co-op Ass'n,*
   65 Misc. 2d 446, 317 N.Y.S.2d 790 (N.Y. Sup. Ct. Sullivan Cty. 1970) ................................. 14

*Digitrex v. Johnson,*
   491 F. Supp. 66 (S.D.NY. 1980) ............................................................................................. 11

*Flast v. Cohen,*
   392 U.S. 83, 88 S. Ct. 1942, 20 L.Ed.2d 947 (1968) ................................................................. 5

*Frycek v. Corning,*
   171 Misc.2d 220, 654 N.Y.S.2d 264 (N.Y. Sup. Ct. N.Y. County 2009 ..................................... 5

*Gallant v. Kanterman,*
   198 A.D.2d 76, 603 N.Y.S.2d 315 (1st Dep't 1993) .................................................................. 9

*Hotel 71 Mezz Lender LLC. v. Falor,*
   14 N.Y.3d 303, 926 N.E.2d 1202 (2010) .................................................................................. 10

*Plaza Hotel Assoc. v. Wellington Assoc.,*
   84 Misc.2d 777, 378 N.Y.S.2d 859 (N.Y. Sup. Ct. N.Y. County 1975) ................................... 11

*Save Way Oil Co., Inc. v. 284 Eastern Parkway Corp.,*
   115 Misc. 2d 141 (N.Y. Civ. Ct. 1982) ...................................................................................... 9

*Sotheby's Inc. v. Garcia,*
   802 F. Supp. 1064 (S.D.N.Y. 1992) ............................................................................... 8, 10, 12

*State Farm Fire & Casualty v. Tashire,*
   386 US 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967) ............................................................. 5, 13

*Washington Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C.,*
   985 F.2d 677 (2d Cir. 1993) ........................................................................................................ 5

*Weininger v. Castro,* 462 F. Supp.2d 457, 500 (S.D.N.Y. 2006) .................................................. 6, 14

**Rules, Statutes & Other References**

28 U.S.C. § 1332(a) ............................................................................................................................ 7

28 U.S.C. § 1335 ........................................................................................................................ 6, 7, 8

4 Moore's Federal Practice, § 22.02[1] ........................................................................................ 6, 13

C.P.L.R. § 5239 ................................................................................................................................ 14

C.P.L.R. § 5201 .................................................................................................................................. 9

C.P.L.R. § 5201(b) ........................................................................................................................... 10

C.P.L.R. § 5222 ..................................................................................................................... 2, 10, 11

C.P.L.R. § 5225 ................................................................................................................................ 14

# TABLE OF AUTHORITIES

|  | Page(s) |
|---|---|
| C.P.L.R. § 5227 | 14 |
| C.P.L.R. § 5239 | 14 |
| Fed. R. Civ. P. 14 | 5 |
| Fed. R. Civ. P. 22 | 6, 13, 14 |
| Weinstein, Korn, & Miller, New York Civil Practice: CPLR ¶ 5201.01 | 10 |

## PRELIMINARY STATEMENT

Interpleader defendant/counter/cross-claim plaintiff U.S. Bank National Association ("U.S. Bank") respectfully submits this memorandum of law in opposition to interpleader defendant/cross-claim defendant Ekman & Co AB's ("Ekman") motion to dismiss the interpleader complaint of interpleader plaintiff/counter-claim defendant Graphic Paper, Inc. ("Graphic Paper"). As we show below, contrary to Ekman's baseless arguments, the issues presented by Graphic Paper's interpleader action are a textbook basis for interpleader action: Graphic Paper, a stakeholder, faces duplicitous litigation by two adverse claimants.

As a practical matter, U.S. Bank opposes Ekman's motion to dismiss the interpleader complaint -- a complaint U.S. Bank did not file -- because if the interpleader action is dismissed, and the underlying action between Ekman and Graphic Paper proceeds, U.S. Bank will have no choice but to intervene in that action in order to assert its claim to the funds at issue. Its interest in the interpleader complaint is thus not merely academic: dismissal of the interpleader complaint would result in a judicially wasteful exercise by U.S. Bank of having to intervene in an action essentially the same as this one, where it is already a named party. Accordingly, and for the reasons set forth below, the Court should deny Ekman's motion to dismiss.

