UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EKMAN & CO. AB.,                                                    ECF Case

                        Plaintiff,                          Case No. 10 CV 8110 (JGK)

    -against -

GRAPHIC PAPER, INC.,

                        Defendants.
-----------------------------------------------------------------x
GRAPHIC PAPER, INC.,

                        Interpleader Plaintiff,

    -against -                                                       **ANSWER
                                                                      COUNTERCLAIM**
EKMAN & CO. AB. and                                                 **AND CROSSCLAIM**
U.S. BANK NATIONAL ASSOCIATION,

                        Interpleader Defendants.
-----------------------------------------------------------------x

      U.S. Bank National Association ("U.S. Bank"), by its attorneys, Wilk Auslander LLP, as and for its answer, counterclaim and crossclaim to the amended interpleader complaint dated November 18, 2010, filed by Graphic Paper, Inc. ("Graphic Paper") (the "Interpleader Complaint"), alleges as follows:

## AS AND FOR AN ANSWER TO THE INTERPLEADER COMPLAINT

### Introduction

    1.    U.S. Bank admits that this Court has jurisdiction over this matter pursuant to Fed. R. Civ. P. 22, or in the alternative pursuant to federal interpleader statute 28 U.S.C. § 1335; except that U.S. Bank denies the remaining allegation in paragraph 1 of the Interpleader Complaint insofar as it requires a legal conclusion that is properly made by this Court.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
EKMAN & CO. AB.,                                    ECF Case

                       Plaintiff,     Case No. 10 CV 8110 (JGK)

   -against -

GRAPHIC PAPER, INC.,

                       Defendants.
-------------------------------------------------------------x
GRAPHIC PAPER, INC.,

                       Interpleader Plaintiff,

   -against -                                      **ANSWER**
                                                **COUNTERCLAIM**
EKMAN & CO. AB. and                             **AND CROSSCLAIM**
U.S. BANK NATIONAL ASSOCIATION,

                       Interpleader Defendants.
-------------------------------------------------------------x

      U.S. Bank National Association ("U.S. Bank"), by its attorneys, Wilk Auslander LLP, as and for its answer, counterclaim and crossclaim to the amended interpleader complaint dated November 18, 2010, filed by Graphic Paper, Inc. ("Graphic Paper") (the "Interpleader Complaint"), alleges as follows:

### AS AND FOR AN ANSWER TO THE INTERPLEADER COMPLAINT

#### Introduction

    1.    U.S. Bank admits that this Court has jurisdiction over this matter pursuant to Fed. R. Civ. P. 22, or in the alternative pursuant to federal interpleader statute 28 U.S.C. § 1335; except that U.S. Bank denies the remaining allegation in paragraph 1 of the Interpleader Complaint insofar as it requires a legal conclusion that is properly made by this Court.

## Parties

2. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Interpleader Complaint.

3. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Interpleader Complaint.

4. U.S. Bank admits that it is a national banking association with its principal place of business in the State of Minnesota.

## Jurisdiction and Venue

5. U.S. Bank admits the allegations contained in paragraph 5 of the Interpleader Complaint.

6. U.S. Bank admits the allegations contained in paragraph 6 of the Interpleader Complaint.

7. U.S. Bank admits the allegations contained in paragraph 7 of the Interpleader Complaint.

## Factual Allegations

8. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Interpleader Complaint.

9. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Interpleader Complaint.

10. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Interpleader Complaint, except that U.S. Bank admits that there is an outstanding amount of at least $1,905,885.33 due and owing from Graphic Paper to Ekman & Co. AB. ("Ekman") (the "Funds").

11. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Interpleader Complaint.

12. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Interpleader Complaint.

13. U.S. Bank admits the allegations contained in paragraph 13 of the Interpleader Complaint.

14. U.S. Bank admits the allegations contained in paragraph 14 of the Interpleader Complaint.

15. U.S. Bank admits the allegations contained in paragraph 15 of the Interpleader Complaint.

16. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Interpleader Complaint.

17. U.S. Bank neither admits nor denies the allegations contained in paragraph 17 of the Interpleader Complaint and refers the Court to the referenced document.

18. U.S. Bank neither admits nor denies the allegations contained in paragraph 18 of the Interpleader Complaint and refers the Court to the referenced document.

