UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK,
-------------------------------------------------------------------x

EKMAN & CO AB,

               Plaintiff,

–against –

GRAPHIC PAPER, INC.,

               Defendant.
-------------------------------------------------------------------x
GRAPHIC PAPER, INC.,

               Interpleader Plaintiff,

-against-

EKMAN & CO AB, and
U.S. BANK NATIONAL ASSOCIATION,

               Interpleader Defendants.
-------------------------------------------------------------------x

Case No. 10 CV 8110 (JGK)

**ANSWER TO
INTERPLEADER
COMPLAINT OF
GRAPHIC PAPER, INC.**

      Plaintiff-Interpleader Defendant Ekman & Co AB, by its undersigned attorneys, for its answer states as follows:

1.      Paragraph 1 contains a legal contention for which no response is necessary.

2.      Plaintiff-Interpleader Defendant admits that Graphic Paper, Inc. ("Graphic Paper") is a New York corporation with its principal place of business in County of Suffolk, State of New York.

3.      Plaintiff-Interpleader Defendant admits that it is a Swedish company with its principal place of business in Sweden.

4.      Upon information and belief, Plaintiff-Interpleader Defendant admits that Interpleader Defendant U.S. Bank National Association ("U.S. Bank") is a national banking association with its principal place of business in the State of Minnesota.

5.     Plaintiff-Interpleader Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and otherwise denies the allegations in paragraph 5 of the Interpleader Complaint.

6.     Plaintiff-Interpleader Defendant denies that the requirements for subject-matter jurisdiction under 28 U.S.C. § 1335 have been satisfied.

7.     Plaintiff-Interpleader Defendant admits the allegations in paragraph 7 of the Interpleader Complaint.

8.     Upon information and belief, Plaintiff-Interpleader Defendant admits that Graphic Paper, Inc. ("Graphic") is a wholesaler distributor of fine printing paper and converted products.

9.     Plaintiff-Interpleader Defendant admits the allegations in paragraph 9 of the Interpleader Complaint.

10.    Plaintiff-Interpleader Defendant admits that the amount of outstanding invoices for paper products purchased by Graphic from Plaintiff-Interpleader Defendant is $1,905,885.33.  This sum excludes interest that is also due and owing.

11.    Plaintiff-Interpleader Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 11 of the Interpleader Complaint, except it admits that it received purchase orders from and directed invoices to Graphic.

12.    Plaintiff-Interpleader Defendant admits that on the bill of lading for the paper products purchased by Graphic from Plaintiff-Interpleader Defendant above, Paper Max is listed as the "Notify Party/Intermediate Consignee" at the request of both Paper Max and Graphic.

13.    Plaintiff-Interpleader Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Interpleader Complaint but admits that it was told that this had occurred.

14.    Plaintiff-Interpleader Defendant admits the allegations in paragraph 14 of the Interpleader Complaint.

15.    Plaintiff-Interpleader Defendant denies the allegations in paragraph 15 of the Interpleader Complaint.

16.    Plaintiff-Interpleader Defendant admits that Graphic notified Plaintiff-Interpleader Defendant that it had a concern that payments due to Plaintiff-Interpleader Defendant might be subject to the Restraining Notice.

17.    Plaintiff-Interpleader Defendant admits the allegations in paragraph 17 of the Interpleader Complaint, and states that the Affidavit was drafted by Graphic's counsel and designed to address Graphic's concerns.

18.    Plaintiff-Interpleader Defendant admits the allegations in paragraph 18 of the Interpleader Complaint and states that in all cases, payment is made by Ekman AB to its supplier before the paper ordered by Ekman AB to fulfill orders placed with Ekman AB by Graphic ("Paper") arrives in the U.S.  Consequently, after Ekman AB pays its supplier for the Paper, Ekman AB bears all risk of loss with respect to the Paper until title is transferred to Graphic, and Ekman AB bears the financial risk of loss until Graphic Paper pays for the Paper sold to it by AB.

19.    Plaintiff-Interpleader Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of the Interpleader Complaint.

20.    Plaintiff-Interpleader Defendant states that Graphic's counsel said that its concerns were satisfied by the Affidavit  but it would not make payment because of a threat of suit by U.S. Bank if payment were made.  Plaintiff-Interpleader Defendant admits that it then filed suit against Graphic and otherwise denies the allegations in paragraph 20 of the Interpleader Complaint.

21.    Plaintiff-Interpleader Defendant denies the allegations in paragraph 21 of the Interpleader Complaint.

## COUNT I

22.    Plaintiff-Interpleader Defendant respectfully repeats and realleges its responses to paragraphs 1 through and including 21, set forth above.

23.    Plaintiff-Interpleader Defendant denies the allegations in paragraph 23 of the Interpleader Complaint and states that Graphic said it had no doubt that it owed the money to Ekman, but would not pay because of the threat of suit by U.S. Bank.

24.    Plaintiff-Interpleader Defendant denies the allegations in paragraph 24 of the Interpleader Complaint.

25.    Plaintiff-Interpleader Defendant denies the allegations in paragraph 25 of the Interpleader Complaint.

## COUNT II

26.    Plaintiff-Interpleader Defendant respectfully repeats and realleges its responses to paragraphs 1 through and including 21, set forth above.

27.    Plaintiff-Interpleader Defendant denies the allegations in paragraph 27 of the Interpleader Complaint and states that Graphic said it had no doubt that it owed the money to Ekman, but would not pay because of the threat of suit by U.S. Bank.

28.    Plaintiff-Interpleader Defendant denies the allegations in paragraph 28 of the Interpleader Complaint.

DM1\2588708.3

29.     Plaintiff-Interpleader Defendant denies the allegations in paragraph 29 of the Interpleader Complaint.

30.     Plaintiff-Interpleader Defendant admits that such a deposit has been made but alleges that it is statutorily insufficient.

**COUNT III**

There is no need to respond to this count as it has been dismissed by the Court.

Dated: New York, New York
       April 18, 2011

Respectfully submitted,

DUANE MORRIS LLP

By:   ___ s/ Anthony J. Costantini ___
        Anthony J. Costantini
        AJCostantini@duanemorris.com
1540 Broadway
New York, New York 10036
(212) 692 – 1000 (tel)
(212) 692 – 1020 (fax)
        Mairi V. Luce (admitted *pro hac vice*)
        Luce@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979 – 1000 (tel)
(215) 979 – 1020 (fax)

4

DM1\2588708.3