UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK,
-------------------------------------------------------------------x
EKMAN & CO AB,                                                      Case No. 10 CV 8110 (JGK)

                       Plaintiff,

–against –                                                          **ANSWER TO U.S. BANK'S CROSSCLAIMS AND CROSSCLAIM AGAINST U.S. BANK**

GRAPHIC PAPER, INC.,

                       Defendant.
-------------------------------------------------------------------x
GRAPHIC PAPER, INC.,

                       Interpleader Plaintiff,

-against-

EKMAN & CO AB, and
U.S. BANK NATIONAL ASSOCIATION,

                       Interpleader Defendants.
-------------------------------------------------------------------x

        Crossclaim Defendant Ekman & Co AB, by its undersigned attorneys, for its answer states as follows:

1. Upon information and belief, Crossclaim Defendant admits that Interpleader Defendant U.S. Bank National Association ("U.S. Bank") is a national banking association with its principal place of business in the State of Minnesota.

2. Crossclaim Defendant admits that Graphic Paper, Inc. ("Graphic") is a New York corporation with its principal place of business in the County of Suffolk, State of New York.

3. Crossclaim Defendant admits that it is a Swedish company with its principal place of business in Sweden.

4. Crossclaim Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and otherwise denies the allegations in paragraph 4 of the Crossclaim.

DM1\2589404.4

5. Crossclaim Defendant admits that Graphic Paper has deposited monies in excess of $50,000 with this Court and denies knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 5 of the Crossclaim.

6. Crossclaim Defendant denies that U.S. Bank had claimed to be entitled to the Funds.

7. Crossclaim Defendant admits that it is a citizen of Sweden and that the amount in controversy exceeds $75,000, exclusive of interests and costs, and, upon information and belief, admits that Graphic is a citizen of New York and that U.S. Bank is a citizen of Minnesota.

8. Crossclaim Defendant admits the allegations in paragraph 8 of the Crossclaim.

9. Upon information and belief, Crossclaim Defendant admits the allegations in paragraph 9 of the Crossclaim.

10. Crossclaim Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the Crossclaim.

11. Crossclaim Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 11 of the Crossclaim.

12. Crossclaim Defendant denies that the website of Judgment Debtor APP names PaperMax, Inc. as a sales agent for APP in the United States.

13. Crossclaim Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Crossclaim.

14. Upon information and belief, Crossclaim Defendant admits that Graphic is a wholesale distributor of paper products.

15. Crossclaim Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 15 of the Crossclaim.

16. Crossclaim Defendant admits that it received purchase orders from and directed invoices to Graphic and denies all other allegations in paragraph 16 of the Crossclaim.

17. Crossclaim Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 17 of the Crossclaim, but admits that it was told that this had occurred.

18. Crossclaim Defendant admits that the amount of outstanding invoices for paper products purchased by Graphic from Crossclaim Defendant is $1,905,885.33, not inclusive of interest and costs, but denies knowledge or information sufficient to form a belief as to all other allegations in paragraph 18 of the Crossclaim.

19. Crossclaim Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of the Crossclaim.

20. Crossclaim Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 20 of the Crossclaim, but admits that it was told that this had occurred.

21. Crossclaim Defendant admits the allegations in paragraph 21 of the Crossclaim.

22. Crossclaim Defendant admits the allegations in paragraph 22 of the Crossclaim.

23. Crossclaim Defendant admits that on December 7, 2010, Graphic filed an "Amended Answer and Interpleader Complaint" against U.S. Bank and Crossclaim Defendant.

24. Crossclaim Defendant admits that on December 9, 2010, this Court entered an order permitting Graphic to deposit $1,905,885.33 in an interest bearing account in the Court registry.

25. Crossclaim Defendant admits the allegations in paragraph 25 of the Crossclaim.

## COUNT I

26. Crossclaim Defendant respectfully repeats and realleges its responses to paragraphs 1 through and including 25, set forth above.

27. Crossclaim Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 27 of the Crossclaim.

28. Crossclaim Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 28 of the Crossclaim but admits that it was told that this had occurred.

