UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

EKMAN & CO. AB.,                                     ECF Case

                                  Plaintiff,         Case No. 10 CV 8110 (JGK)

        -against -

GRAPHIC PAPER, INC.,

                                  Defendants.
-------------------------------------------------------------x

GRAPHIC PAPER, INC.,

                          Interpleader Plaintiff,

        -against -                                   **ANSWER OF INTERPLEADER
                                                     DEFENDANT U.S. BANK
EKMAN & CO. AB. and                                  NATIONAL ASSOCIATION TO
U.S. BANK NATIONAL ASSOCIATION,                      CROSS-CLAIM FILED BY
                                                     INTERPLEADER DEFENDANT
                          Interpleader Defendants.   EKMAN & CO. AB**.
-------------------------------------------------------------x

        U.S. Bank National Association ("U.S. Bank"), by its attorneys, Wilk Auslander LLP, as

and for its answer to the cross-claim, dated April 18, 2011, filed by interpleader defendant

Ekman & Co. AB. ("Ekman") (the "Cross-claim"), alleges as follows:

## PARTIES

        1.      U.S. Bank states that it is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 1 of the Cross-claim.

        2.      In response to paragraph 2 of the Cross-claim, U.S. Bank admits that it is a

national banking association with its principal place of business in the State of Minnesota.

## JURISDICTION AND VENUE

3.      U.S. Bank admits the allegations contained in paragraph 3 of the Cross-claim.

4.      U.S. Bank admits the allegations contained in paragraph 4 of the Cross-claim.

5.      U.S. Bank admits the allegations contained in paragraph 5 of the Cross-claim.

## FACTS

6.      U.S. Bank states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Cross-claim, except admits that Graphic Paper, Inc. ("Graphic") "is the defendant and interpleader plaintiff in the initial action before this Court."

7.      U.S. Bank states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Cross-claim.

8.      U.S. Bank states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Cross-claim, except admits that it served a restraining notice, pursuant to N.Y. C.P.L.R. §5222, in connection with its judgment enforcement efforts in the case captioned *U.S. Bank National Association v. APP International Finance Co., B.V. et al*. (Index No. 600405/04), commenced against APP International Finance Co., B.V., Asia Pulp & Paper Co., Ltd., P.T. Indah Kiat Pulp & Paper Corporation, P.T. Lontar Papyrus Pulp & Paper Industry, and Indah Kiat International Finance Co., B.V.  (collectively, the "Judgment Debtors").

9.      U.S. Bank denies the allegations contained in paragraph 9 of the Cross-claim.

10.      U.S. Bank states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Cross-claim.

11.     U.S. Bank states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Cross-claim, except admits that Graphic provided to U.S. Bank a copy of an affidavit made by Mr. Hans Tidebrant ("Tidebrant"), the vice-president of Ekman, dated September 2, 2010, in which Tidebrant affirms that Paper Max, Inc., an affiliate of the Judgment Debtors, has no interest in Graphic's debt to Ekman (the "Tidebrant Aff.")

12.     U.S. Bank denies the allegations contained in paragraph 12 of the Cross-claim.

13.     U.S. Bank states that paragraph 13 merely recites an excerpt from the Tidebrant Aff. and, thus, requires no response; to the extent that a response is required, states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Cross-claim.

14.     U.S. Bank states that paragraph 14 merely summarizes the statements in the Tidebrant Aff. and, thus, requires no response; to the extent that a response is required, states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Cross-claim.

15.     U.S. Bank states that paragraph 15 merely summarizes the statements in the Tidebrant Aff. and, thus, requires no response; if a response is required, states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Cross-claim, except admits that, as an exhibit to the Tidebrant Aff., Ekman purported to provide proof of the payments it made to its supplier.

16.     U.S. Bank admits the allegations contained in paragraph 16 of the Cross-claim.

17.     For its response to paragraph 17 of the Cross-claim, U.S. Bank admits that it has asserted a claim with respect to the debt owed by Graphic to Ekman, and alleges that, as the

Court stated on the record at the hearing held on April 13, 2011, contrary to the allegation in paragraph 17 of the Cross-claim, N.Y. C.P.L.R. § 5222(b) does not require U.S. Bank to make any specifications with respect to the debt owed by Graphic to Ekman.

### TORTIOUS INTERFERENCE WITH CONTRACT

18.    U.S. Bank states that it is knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Cross-claim.

19.    U.S. Bank admits the allegations contained in paragraph 19 of the Cross-claim.

20.    U.S. Bank denies the allegations contained in paragraph 20 of the Cross-claim.

21.    U.S. Bank denies the allegations contained in paragraph 21 of the Cross-claim.

22.    U.S. Bank denies that Ekman is entitled to any relief including, but not limited to, the relief requested in the Prayer for Relief.

23.    U.S. Bank reserves the right to amend this answer if necessary.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

24.    The Cross-claim fails to state a claim against U.S. Bank.

### SECOND AFFIRMATIVE DEFENSE

25.    The Cross-claim fails to allege a cognizable claim for tortious interference with contract because of the failure to allege U.S. Bank's wrongful "interference."

### THIRD AFFIRMATIVE DEFENSE

26.    The Cross-claim is barred because U.S. Bank did not engage in any wrongful conduct.

### FOURTH AFFIRMATIVE DEFENSE

27.    The Cross-claim is barred because any alleged interference with contract by U.S. Bank was justified.

## FIFTH AFFIRMATIVE DEFENSE

28.     At all relevant times, U.S. Bank acted in good faith, in accordance with law, and pursuant to the statutory remedies afforded it under N.Y. C.P.L.R. §5222.

## SIXTH AFFIRMATIVE DEFENSE

29.     Ekman would be unjustly enriched if allowed to recover from U.S. Bank any sums claimed to be due under the Cross-claim.

## SEVENTH AFFIRMATIVE DEFENSE

30.     U.S. Bank reserves the right to assert additional affirmative defenses in the event that discovery and the results of any investigation indicate that they would be appropriate.

WHEREFORE, U.S. Bank respectfully requests that judgment be entered as follows:

(i)      dismissing the Cross-claim with prejudice; and

(ii)     granting U.S. Bank such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         May 18, 2011

WILK AUSLANDER LLP

By: /s/ Jessica Taran
    Jessica Taran
    Joseph Zelmanovitz, *Of Counsel*
675 Third Avenue
New York, New York 10017
(212) 421-2233

*Attorneys for Interpleader Defendant*
*U.S. Bank National Association*

503429v1

5