UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK,
-------------------------------------------------------------------x
EKMAN & CO. AB.,

                                                                                             Case No. 10 CV 8110 (JGK)

                       Plaintiff,


   –against –


GRAPHIC PAPER, INC.,


                       Defendant.
-------------------------------------------------------------------x
GRAPHIC PAPER, INC.,

                     Interpleader Plaintiff,


   -against-


EKMAN & CO. AB., and
U.S. BANK NATIONAL ASSOCIATION,


                   Interpleader Defendants.
-------------------------------------------------------------------x

**MOTION BY GRAPHIC PAPER FOR LEAVE TO AMEND ITS PLEADINGS
TO SUBMIT A CROSS-CLAIM AGAINST U.S. BANK FOR INDEMNIFICATION**

    Defendant/Interpleader Plaintiff Graphic Paper, Inc. ("Graphic Paper"), by and through Ettelman & Hochheiser P.C., respectfully submits the following motion for leave to amend its pleadings pursuant to Fed. R. Civ. P. 13(g) and 15(a) to submit a cross-claim for indemnification against co-party U.S. Bank National Association ("U.S. Bank"), stating as follows:

    1.    This litigation arises from Graphic Paper's purchase of approximately $1.9

1

Million worth of paper from Plaintiff Ekman & Co. AB. ("Ekman"), and the service of a restraining notice by U.S. Bank on Graphic Paper (the "Restraining Notice"), which prevented Graphic Paper from making payment to Ekman.  Thereafter, Graphic Paper interpleaded and deposited $1,905,885.33 (the "Principal Amount") into the Court's registry, and has now been discharged and dismissed by the Court with respect to all claims concerning the Principal Amount.  (*See* Dkt # 41)

2.     Although Graphic Paper has been dismissed with respect to claims for the Principal Amount, Ekman continues to seek approximately $62,000 worth of interest on the Principal Amount (the "Interest Claims"), and also alleges damages against Graphic Paper for the cancellation of certain inventory orders (the "Inventory Claims") due to Graphic Paper's inability to make payment as a result of the Restraining Notice.

3.     Accordingly, by way of this motion, Graphic Paper seeks to amend its pleadings to assert a cross-claim against U.S. Bank for indemnification if Graphic Paper is found liable on the Interest Claims and the Inventory Claims.  In short, the cross-claim alleges that if Graphic Paper is found liable against Ekman, U.S. Bank is responsible for any damages because (a) it served an improper and invalid Restraining Notice, and (b) it tortuously interfered with Graphic Paper's relationship with Ekman by serving the Restraining Notice.  A copy of the Proposed cross-claim is attached hereto as Exhibit A.

4.     It is well settled that leave to amend pleadings shall be freely given.  *See* Fed. R. Civ. P. 15(a) ("[L]eave to amend a pleading shall be freely given when justice so requires."); also *U.S. Gas & Elec. Inc. v. Big Apple Energy, LLC,* 09 CV 1961, -- F.Supp2d --, 2010 WL 1438820 (E.D.N.Y. April 10, 2010); *Barbarelli v. Verizon Communications Inc.,* 05 CV 6759,

2008 WL 80725 *1 (S.D.N.Y. January 7, 2008); *Fox v. Poole,* 06 CV 148, 2007 WL 3232495 (W.D.N.Y. November 1, 2007); *Katzenberg v. Lazzari,* 04 CV 5100, 2007 WL 1017645 (E.D.N.Y. March 30, 2007).

5. As explained by the Supreme Court in *Foman v. Davis,* 371 U.S. 178, 182 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."  *Id.*

6. Accordingly, while the decision to grant leave to amend a pleading is within the discretion of the Court, the Court must have "good reason" to deny leave to amend. *See Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 55 (2d Cir.1995) (citing *S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.,* 608 F.2d 28, 42 (2d Cir.1979)). Generally, "[m]ere delay ... absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Richardson Greenshields Secs., Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir.1987). Moreover, "[t]he mere fact that discovery has concluded ... does not provide a reason for denying leave to amend, especially where the new claim arises from the same set of operative facts as the original claims." *Twisted Records v. Rauhofer,* 03 civ 2644, 2005 WL 517328, at *6 (S.D.N.Y. Mar. 3, 2005).

7. In the instant case, no party would suffer undue prejudice by permitting the addition of this cross-claim as the issue to be litigated in the cross-claim (the validity of Restraining Notice and tortuous interference) are identical to issues currently before the Court

and no depositions have yet proceeded.  In fact, permitting the cross-claim would greatly improve judicial economy as it would prevent the need for a second action by Graphic Paper against U.S. Bank for damages if Graphic was held to be liable to Ekman.  *See State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 149 (E.D.N.Y. 2007) ("Plaintiff should not be put to the burden of prosecuting two separate cases with identical factual predicates. Thus, amendment would buttress judicial economy.")

8.     Prior to filing the instant motion, Graphic Paper requested the consent of both U.S. Bank and Ekman, but U.S. Bank declined, stating that "our position is that based on the factual allegations of your pleading (in particular the allegation in paragraph 20 of the Amended Answer that 'Graphic Paper is *concerned* that either or both of Paper Max or Ekman may be an *agent* of one or more of the Judgment Debtors because Graphic Paper believes that the ultimate source of the product in issue is one or more of the Judgment Debtors'), we cannot consent to your proposed addition of a cross-claim against U.S. Bank for indemnification based on a theory of tortuous interference with contract."  (emphasis added).  However, as this Court noted in its hearing of April 13, 2011, the question of "agents" only arose because U.S. Bank served a combined subpoena and Restraining Notice defining "Judgment Debtors" as including agents such as Paper Max.  (*See* Exhibit B, Transcript dated April 13, 2011 at 3-5; Exhibit C, Restraining Notice)  Moreover, the fact that Graphic Paper was "concerned" was because of U.S. Bank's service of the Restraining Notice, along with its demand to interplead the Principal Amount.   Additionally, Graphic Paper has the right to plead facts in the alternative.  *See* Fed. R. Civ. P. 8(d).

4

9.      Thus, the simple fact is that had U.S. Bank not served its Restraining Notice in the form that it did, and also made a claim to the funds by demanding the filing of an interpleader action, Graphic Paper would have made payment to Ekman, and this litigation could have been avoided.  This is precisely the basis of the indemnification claim Graphic Paper has against U.S. Bank, and the reason why leave to amend should be granted.

10.     Therefore, based on the fact that not party would suffer undue prejudice, and, in fact judicial economy would be greatly improved, Graphic Paper hereby requests leave to file the attached cross-claim against U.S. Bank.

Dated: Garden City, New York
       June 24, 2011

> Respectfully submitted,
> ETTELMAN & HOCHHEISER, P.C.
>
>
> By:_____/s/_____
>         Gary Ettelman, Esq. (GE 9315)
> Attorneys for Graphic Paper, Inc.
> 100 Quentin Roosevelt Blvd.
> Suite 401
> Garden City, New York 11530
> (516) 227-6300