UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

EKMAN & CO. AB.,                                        ECF Case

                               Plaintiff,              Case No. 10 CV 8110 (JGK)

        -against -

GRAPHIC PAPER, INC.,

                               Defendants.
-------------------------------------------------------------x
GRAPHIC PAPER, INC.,

                        Interpleader Plaintiff,

        -against -

EKMAN & CO. AB. and
U.S. BANK NATIONAL ASSOCIATION,

                        Interpleader Defendants.
-------------------------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT/INTERPLEADER
PLAINTIFF GRAPHIC PAPER, INC.'S MOTION TO AMEND ITS PLEADINGS**


                                WILK AUSLANDER LLP
                                Joseph Zelmanovitz, *Of Counsel*
                                Jessica Taran
                                675 Third Avenue, 9th Floor
                                New York, New York 10017
                                (212) 421-2233

                                *Attorneys for Interpleader Defendant*
                                *U.S. Bank National Association*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 2

ARGUMENT ........................................................................................................................ 3

      **A.**    **U.S. Bank's Legitimate Use of a Collection Tool Does not Constitute a Tort** ......................................................................... 3

          1.    The Restraining Notice is Valid ............................................................ 4

          2.    The Validity of the Restraining Notice Does not Turn on Whether the Debt Sought to be Restrained was Actually Owed to the Judgment Debtor ................................................................................. 5

          3.    Graphic's Other Arguments in Support of its Motion Have no Merit ........ 6

CONCLUSION ...................................................................................................................... 8

539509

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
    106 F.3d 11, 18-19 (2d Cir. 1997) ............................................................................ 3

*Caplan v. Tofel*,
    65 A.D.3d 1180, 886 N.Y.S.2d 182 (2d Dep't 2009) ............................................... 3

*Caribbean Construction Services & Associates, Inc., v. Zurich Insurance Co.*,
    267 A.D.2d 81, 700 N.Y.S.2d 129 (1st Dep't 1999) ............................................... 3

*Digitrex v. Johnson*,
    491 F. Supp. 66 (S.D.NY. 1980) .............................................................................. 5

*Reisman v. Kerry Lutz.*, P.C.,
    6 A.D.3d 418, 774 N.Y.S.2d 345 (2d Dep't 2004) .................................................. 4

**Statutes, Rules & Other Authorities**

Fed. R. Civ. P. 15(a) ...................................................................................................... 3

NY CPLR § 5222 .................................................................................................. 2, 3, 5

NY CPLR § 5222(a) ...................................................................................................... 5

NY CPLR § 5222(b) ...................................................................................................... 5

539509

## PRELIMINARY STATEMENT

Interpleader defendant U.S. Bank National Association ("U.S. Bank") respectfully submits this memorandum of law in opposition to the motion by defendant/interpleader plaintiff Graphic Paper, Inc. ("Graphic") for leave to amend its pleadings to submit a cross-claim against U.S. Bank for indemnification (the "Proposed Pleading").

By this motion, Graphic seeks to amend its pleading to include a cross-claim against U.S. bank for indemnification based on the erroneous grounds that (i) U.S. Bank served an invalid restraining notice on Graphic and (ii) tortuously interfering with Graphic's business relationship with Ekman.  Were the Court to grant Graphic's motion, it would effectively punish U.S. Bank for enforcing its rights under a valid restraining notice (the "Restraining Notice"), served on Graphic by U.S. Bank in its effort to enforce a judgment in excess of $1.2 billion.  That Graphic has the audacity to bring this motion -- even though Graphic, itself, notified U.S. Bank that payments Graphic owed to Ekman & Co. AB. ("Ekman") (the "Debt") might be subject to the Restraining Notice because Graphic had reason to believe that Ekman was acting as an agent for U.S. Bank's judgment debtors (the "Judgment Debtors") -- is outrageous.