**Background**

This action arises out of a *subpoena duces tecum* and a restraining notice served upon Graphic Paper pursuant to C.P.L.R. § 5222(b), on or about August 5, 2010, by U.S. Bank (the "Restraining Notice"). The Restraining Notice restrained Graphic Paper from transferring or disposing any debt owed to judgment debtors[1] or their agents, in this case Ekman. The

---

[1] (i) APP International Finance Company, B.V. ("APP Int'l"); (ii) P.T. Lontar Papyrus Pulp & Paper Industry ("PT Lontar"); (iii) Asia Pulp & Paper Company Ltd. ("APP") (iv) Indah Kiat International Finance Company B.V. ("Indah Kiat"); and (v) P.T. Indah Kiat Pulp & Paper Corporation ("PTIK") (together, APP Int'l, PT Lontar, APP, Indah Kiat and PTIK are "Judgment Debtors").

455017 2

Restraining Notice was served upon Graphic Paper in an effort by U.S. Bank to enforce a judgment that was entered in its favor in an action entitled *U.S. Bank National Association v. APP International Finance Co., B.V., et al.*, (Index No. 600405/04), pending in the Supreme Court of New York, County of New York. The judgment was entered on March 10, 2005, against Judgment Debtors jointly and severally in an amount now exceeding $1.2 billion (the "Judgment"). For years Judgment Debtors have evaded satisfaction of the Judgment and to date, the entire Judgment amount remains due and unpaid.

By way of background, Judgment Debtors are part of a multibillion-dollar worldwide conglomerate that is one of the largest pulp and paper producers in the world. In the mid-1990's, Judgment Debtors defaulted on their financial obligations under certain indentures in what was, at the time, the largest corporate bond default in emerging markets history. That default resulted in a number of judgments against Judgment Debtors, including the Judgment, which U.S. Bank seeks to enforce, in part, by the Restraining Notice.

Judgment Debtors are based in Indonesia and as set forth above, are in the business of manufacturing pulp paper products sold worldwide. According to the website of APP, Judgment Debtors' parent company, Judgment Debtors' paper products are sold in the United States through its agent Paper Max, Inc. ("Paper Max").[2] Graphic Paper is a wholesale distributor of paper products and purchases its paper products from Judgment Debtors through a series of convoluted negotiations orchestrated by Ekman and Paper Max, both entities acting as agents of Judgment Debtors in the United States. (Amended Interpleader Complaint (the "AIC") ¶¶ 8 - 12). The paper products purchased by Graphic Paper from Judgment Debtors are invoiced by and paid through Ekman. (AIC ¶ 11 - 12).

---

[2] *See* http://www.asiapulppaper.com, Contact Us/Global Network/United States.

455017         3

In response to U.S. Bank's service of the Restraining Notice, Graphic Paper advised U.S. Bank that it owed Ekman $1,905,885.33 (the "Funds"), and inquired whether it was permitted to pay the debt owed to Ekman. In or about September 2010, U.S. Bank explained that it could not provide Graphic Paper with legal advice, but to the extent that the Funds were actually due to Judgment Debtors and Graphic Paper paid them to Ekman, Graphic Paper would be in violation of the Restraining Notice. (Affirmation of Jessica Taran in Opposition to Interpleader Defendant's Motion to Dismiss Interpleader Plaintiff's Complaint ¶ 7.)