19. U.S. Bank denies the allegations contained in paragraph 19 of the Interpleader Complaint except that U.S. Bank admits that, upon information and belief, Ekman is acting as an agent on behalf of the Judgment Debtors referenced in paragraph 14 of the Interpleader Complaint.

20. U.S. bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Interpleader Complaint, except that U.S. Bank admits that the referenced Restraining Notice (i) forbids Graphic Paper from making any

sale, assignment or transfer of, or interfere with, any property of the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman), or pay over or otherwise dispose of any debt owed to Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman) and (ii) restrains further all property in which the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman) have an interest hereafter coming into Graphic Paper's possession or custody and all debts hereafter coming due from Graphic Paper to the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman). Moreover, Graphic Paper is subject to liability should it violate the Restraining Notice.

21. U.S. Bank neither admits nor denies the allegations contained in paragraph 21 of the Interpleader Complaint, except that U.S. Bank admits that an interpleader action is the appropriate method to resolve this dispute.

## COUNT I

### (Interpleader Pursuant to Fed. R. Civ. P. 22)

22. U.S. Bank respectfully repeats and realleges its responses to paragraphs 1 through and including 21, set forth above.

23. U.S. Bank denies the allegations contained in paragraph 23 of the Interpleader Complaint, except that U.S. Bank admits that the referenced Restraining Notice (i) forbids Graphic Paper from making any sale, assignment or transfer of, or interfere with, any property of the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman), or pay over or otherwise dispose of any debt owed to Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman) and (ii) restrains further all property in which the Judgment Debtors (or anyone acting as an agent of

the Judgment Debtors, including, without limitation, Ekman) have an interest hereafter coming into Graphic Paper's possession or custody and all debts hereafter coming due from Graphic Paper to the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman). Moreover, Graphic Paper is subject to liability should it pay over the Funds in violation of the Restraining Notice.

24. U.S. Bank neither admits nor denies the allegations contained in paragraph 24 of the Interpleader Complaint, except that U.S. Bank admits that an interpleader action is the appropriate method to resolve this dispute.

25. U.S. Bank neither admits nor denies the allegations contained in paragraph 25 of the Interpleader Complaint, except that U.S. Bank admits Graphic Paper is subject to liability should it violate the Restraining Notice.

## COUNT II

### (Alternative Interpleader Pursuant to 28 U.S.C. § 1335)

26. U.S. Bank respectfully repeats and realleges its responses to paragraphs 1 through 21 and 23 through 25, set forth above.

27. U.S. Bank denies the allegations contained in paragraph 27 of the Interpleader Complaint, except that U.S. Bank admits that the referenced Restraining Notice (i) forbids Graphic Paper from making any sale, assignment or transfer of, or interfere with, any property of the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman), or pay over or otherwise dispose of any debt owed to Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman) and (ii) restrains further all property in which the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman) have an interest hereafter coming

into Graphic Paper's possession or custody and all debts hereafter coming due from Graphic Paper to the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman). Moreover, Graphic Paper is subject to liability should it pay over the Funds in violation of the Restraining Notice.

28.  U.S. Bank neither admits nor denies the allegations contained in paragraph 28 of the Interpleader Complaint, except that U.S. Bank admits that an interpleader action is the appropriate method to resolve this dispute.

29.  U.S. Bank neither admits nor denies the allegations of paragraph 29 of the Interpleader Complaint, except that U.S. Bank admits Graphic Paper is subject to liability should it violate the Restraining Notice.

30.  Paragraph 30 contains a legal conclusion for which no response is necessary.

## COUNT III

### (N.Y. C.P.L.R. § 5239)

31.  U.S. Bank respectfully repeats and realleges its responses to paragraphs 1 through 21, 23 through 25, and 27 through 30, set forth above.

32.  U.S. Bank neither admits or denies the allegations contained in paragraph 32 of the Interpleader Complaint, except that U.S. Bank admits that the referenced Restraining Notice (i) forbids Graphic Paper from making any sale, assignment or transfer of, or interfere with, any property of the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman), or pay over or otherwise dispose of any debt owed to Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman) and (ii) restrains further all property in which the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman) have

an interest hereafter coming into Graphic Paper's possession or custody and all debts hereafter coming due from Graphic Paper to the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman). Moreover, Graphic Paper is subject to liability should it pay over the Funds in violation of the Restraining Notice.