29. Crossclaim Defendant admits that Graphic owes a debt to Ekman in the amount of $1,905,885.33, not inclusive of interest and costs.

30. Crossclaim Defendant denies the allegations in paragraph 30 of the Crossclaim.

31. Crossclaim Defendant denies the allegations in paragraph 31 of the Crossclaim.

32. Crossclaim Defendant denies the allegations in paragraph 32 of the Crossclaim.

33. Crossclaim Defendant denies the allegations in paragraph 33 of the Crossclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Crossclaim Plaintiff U.S. Bank has waived its right to claim possession of the $1,905,885.33, not inclusive of interest and costs, owed by Graphic to Ekman & Co AB.

## SECOND AFFIRMATIVE DEFENSE

Crossclaim Plaintiff U.S. Bank is estopped from claiming possession of the $1,905,885.33, not inclusive of interest and costs, owed by Graphic to Ekman & Co AB.

### **CROSSCLAIMS AGAINST INTERPLEADER DEFENDANT U.S. BANK, N.A.**

Ekman & Co AB, by and through its undersigned attorneys, Duane Morris LLP, hereby asserts the following crossclaims against U.S. Bank, N.A.

### PARTIES

1. Interpleader Defendant/Crossclaimant Ekman & Co AB is incorporated under the laws of Sweden with its principal offices located at Lilla Bommen I, Gothenburg, Sweden. Ekman AB is engaged in, among other things, the business of purchasing certain forestry products and reselling such goods to its customers at a profit.

2. Interpleader Defendant/Crossclaim Defendant U.S. Bank, N.A. ("U.S. Bank") admits that it is a national banking association with its principal place of business in the State of Minnesota.

### JURISDICTION AND VENUE

3. This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a).

4. This lawsuit is between a citizen of Minnesota and a citizen of Sweden, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. 1391(a) and (b) because a substantial part of the events giving rise to the claims in this proceeding occurred in this district, and a substantial part of the property that is the subject of the action is situated in this district.

### FACTS

6. Among other goods purchased and resold, Ekman AB buys and sells large volumes of paper. One of its customers is Graphic Paper, Inc. ("Graphic"), the defendant and interpleader plaintiff in the initial action before this Court. The paper sold by Ekman AB to Graphic ("Paper") is shipped internationally and frequently off-loaded in New York City.

7. Under the terms applicable to each transaction between Ekman AB and Graphic, Ekman AB ships the Paper to Graphic with payment required within ninety days of Graphic's receipt of a bill of lading from Ekman AB.

8. When payment was due and owing to Ekman AB, Graphic advised that it had received a Notice of Restraining Order ("Notice") in the case captioned U.S. Bank National Assn. v. App International Finance Co., BY, New York County, Index No. *600405/04,* which restrained Graphic from paying any debts due and owing to five judgment debtors, namely APP Internat'l Finance Co., P.T. Lontar Papyrus Pulp & Paper Industry, Asia Pulp & Paper Co. Ltd, Indah Kiat Int'l Finance Co., B.Y., and Indah Kiat Pulp & Paper Corp. (Collectively the "Judgment Debtors" and each a "Judgment Debtor").

9. U.S. Bank, the judgment creditor under the Notice ("Judgment Creditor"), did not specify in the Notice that any debt owed by Graphic to Ekman AB (the "Graphic Debt") was owed to one of the Judgment Debtors, or that anyone of the Judgment Debtors had an interest in the Graphic Debt, as CPLR § 5222(b) requires in any instance where the restrained party does not know or have reason to believe that a Judgment Debtor has an interest in the Graphic Debt in question.

10. Graphic's counsel has admitted that he does not know or have reason to believe that any Judgment Debtor has an interest in the Graphic Debt. However, Graphic notified Ekman AB that it was concerned that payments due to Ekman AB might be subject to the Restraining Notice.

11. Specifically, Graphic's counsel stated that he was concerned that Paper Max, Inc. ("Paper Max"), an alleged affiliate of the Judgment Debtors, was involved in the discussions that led to the placement of orders by Graphic with Ekman AB. Whatever that involvement may have been, Ekman AB was willing to affirm, and did affirm in an Affidavit prepared by Graphic's Counsel and dated September 2, 2010 (the "Affidavit"), that Paper Max had no interest in the Graphic Debt.