As we show, below, the premise of Graphic's claim for indemnification against U.S. Bank -- that (i) U.S. Bank served an invalid restraining notice on Graphic (Proposed Pleading, ¶ 18) and (ii) U.S. Bank tortuously interfered with Graphic's relationship with Ekman by serving the Restraining Notice (Proposed Pleading, ¶¶ 18, 19) -- is erroneous: First, a decision by this Court that Ekman is not an agent of the Judgment Debtors and thus, the Debt is not subject to the Restraining Notice, does not render the Restraining Notice invalid, such that its enforcement by U.S. Bank amounts to a tort.  Second, U.S. Bank's legitimate use of a valid restraining notice pursuant to NY CPLR § 5222, in an effort to enforce a judgment, as a matter of law, does not

2

give rise to a claim for tortious interference.  Third, Graphic cannot allege tortious interference by U.S. Bank when, according to the allegations of Graphic's existing interpleader complaint and the Proposed Pleading, Graphic itself informed U.S. Bank that the Judgment Debtors may have an interest in the debt owed to Ekman.  Given those allegations, how could U.S. Bank be liable for indemnification on the basis of tortious interference?

Therefore, the Court should deny Graphic's motion for leave to amend its pleadings.

## ARGUMENT

Although Graphic is correct that pursuant to Fed. R. Civ. P. 15(a), leave to amend a party's pleadings should be freely granted, leave to amend may not be granted where, as here, the proposed amendment would be futile.  *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18-19 (2d Cir. 1997).  For the reasons set forth below, Graphic's amended pleading would not survive a motion to dismiss; thus, the proposed amendment is futile.

### A.    U.S. Bank's Legitimate Use of a Collection Tool Does not Constitute a Tort

It is well established that service and enforcement of a valid restraining notice by a judgment creditor, issued in accordance with NY CPLR § 5222, does not give rise to a cause of action by a judgment debtor or a third party garnishee for tortious interference or any other related tort.  *See Caplan v. Tofel*, 65 A.D.3d 1180, 886 N.Y.S.2d 182 (2d Dep't 2009) (held that the complaint was properly dismissed for the failure to state a cause of action because it did not set forth facts supporting the plaintiff's conclusory allegation that defendants' lawful issuance of a restraining notice constituted an abuse of process or tortious interference with prospective economic advantage); *Caribbean Construction Services & Associates, Inc., v. Zurich Insurance Co.*, 267 A.D.2d 81, 700 N.Y.S.2d 129 (1st Dep't 1999) (held that insurer was properly denied leave to amend answer to assert counter-claims given that contractor's legitimate use of

3

collection tools did not support tort claims which insurer sought to bring); *Mitchell v. Kurtz*, 10 Misc.3d 1063(A), 2005 WL 3501560 (Sup. Ct. N.Y. Co., November 23, 2005) (held that defendant's legitimate use of restraining notices did not constitute either abuse of process or defamation); *see also Reisman v. Kerry Lutz.*, P.C., 6 A.D.3d 418, 774 N.Y.S.2d 345 (2d Dep't 2004) (held that the complaint was insufficient to state a cause of action alleging abuse of process given that it failed to allege any actual misuse of the process to obtain an end outside its proper scope) (internal quotations omitted).

As we show below, this case is no different from those cited above: in its efforts to enforce a judgment in excess of $1.2 billion, U.S. Bank, a judgment creditor, served a valid restraining notice on Graphic because it had reason to believe that Graphic was engaging in commercial transactions with the Judgment Debtors, and as a result of such transactions, owed a debt to the Judgment Debtors (or was in the possession or custody of property in which it had reason to believe the Judgment Debtors had an interest).  U.S. Bank's reasonable belief that Graphic was in possession of funds owed to the Judgment Debtors was subsequently confirmed by Graphic, which led to U.S. Bank's enforcement of its valid Restraining Notice. Thus, U.S. Bank's legitimate enforcement of the Restraining Notice cannot constitute tortious interference and Graphic's proposed claim for indemnification fails.