In complying with the Restraining Notice, Graphic Paper chose to withhold payment allegedly due to Ekman, which in turn resulted in Ekman initiating an action against Graphic Paper on or about October 25, 2010, before this Court, for payment of the Funds. In response to the action initiated by Ekman, on or about November 18, 2010, Graphic Paper filed an "Answer and Interpleader Complaint," and a "Summons on a Third Party Complaint," interpleading U.S. Bank as a third party defendant. On or about December 7, 2010, Graphic Paper filed an Amended Answer and Interpleader Complaint. On or about December 10, 2010, Ekman moved to dismiss the AIC. On or about January 10, 2011, U.S. Bank concurrently with this opposition files an Answer, Counterclaim (against Graphic Paper) and Crossclaim (against Ekman), responding to the Interpleader Complaint and seeking a declaratory judgment against both Graphic Paper and Ekman.

For the reasons set forth below, interpleader is an appropriate remedy to resolve this action and Ekman's motion to dismiss should therefore be denied. U.S. Bank establishes that there (i) is a single stake -- the Funds -- subject to adverse claims of two diverse claimants -- U.S. Bank and Ekman -- and (ii) the stakeholder -- Graphic Paper -- may be subject to multiple litigation if this matter is not resolved as an interpleader action. Accordingly, Ekman's motion

455017                                   4

should be denied and this Court should adjudicate the adverse claims asserted by U.S. Bank and Ekman.

## ARGUMENT

### I. U.S. BANK HAS STANDING TO OPPOSE EKMAN'S MOTION TO DISMISS THE INTERPLEADER COMPLAINT

At the heart of the issue of standing is whether the party seeking relief has a "personal stake in the outcome of the controversy as to assure concrete adverseness." See generally, *Flast v. Cohen*, 392 U.S. 83, 99, 88 S. Ct. 1942, 1952, 20 L.Ed.2d 947 (1968). Moreover, Fed. R. Civ. P. 14 governs third party practice, and provides third-party defendants and third party plaintiffs the mechanism to move and to assert claims and defenses against adverse parties in an action in which a third party was joined or interpleaded.

U.S. Bank has a distinct and well articulated stake in the outcome of this controversy, namely recovering the Funds in at least partial satisfaction of the Judgment. U.S. Bank opposes Ekman's motion to dismiss (i) as an interpleader defendant aligned with the original defendant, Graphic Paper, in the first party action and (ii) as a cross-claim plaintiff with a pending cross and counterclaim in the interpleader action that Ekman seeks to dismiss. *Frycek v. Corning*, 171 Misc.2d 220, 225, 654 N.Y.S.2d 264 (N.Y. Sup. Ct. N.Y. County 2009)) (third party defendant had standing to oppose motion for summary judgment where it stood in the shoes of the defendants in the first party action). Accordingly, U.S. Bank has established standing to oppose the motion to dismiss.

### II. THIS COURT SHOULD DENY EKMAN'S MOTION TO DISMISS BECAUSE THE FACTS IN THIS CASE ARE APPROPRIATE FOR RESOLUTION THROUGH AN INTERPLEADER ACTION

Interpleader proceedings are rooted in equity, are remedial, and are to be liberally construed. *State Farm Fire & Casualty v. Tashire*, 386 US 523, 533, 87 S.Ct. 1199, 1205, 18

455017

5

L.Ed.2d 270 (1967); see also *Washington Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677 (2d Cir. 1993). Interpleader is a procedural device used to resolve conflicting claims to money or property. It enables an entity in possession of a tangible res or fund of money ("the stakeholder") to join in a single suit two or more "claimants" asserting mutually exclusive claims to the stake. 4 Moore's Federal Practice, § 22.02[1] (Matthew Bender 3d ed.). "Rooted in equity, interpleader is a handy tool to protect a stakeholder from multiple liability and the vexation of defending multiple claims to the same fund or single stake." *Weininger v. Castro*, 462 F. Supp.2d 457, 500 (S.D.N.Y. 2006).

Federal procedure provides for two types of interpleader, "statutory" interpleader and "rule" interpleader. "Statutory" interpleader is based on the Federal Interpleader Act, 28 U.S.C. § 1335 and "rule" interpleader is based on Fed. R. Civ. P. 22. Both types of interpleader perform the same function with respect to protecting a stakeholder and adjudicating adverse claims to the stake. The details of each are described more fully below. Interpleader litigation usually proceeds in two stages. The first stage is determining whether interpleader is an appropriate relief and the second stage is adjudicating the adverse claims. *Weininger*, 462 F.Supp.2d 457, at 500.