33. U.S. Bank denies the allegations contained in paragraph 33 of the Interpleader Complaint, except that U.S. Bank admits it is the judgment creditor in the matter of *U.S. Bank National Association v. APP International Finance et al.,* (Index No. 600405/04), pending in the Supreme Court of New York, County of New York. U.S. Bank further admits that is has rights to the Funds in the possession of Graphic Paper.

34. Paragraph 34 contains a legal conclusion for which no response is necessary.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Interpleader Plaintiff Graphic Paper is estopped from asserting that the Funds belong to Interpleader Defendant Ekman.

### SECOND AFFIRMATIVE DEFENSE

Interpleader Plaintiff Graphic has waived its right to dispute the validity of the Restraining Notice referenced herein.

### THIRD AFFIRMATIVE DEFENSE

Interpleader Plaintiff failed to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

Interpleader Plaintiff's claims are barred by laches, waiver, and/or estoppel.

## COUNTERCLAIMS AGAINST INTERPLEADER PLAINTIFF GRAPHIC PAPER, INC. AND CROSSCLAIMS AGAINST INTERPLEADER DEFENDANT EKMAN & CO. AB

U.S. Bank, by and through its undersigned attorneys, Wilk Auslander LLP, hereby asserts the following counterclaim against Graphic Paper and crossclaim against Ekman.

### PARTIES

1. Interpleader Defendant/Counterclaimant/Crossclaimant U.S. Bank is a national banking association with its principal place of business in the State of Minnesota.

2. Interpleader Plaintiff/Counter-defendant Graphic Paper admits that it is a New York corporation with its principal place of business in County of Suffolk, State of New York.

3. Interpleader Defendant/Cross-defendant Ekman admits that it is a Swedish company with its principal place of business in Sweden.

### JURISDICTION AND VENUE

4. This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1335, 28 U.S.C. § 1332(a), and Fed. R. Civ. P. 22.

5. Graphic Paper has in its custody or possession within this district certain monies in excess of $50,000.

6. At least two claimants, U.S. Bank and Ekman, are of diverse citizenship and claim to be entitled to the Funds.

7. This lawsuit is between a citizen of New York, a citizen of Minnesota, and a citizen of Sweden, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

8.  Venue is proper in this district pursuant to 28 U.S.C. 1391(a) and (b) because a substantial part of the events giving rise to the claims in this proceeding occurred in this district, and a substantial part of the property that is the subject of the action is situated in this district.

## THE FACTS

9.  In an action entitled *U.S. Bank National Association v. APP International Finance Co., B.V. et al.*, (Index No. 600405/04), pending in the Supreme Court of New York, County of New York, a judgment was entered on March 10, 2005, in favor of judgment creditor U.S. Bank and against defendants/judgment debtors (i) APP International Finance Company, B.V. ("APP Int'l"); (ii) P.T. Lontar Papyrus Pulp & Paper Industry ("PT Lontar"); (iii) Asia Pulp & Paper Company Ltd. ("APP") (iv) Indah Kiat International Finance Company B.V. ("Indah Kiat"); and (v) P.T. Indah Kiat Pulp & Paper Corporation ("PTIK) (together, APP Int'l, PT Lontar, APP, Indah Kiat and PTIK are "Judgment Debtors").

10. Judgment was entered against Judgment Debtors and in favor of U.S. Bank in the following amounts: from defendants/judgment debtors, APP Int'l, P.T. Lontar, and APP, jointly and severally, the sum of $536,029,885.00; from defendants/judgment debtors, Indah Kiat and PTIK, jointly and severally, the sum of $196,347,040.00; and from defendants/judgment debtors, Indah Kiat and PTIK, jointly and severally, the sum of $118,946,398.00, all of which together with interest from March 10, 2005, remains due and unpaid, and now exceeds *$1.2 billion*.

11. Judgment Debtors are based in Indonesia and are in the business of manufacturing paper products sold worldwide.

12. According to the website of Judgment Debtor APP, www.asiapulpandpaper.com, its sales agent in the United States is an entity called PaperMax, Inc. ("Paper Max").