12. Indeed, in the Affidavit, drafted by Graphic's counsel, Ekman AB went further and asserted that it had made no payments to Paper Max related to the Graphic Debt and had no obligation to do so.

13. In the Affidavit, Ekman AB also stated that Paper Max "has forwarded to AB the orders Graphic Paper has placed for Paper. AB does not pay Paper Max for these orders and Paper Max has no interest in the amounts due or to become due under the Invoices…"

14. In the Affidavit prepared by Graphic's counsel, Ekman AB denied dealings with any of the Judgment Debtors, or with Asia Pulp & Paper (Canada); Global Paper Solutions, Inc.; and Gold East Paper (Jinangsu) Co. Ltd. in connection with orders for paper placed by Graphic with Ekman AB.

15. Since Graphic was also concerned that the Paper may have been manufactured by a paper mill controlled by a Judgment Debtor, Ekman AB further stated in the

5

DM1\2589404.4

      Affidavit that in all cases, payment is made by Ekman AB to its supplier, who is not listed as an affiliate or agent of the Judgment Debtors by U.S. Bank in its Notice to Graphic, before the Paper ordered by Ekman AB to fulfill orders placed with Ekman AB by Graphic arrives in the U.S. Consequently, after Ekman AB pays its supplier for the Paper, Ekman AB bears all risk of loss with respect to the Paper until title is transferred to Graphic, and Ekman AB bears the financial risk of loss until Graphic pays for the Paper sold to it by AB. Ekman AB provided proof of the payments to its supplier as an exhibit to the Affidavit. Graphic's counsel said that the execution of the Affidavit by an Ekman AB officer satisfied any concerns Graphic had expressed.

16. On information and belief, upon receipt of the Affidavit, Graphic contacted the Judgment Creditor, U.S. Bank, and attempted to obtain the Judgment Creditor's consent to the payment by Graphic of the Ekman AB invoices. However, despite the Affidavit, U.S. Bank refused to consent and suggested that it would sue Graphic if payment were made to Ekman AB.

17. U.S. Bank continues to threaten Graphic with litigation should it turn over the funds owed to Ekman AB, but refuses to make the specification set forth in N.Y. C.P.L.R. § 5222(b).

## I.  TORTIOUS INTERFERENCE WITH CONTRACT

18. As set forth above, under its agreements with Ekman AB, Graphic was obligated to pay Ekman AB for all paper delivered to Graphic within 90 days of delivery.

19. Graphic has delayed its payment of $1,905,885.33, not inclusive of interest and costs, to Ekman AB for over seven months and continues to do so.

20. Upon information and belief, U.S. Bank, through heavy-handed and frivolous threats of legal action against Graphic, has caused Graphic to dishonor its contractual obligations to Ekman AB.

21. As a result of U.S. Bank's interference, Ekman AB has suffered damages including, but not limited to, Graphic's non-payment of its debt, storage costs for unsold paper, loss of interest, costs for insurance of unsold paper, and bank charges.

WHEREFORE, Crossclaimant Ekman AB respectfully requests that this Court enter judgment against Crossclaim Defendant U.S. Bank as follows:

     (1) On the only cause of action, judgment in favor of Ekman AB against U.S. Bank for all reasonable damages caused by Graphic's delayed payment of its debt to Ekman AB; and

(2) Such other, further relief as this Court may deem just and proper, including reasonable attorneys fees and disbursements.

Dated: New York, New York
April 18, 2011

Respectfully submitted,
DUANE MORRIS LLP

By: ___s/ Anthony J. Costantini___
    Anthony J. Costantini
    AJCostantini@duanemorris.com
1540 Broadway
New York, New York 10036
(212) 692 – 1000 (tel)
(212) 692 – 1020 (fax)
    Mairi V. Luce (admitted *pro hac vice*)
    Luce@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979 – 1000 (tel)
(215) 979 – 1020 (fax)