### 1.    The Restraining Notice is Valid

Graphic argues that U.S. Bank should indemnify Graphic in this action because "had U.S. Bank not served its Restraining Notice in the form that it did, and also made a claim to the funds by demanding the filing of an interpleader action, Graphic would have made payment to Ekman, and this litigation could have been avoided."  (Motion, at p. 5).  Thus, Graphic suggests hesitantly that the form of the Restraining Notice is somehow invalid on its face.  In fact, there is

4

nothing invalid about the Restraining Notice; it complies with each and every element of NY CPLR § 5222: the Restraining Notice (i) names all of the parties to the action; (ii) identifies the judgment creditor and the judgment debtor; (iii) provides the amount of the judgment; (iv) provides the unsatisfied amount; (v) recites subdivision (b) of NY CPLR § 5222; (vi) advises that disobedience will constitute contempt of court; and (vii) was personally served in accordance with NY CPLR § 5222(a).  (Copies of the Restraining Notice and the affidavit of service are attached to the accompanying declaration of Jessica Taran, dated July 8, 2011 (the "Taran Decl.") in the form of Exhibit A.)  In any event, at no time prior to this motion, has Graphic moved to quash the Restraining Notice or questioned its validity.[1]

Contrary to Graphic's allegations in its Proposed Pleading, the Restraining Notice is valid and, thus, Graphic's proposed claim for indemnification on the basis of the notices' invalidity fails.

> **2.    The Validity of the Restraining Notice Does not Turn on Whether the Debt Sought to be Restrained was Actually Owed to the Judgment Debtor**

Graphic seems to imply that if the Court ultimately determines that the Debt is not subject to the Restraining Notice because Ekman is not an agent of the Judgment Debtors, then the Restraining Notice is invalid.  This argument improperly conflates the *effectiveness* of a restraining notice with its *validity*: It is true that a restraining notice is only effective if at the time of its service, the third party garnishee served with the restraining notice owes a debt to the judgment debtor or is in possession of property in which it knows or has reason to believe the

---

[1] We also note that at a hearing held on April 13, 2011, this Court rejected Ekman's argument on its motion to dismiss the interpleader complaint that the Restraining Notice was invalid because it did not specify the debt U.S. Bank sought to restrain.  *See also*, *Digitrex v. Johnson*, 491 F. Supp. 66, 69 (S.D.NY. 1980) (expressly holding that although a restraining notice may specifically identify the property to be attached, NY CPLR § 5222(b) does not require such specificity).

judgment debtor has an interest.    That, however, has nothing to do with the validity of a restraining notice.

It should be self-evident that where, as in this case, the *third party garnishee advises the judgment creditor that it has reason to believe that it owes a debt to the judgment debtor*, the same third party garnishee can not later challenge the validity of the restraining notice on the ground that the debt was not actually owed to the judgment debtor.  As set forth in its own Amended Answer and Interpleader Complaint, dated December 7, 2010, Graphic was concerned that "either or both of Paper Max and Ekman may be an agent of one or more of the Judgment Debtors because Graphic Paper believes that the ultimate source of the product in issue is one or more of the Judgment Debtors" (Interpleader Complaint, ¶ 20).  Indeed upon being served with the Restraining Notice, Graphic informed U.S. Bank that it believed that Ekman was acting as Judgment Debtors' agent.  Given this information -- provided to U.S. Bank (which, obviously, is not in the paper business and has no way of knowing the relationships among the various players in the paper business) by Graphic, an entity in the paper business, which engages in commercial transactions involving the purchase of paper products manufactured by the Judgment Debtors -- U.S. Bank chose to enforce the Restraining Notice rather than waive its rights and release Graphic from it.  Were it not for Graphic's statements, U.S. Bank would not have sought to enforce the Restraining Notice.  Thus, it would be unjust to permit Graphic to now challenge the validity of the Restraining Notice in an effort to shield itself from liability to Ekman.

### 3.    Graphic's Other Arguments in Support of its Motion Have no Merit

Graphic's remaining arguments in support of this motion are truly staggering in their absurdity: Graphic now argues that "the fact that Graphic Paper was 'concerned' that it owed a debt to the Judgment Debtors was because of U.S. Bank's service of the Restraining Notice… ."