As we show below, U.S. Bank demonstrates that this action meets the requirements of both "statutory" and "rule" interpleader.

### A. The Requirements for Statutory Interpleader Pursuant to 28 U.S.C. § 1335 Have Been Met

In relevant part, 28 U.S.C. § 1335 provides as follows:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance or other instrument of value or amount of $500 or

more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

(i) two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of such obligation, and if

(ii) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court . . .

First, the Funds in this action are conceded by all parties to be $1,905,885.33. This amount satisfies the threshold requirement of the statute that the value of the money or property in dispute exceeds $500.00. Second, Graphic Paper is a New York citizen, Ekman is a Swedish citizen and U.S. Bank is a Minnesota citizen, satisfying the requirement that the parties be diverse. (AIC ¶¶ 2 - 4). And, lastly, Ekman and U.S. Bank assert rights to the Funds. U.S. Bank's adverse claim is premised on the Judgment it seeks to enforce by virtue of the Restraining Notice served on Graphic Paper. Ekman's adverse claim is premised upon the outstanding invoices that it alleges are due and owing in the amount of $1,905,885.33 from Graphic Paper. (AIC ¶ 10).

Accordingly, given that (i) the amount in controversy meets the threshold requirement; (ii) the parties are of diverse citizenship as defined by 28 U.S.C. § 1332(a); and (iii) at least two parties claim a right to the entirety of the amount in controversy, the requirements of the first subsection of the statute are met.

With respect to the second subsection of the statute, pursuant to an order of this Court, on December 9, 2010, Graphic Paper deposited the Funds into the registry of this Court. Thus, the deposit requirement of 28 U.S.C. § 1335 has also been met. Accordingly, this Court has subject

455017                                            7

matter jurisdiction over this matter pursuant to statutory interpleader 28 U.S.C. § 1335 and may resolve this matter as an interpleader action.

As we show below, Ekman's argument that statutory interpleader is not an appropriate remedy in this action fails at every step. First, contrary to their baseless arguments, Graphic Paper owes a debt to Judgment Debtors. Second, Graphic Paper has reason to believe that Judgment Debtors have an interest in the debt. Third, there is no requirement that U.S. Bank specify the debt Graphic Paper owes Judgment Debtors in the Restraining Notice in order to effectuate it. Finally, given that there is a clear threat to Graphic Paper of duplicitous litigation, this is a classic scenario of a statutory interpleader and thus warrants the Court's adjudication pursuant to 28 U.S.C. § 1335.

### 1. The Funds Constitute a Debt to Judgment Debtors

Ekman's primary argument against this interpleader action is the validity of the Restraining Notice. Ekman claims that Graphic Paper does not owe a debt to Judgment Debtors, and that neither Graphic Paper nor U.S. Bank has made good faith allegations demonstrating that any party other than Ekman has claims to the Funds. (Memorandum of Law in Support of Ekman's Motion to Dismiss, p. 5-6 ("MTD")).

This argument fails for two reasons: First, the merit of an adverse claim is not a proper consideration on a motion to dismiss an interpleader action. *Sotheby's Inc. v. Garcia*, 802 F. Supp. 1064, 1065 (S.D.N.Y. 1992) ("the availability of the interpleader remedy, [ ], is not dependent on the merits of the claims asserted against the stakeholder"). Second, assuming *arguendo* that the merit of U.S. Bank's claim to the Funds was a proper consideration at this stage of the proceedings, Ekman's claim that there is no allegation that Graphic Paper owes a debt to Judgment Debtors is untrue on its face. In fact, Graphic Paper outlines, in substantial

455017

8

detail, the grounds upon which it believes that it may owe a debt to Judgment Debtors. (*See* AIC ¶¶ 10-16, 20).