13. Upon information and belief, Paper Max is a corporation organized under the laws of the State of California with a principal place of business in Los Angeles, California.

453521v5                                   9

14. Upon information and belief, Graphic Paper, a New York based company, is a wholesale distributor of paper products.

15. Graphic Paper negotiates the purchases of products manufactured by Judgment Debtors PTIK and Lontar through the Judgment Debtors' U.S. agent, Paper Max.

16. Upon information and belief, all products purchased by Graphic Paper from Judgment Debtors through Paper Max are invoiced by and paid to Ekman, which acts as the financing arm of Judgment Debtors.

17. On or about August 5, 2010, U.S. Bank served upon Graphic Paper a subpoena *duces tecum* and Restraining Notice forbidding Graphic Paper from making any sale, assignment or transfer of, or interfering with any property of the Judgment Debtors, its affiliates and/or its agents, or paying over or otherwise disposing of any debt owed to Judgment Debtors, its affiliates and/or agents, restraining all property in which the Judgment Debtors, its affiliates and/or agents, have an interest in that is in Graphic Paper's possession or custody and restraining all debts coming due from Graphic Paper to the Judgment Debtors, its affiliates and/or agents.

18. Graphic Paper, through its counsel, advised U.S. Bank that Graphic Paper owed $1,905,885.33 (the "Funds") to Ekman, an entity that Graphic paper believes may be acting as Judgment Debtors' agent.

19. Graphic Paper requested that U.S. Bank release it from the Restraining Notice in order that it may pay the Funds owed to Ekman.

20. In response to Graphic Paper's request, U.S. Bank explained that it would not waive any rights under the Restraining Notice and suggested to counsel for Graphic Paper that it commence an interpleader action so that the rights of the parties to the Funds are determined by the Court.

21. On October 25, 2010, Ekman filed a complaint against Graphic Paper in this Court for nonpayment of the Funds.

22. On November 18, 2010, Graphic Paper filed its "Answer and Interpleader Complaint" against U.S. Bank and Ekman, requesting that this Court intervene and resolve the claims to the Funds.

23. On December 7, 20100, Graphic Paper filed an "Amended Answer and Interpleader Complaint" against U.S. Bank and Ekman.

24. On December 9, 2010, this Court entered an order permitting Graphic Paper to deposit the Funds in an interest bearing account in the Court registry.

25. On December 10, 2010, Ekman filed a motion to dismiss the interpleader complaint.

## COUNT I

**Declaratory Judgment Pursuant to 28 U.S.C. § 2201 and 2202 and Fed. R. Civ. P. 57**

**(Counterclaim Against Graphic Paper and Crossclaim Against Ekman)**

26. U.S. Bank realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 25 above.

27. U.S. Bank has a money judgment entered in its favor against Judgment Debtors in an amount exceeding $1.2 billion.

28. U.S. Bank has served upon Graphic Paper a Restraining Notice pursuant to C.P.L.R. § 5222, restraining Graphic Paper from transferring or disposing of any debt owed or property in its possession or custody in which the Judgment Debtors have an interest.

29. Graphic Paper owes a debt to Ekman in the amount of $1,905,885.33.

30. Ekman is an agent of the Judgment Debtors.

31.     The debt Graphic Paper owes to Ekman, an agent of the Judgment Debtors, is properly restrained pursuant to the Restraining Notice.

32.     A genuine controversy exists between U.S. Bank and Ekman with respect to their rights to the Funds.

33.     A declaration of this Court is necessary to resolve the controversy.

WHEREFORE, U.S. Bank respectfully requests that this Court enter judgment in its favor:

(A) declaring that the Funds are properly restrained pursuant to C.P.L.R. § 5222;

(B) declaring that U.S. Bank is entitled to the Funds in partial satisfaction of the judgment it has against the Judgment Debtors, including any associated proceeds and accrued interest;

(C) granting U.S. Bank any such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        January 10, 2011

WILK AUSLANDER LLP

By: _____
    Jessica Taran
675 Third Avenue
New York, New York 10017
(212) 421-2233

*Attorneys for Plaintiff/Judgment Creditor*
*U.S. Bank National Association*