6

(Motion, at p. 4).   This cannot be true: Certainly, at the time that U.S. Bank served the Restraining Notice, Graphic owed debts to other of its vendors or suppliers; yet, Graphic expressed concern only that the Debt may be subject to the Restraining Notice.

Graphic further argues that "the question of 'agents' only arose because U.S. Bank served a combined subpoena and Restraining Notice defining 'Judgment Debtors' as including agents such as Paper Max." (Motion, at p. 4).  Not only is there no logical nexus between this statement and Graphic's position that Graphic is entitled to indemnification from U.S. Bank, but also it is patently untrue.  The Restraining Notice served on Graphic expressly defines the term "Judgment Debtors" on the first page of the document as: APP International Finance Co., B.V., P.T. Lontar Papyrus Pulp & Paper Industry, Asia Pulp & Paper Co., Ltd. ("APP") Indah Kiat International Finance Co., B.V., and P.T. Indah Kiat Pulp & Paper Corporation.   *See* Taran Decl., Exhibit A. There is no mention of agents or of Paper Max in the Restraining Notice.   *See* Taran Decl., Exhibit A.

Graphic then argues that it was "concerned" that Ekman was acting as an agent for Judgment Debtors because of U.S. Bank's "demand to interplead the Principal Amount." (Motion, at p. 4).  This argument conveniently ignores the undisputed chronology of events: First, U.S. Bank serves the Restraining Notice.  (Proposed Pleading, ¶ 6.) Second, Graphic informs U.S. Bank of the debt owed to Ekman and of its "concerns" that the Debt may be subject to the Restraining Notice.  (Proposed Pleading, ¶ 8.)  Third, Graphic asks U.S. Bank to release it from the Restraining Notice so it could pay Ekman.  (Proposed Pleading, ¶ 11.)  Fourth, U.S. Bank advises Graphic that it will not release it from the Restraining Notice and suggests that it interplead the funds so that the claims to the funds can be properly adjudicated.  (Proposed Pleading, ¶ 11.)  Given this chronology, as set forth in Graphic's own Proposed Pleading,

7

Graphic's argument that it was concerned that Ekman was acting as an agent for the Judgment Debtors because U.S. Bank "demanded to interplead the Principal Amount" is demonstrably false.

It is patently obvious that Graphic's concerns about the nature of the Debt and the nature of the relationship between Ekman and the Judgment Debtors arose from its own history of transactions with Ekman.  Clearly, Graphic knew (or at least, suspected) that the source of the product it purchased from Ekman through Paper Max as well as the intended recipients of the money owed for payment of the paper were the Judgment Debtors.  Indeed, this is evident from the documents produced by both, Ekman and Graphic.

Now, in an obvious attempt to backpedal and shift the liability to U.S. Bank, Graphic incredulously contends that it somehow developed its "concerns" about the relationship between Ekman, Paper Max, and the Judgment Debtors *from U.S. Bank*.  As set forth above, this contention is contradicted by Graphic's own prior statements and the documents produced by the parties in this action.

## <u>CONCLUSION</u>

For the reasons set forth above, given that (i) there is no legal basis for Graphic's contention that the Restraining Notice is invalid, (ii) Graphic's contention that U.S. Bank's service and enforcement of a valid restraining amount to tortious interference is contrary to law, and (iii) Graphic cannot allege tortious interference premised on its own statements to U.S. Bank that caused U.S. Bank to enforce the Restraining Notice, Graphic is not entitled to indemnification from U.S. Bank.

Therefore, U.S. Bank respectfully requests that the Court deny, in its entirety, Graphic's motion to amend its pleading.

8

Dated:  New York, New York
        July 8, 2011

                                        WILK AUSLANDER LLP

                                        By:  /s/ Jessica Taran
                                             Joseph Zelmanovitz, *Of Counsel*
                                             Jessica Taran
                                        675 Third Avenue, 9th Floor
                                        New York, New York 10017
                                        (212) 421-2233

                                        *Attorneys for Interpleader Defendant*
                                        *U.S. Bank National Association*

9

539509