Moreover, the case cited by Ekman, *Save Way Oil Co., Inc. v. 284 Eastern Parkway Corp.*, 115 Misc. 2d 141, 142 (N.Y. Civ. Ct. 1982), to support its proposition that the Funds are not subject to the Restraining Notice is inapposite. In *Save Way Oil*, the judgment creditor sought to restrain a third party indebted to another third party that was in turn indebted to the judgment debtor. In contrast, here, the debt restrained by the Restraining Notice is a debt due from Graphic Paper to an entity, which, upon information and belief, is acting as an agent of Judgment Debtors, Ekman. Accordingly, that debt is appropriately subject to the Restraining Notice.

Ironically, Ekman's arguments seeking to invalidate the effect of the Restraining Notice on the Funds only serve to highlight the need for the interpleader proceeding -- to determine which adverse claimant has the prevailing right to the Funds. In so determining, this Court must ascertain the relationship between Ekman and Judgment Debtors and whether there is sufficient evidence to support the assertion that, at least with respect to the transactions pursuant to which Graphic Paper owes Ekman the Funds, Ekman is an agent of Judgment Debtors such that the debt owed to it by Graphic Paper is subject to the Restraining Notice. *Gallant v. Kanterman*, 198 A.D.2d 76, 78-79, 603 N.Y.S.2d 315 (1st Dep't 1993) (because of the elaborate scheme alleged to conceal and frustrate the satisfaction of a legitimate judgment, where there was no allegation that a restrained party actually possessed property of the judgment debtor, the court permitted a restraining notice to stand until further discovery in order to determine the relationship between the parties).

### 2.     Ekman's Distinction between "Debt" and "Property" Is Irrelevant

In a transparent effort to divert the attention of this Court from the real issue, Ekman focuses on whether the Funds should be characterized as a "debt" or "property" pursuant to C.P.L.R. § 5201. Ekman's argument in this regard assumes that Graphic does not owe a "debt" to Judgment Debtors and is based on whether Graphic Paper had knowledge or reason to believe that Judgment Debtors had an interest in the "property" in its custody or possession when it was served the Restraining Notice. Again, we note that this argument is inappropriate on a motion to dismiss an interpleader action because it goes to the merits of the adverse claim. (*See Sotheby's*, 802 F.Supp. 1064.)

C.P.L.R. § 5222(b), the statute pursuant to which the Restraining Notice was served, provides in relevant part:

> A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest...

C.P.L.R. § 5222(b) can be invoked under either the "debt" or "property" clause. Significantly, however, the distinction between "debt" and "property" under C.P.L.R. § 5201(b) is virtually nonexistent. *ABKCO Indus. v. Apple Films*, 39 N.Y.2d 670, 385 N.Y.S.2d 511, 350 N.E.2d 899 (1976); *Hotel 71 Mezz Lender LLC. v. Falor*, 14 N.Y.3d 303, 313, 926 N.E.2d 1202 (2010). A "debt" may be considered "property" insofar as "any debt owed to the judgment debtor which is past due or which is yet to become due, certainly or upon demand of the judgment debtor, encompasses what the modern business world recognizes as an asset, and, thus, a type of property." Weinstein, Korn, & Miller, New York Civil Practice: CPLR ¶ 5201.01 (David L. Ferstendig, ed. LexisNexis Matthew Bender). Thus, whether the Funds are characterized as a

"debt" or "property" has no practical legal effect, since in either case the Funds would be subject to the Restraining Notice.

Similarly, Ekman's argument that Graphic Paper had no knowledge or reason to believe that any Judgment Debtor had interest in the Funds is without merit. That argument is belied by the very fact that Graphic Paper, which has no stake in the Funds, withheld payment of the Funds to Ekman and initiated this interpleader action based on its concern that the debt it owed to Ekman was really a debt owed to Judgment Debtors. Graphic Paper clearly alleges the origins of its knowledge and reason for believing that there are competing interests in the Funds. (*See* AIC ¶¶ 10-16, 20). The very purpose of this interpleader action is to determine which claimant's interest in the Funds prevails.

### 3. C.P.L.R. § 5222 does not Require U.S. Bank to Specify the Debt Graphic Paper Owed to Ekman

Specifying a debt in a restraining notice is merely an additional weapon in the arsenal provided to a judgment creditor by C.P.L.R. § 5222 and is not, as Ekman falsely suggests, a requirement to effectuate a restraining notice. *Digitrex v. Johnson*, 491 F. Supp. 66, 69 (S.D.NY. 1980) (the statute contains no such specificity requirement); *Plaza Hotel Assoc. v. Wellington Assoc.*, 84 Misc.2d 777, 779-80, 378 N.Y.S.2d 859 (N.Y. Sup. Ct. N.Y. County 1975) (the authority to freeze assets of a judgment debtor was added to the arsenal of judgment creditors because of the great numbers of judgments which were never satisfied).

Accordingly, Ekman's contention that the Court should dismiss this interpleader action because U.S. Bank failed to specify the debt Graphic Paper owed to Ekman in the Restraining Notice is meritless. The validity of the Restraining Notice is not contingent upon such specificity. *Digitrex,* 491 F.Supp. 66, at 69 (expressly holding that although a restraining notice *may* specifically identify the property to be attached, § 5222(b) does not require such specificity).

Consequently, Ekman's diatribe regarding U.S. Bank having waived the option to specify the debt is unavailing insofar as specification of the debt was unnecessary in the first instance. The Restraining Notice is not effectuated by the specific debt owed by Graphic Paper to Judgment Debtors through its agent Ekman, but rather by *any* debt or property owed to Judgment Debtors through its agent Ekman.

### 4. The Threat of Multiple Litigation against Graphic Paper Warrants this Interpleader Action

As clearly outlined in the case cited by Ekman, *Sotheby's Inc. v. Garcia*, 802 F. Supp. 1058, 1065 (S.D.N.Y. 1992), requisite to the maintenance of an interpleader action is that the stakeholder be subject to multiple adverse claims against a single fund or liability. The purpose of such an action is to protect the stakeholder from the vexation of multiple lawsuits and from the possibility of multiple liability that could result from inconsistent determinations in different courts. *Id.*

Ekman acknowledges that the mere threat of future litigation against Graphic Paper by U.S. Bank with respect to the Funds is a sufficient basis for this interpleader action. (MTD, p. 10). Astonishingly, notwithstanding this acknowledgement, Ekman still contends that the interpleader action fails because Graphic Paper does not demonstrate a "good faith concern" and "a real and reasonable fear of double liability or vexatious, conflicting claims." *Id.* Ekman wholly disregards and dismisses the facts and the law in this case.

Ekman's analysis of "a good faith concern" is flawed. Graphic Paper is not required to assess the legal validity of the adverse claims or to evaluate the merits of conflicting claims at its peril. Rather, Graphic Paper need only be concerned with the possibility of duplicitous litigation and multiple liability if it responds to the requests of certain claimants and not others. The merit of the adverse claims is of no consequence at this stage of the proceedings. *Sotheby's* at 1065;

*Weininger v. Castro*, 462 F. Supp.2d 457, 500 (S.D.N.Y. 2006). Hence, the mere possibility that U.S. Bank may bring an action against Graphic Paper for violating the Restraining Notice if it pays the Funds to Ekman and the existence of Ekman's complaint against Graphic Paper is sufficient to evince "good faith concern" by Graphic Paper of multiple litigation and to support this interpleader action. Accordingly, the interpleader action should stand and the Court should deny Ekman's motion to dismiss.

### B. The Requirements for Rule Interpleader Pursuant to Federal Rule of Civil Procedure 22 Have Been Met

Rule 22 of the Federal Rules of Civil Procedure may be invoked where there are "[p]ersons with claims that may expose a[n] [interpleader] plaintiff to double or multiple liability." Fed. R. Civ. P. 22. The relevant distinction between Rule Interpleader and Statutory Interpleader (28 U.S.C. § 1335) is that Rule Interpleader does not provide any basis for federal subject matter jurisdiction. Otherwise, the two types of interpleader embody the same policies and function similarly. 4 Moore's Federal Practice, § 22.02[1] (Matthew Bender 3d ed.) citing *State Farm Fire & Casualty v. Tashire*, 386 US 523, 529 n.3, 87 S.Ct. 1199, 1205, 18 L.Ed.2d 270 (1967) (the difference between "rule" and "statutory" interpleader is diversity, venue and service of process).

In order to invoke Rule Interpleader, there must be some other basis for subject matter jurisdiction. In this case, subject matter jurisdiction is obtained by this Court based upon the diversity of citizenship of the parties and the Funds. The Interpleader Complaint involves a citizen of New York (Graphic Paper), a citizen of Minnesota (U.S. Bank) and a citizen of Sweden (Ekman); and the amount of controversy is $1,905,885.33, exceeding $75,000. (AIC ¶¶ 2-4, 10). Accordingly, this Court has subject matter jurisdiction to hear this action pursuant to Fed. R. Civ. P. 22.

455017                                13

To the extent that subject matter jurisdiction is established, the Court must then consider whether the stakeholder here -- Graphic Paper -- legitimately fears multiple liability resulting from duplicitous litigation. As set forth above, Graphic Paper does, in fact, have a legitimate fear of duplicitous litigation. The mere possibility that U.S. Bank may bring an action against Graphic Paper for violating the Restraining Notice if it pays the Funds to Ekman is sufficient to demonstrate Graphic Paper's legitimate concern of duplicitous litigation.

Accordingly, this Court has jurisdiction over this action pursuant to Fed. R. Civ. P. 22 and should deny Ekman's motion to dismiss this interpleader action.

### C. This Court May Determine the Rights of the Adverse Claimants to The Funds

As set forth above, interpleader litigation usually proceeds in two stages: in the first stage, the Court determines whether interpleader is an appropriate relief and in the second stage, the Court adjudicates the adverse claims. *Weininger v. Castro*, 462 F. Supp.2d 457, 500 (S.D.N.Y. 2006). If this Court determines that interpleader is appropriate, then it may adjudicate the adverse claims to the Funds and distribute the proceeds, obviating the need to consider whether C.P.L.R. § 5239 is applicable in this action.

In its motion to dismiss, Ekman mistakes the relief sought by Graphic Paper in its Count III. Graphic does not ask the Court to "commence a special proceeding pursuant to N.Y. C.P.L.R § 5239," as Ekman wrongly contends. (MTD, at p.13). In fact, Graphic Paper simply asks the Court to determine the priority of claims to the Funds in accordance to § 5239, which is, without a doubt, a valid and proper request. See *County Bank v. Inter. County Farmers Co-op Ass'n*, 65 Misc. 2d 446, 447, 317 N.Y.S.2d 790 (N.Y. Sup. Ct. Sullivan Cty. 1970) (special proceeding was initiated pursuant to C.P.L.R. §§ 5225, 5227 and 5239 to determine priority of

claims to funds held by an association, not a sheriff or receiver). (AIC ¶ 34). Accordingly, the Court should deny Ekman's motion to dismiss Count III of the Interpleader Complaint.

## CONCLUSION

For the reasons set forth above, this Court should deny Ekman's motion to dismiss the Amended Interpleader Complaint and find that the interpleader action is an appropriate remedy to resolve the dispute between U.S. Bank and Ekman, the adverse claimants.

Dated: New York, New York
       January 10, 2011

WILK AUSLANDER LLP

By: _____
Jessica Taran

675 Third Avenue, 9th Floor
New York, New York 10017
(212) 421-2233

*Attorneys for Interpleader
Defendant/Counterclaim/Crossclaim
Plaintiff U.S. Bank National Association*

455017

15