UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK,
-------------------------------------------------------------------x
EKMAN & CO. AB.,

                                               Case No. 10 CV 8110 (JGK)

                 Plaintiff,


    –against –


GRAPHIC PAPER, INC.,


                 Defendant.
-------------------------------------------------------------------x
GRAPHIC PAPER, INC.,

                 Interpleader Plaintiff,


    -against-


EKMAN & CO. AB., and
U.S. BANK NATIONALASSOCIATION,


                 Interpleader Defendants.
-------------------------------------------------------------------x


**DEFENDANT/INTERPLEADER PLAINTIFF GRAPHIC PAPER'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND TO ASSERT A CROSS-CLAIM AGAINST U.S. BANK**


                                  Ettelman & Hochheiser P.C.
                                  Attorneys for Defendant/Interpleader
                                  Plaintiff Graphic Paper, Inc.
                                  Garden City Center
                                  100 Quentin Roosevelt Blvd.
                                  Suite 401
                                  Garden City, New York 11530
                                  516-227-6300

## <u>TABLE OF CONTENTS</u>

<u>PRELIMINARY STATEMENT</u>…........................................................................ 1

<u>ARGUMENT</u>………………………………………………………………… 2

    I.     STANDARD OF LAW………………………………………….. 2

    II.    GRAPHIC PAPER HAS ALLEGED
            A PROPER CLAIM FOR TORTIOUS INTERFERENCE……………..   3

    III.   U.S. BANK'S MISSTATEMENTS OF LAW………………………   5

    IV.   U.S. BANK'S MISSTATEMENTS OF FACT………………………...6

<u>CONCLUSION</u>………………………………………………………………… 7

i

## PRELIMINARY STATEMENT

In its opposition to the instant motion by Graphic Paper, Inc. ("Graphic Paper") for leave to assert a cross-claim against U.S. Bank National Association ("U.S. Bank") for indemnification, U.S. Bank improperly attempts to argue the merits and specific facts of the case. Besides being a self-serving and unsupported distortion of those facts, U.S. Bank plainly ignores the standard for granting a motion to amend, which is whether the moving party has stated a colorable ground for relief.  Clearly, Graphic Paper has met this burden and almost all of U.S. Bank's arguments are premature (besides being false).

In particular, Graphic Paper has met its burden by alleging specific facts giving rise to a claim for tortious interference, namely

- That Graphic Paper and Ekman & Co. AB ("Ekman") had a existing contract concerning the purchase and supply of paper (See Proposed Cross-Claim ¶ 1, 12);

- That U.S. Bank had knowledge of this contract (*See* Proposed Cross-Claim ¶ 11);

- That U.S. Bank intentionally interfered with this contract by serving a restraining notice on Graphic Paper and by refusing to permit Graphic Paper from making payment to Ekman, even after Graphic Paper gave U.S. Bank an affidavit from Ekman (*See* Proposed Cross-Claim ¶ 11); and

- That Graphic Paper may be damaged if it is held liable against Ekman (See Proposed Cross-Claim ¶ 18)

Moreover, U.S. Bank's argument that any claim for tortious interference for an existing contract asserted by Graphic Paper must be barred because U.S. Bank has made legitimate use of a collection tool (namely a restraining notice), also lacks merit and relies on factually and legally inapposite case law.  In particular, all of the cases cited by U.S. Bank concern claims of tortious interference with economic advantage, which is a distinctly different cause of action than tortious interference with an existing contract.  Specifically, tortious interference with economic relations

requires allegations of culpability and wrongful conduct, while tortious interference with existing contract (which has been alleged by Graphic Paper), can be based on purely lawful conduct.  In addition, the above cases are also factually inapposite because U.S. Bank did much more than simply serve a restraining notice, it also expressly refused to permit Graphic Paper from making payment to Ekman, even after Graphic provided an affidavit from Ekman denying the relationship, and also has affirmatively made a claim for the interpleader funds by asserting that Ekman is the agent of one of the judgment debtors named in the restraining notice.

For all of the reasons stated herein, and also in Graphic Paper's motion to amend [Dkt # 42], this Court should grant Graphic Paper leave to assert an indemnification claim against U.S. Bank for tortious interference with contract.

<u>**ARGUMENT**</u>

I.  **STANDARD OF LAW**

In its opposition, U.S. Bank ignores the relevant standard to be employed when deciding a motion to amend, particularly with regard to futility, and instead improperly attempts to argue both the merits and facts of the case – often times misstating and misconstruing the relevant case law and the factual interaction between the parties.  Pursuant to Fed. R. Civ. P. 15(a), leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); also *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000).  "[I]f the plaintiff has at least *colorable grounds for relief*, justice does so require unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 783 (2d Cir. 1984) (emphasis added); *Ho Myung Moolsan Co., Ltd. v. Manitou Mineral Water, Inc.*, 665 F. Supp. 2d 239, 250 (S.D.N.Y. 2009) ("Therefore, an amendment to a complaint may be denied as

2

futile if a defendant can show that there are no "set of facts consistent with the allegations in the complaint" which would entitle plaintiff to relief."). As will be explained below, Graphic Paper at the very least has made a colorable claim of indemnification based on the fact that U.S. Bank tortuously interfered with Graphic Paper's existing contractual relationship with Ekman and also that it may have served an improper and invalid restraining notice (annexed as Exhibit A to the Declaration of Jessica Taran [Dkt #46]), and thus, Graphic Paper's motion to amend must be granted.

## II.   GRAPHIC PAPER HAS ALLEGED A PROPER CLAIM OF TORTIOUS INTERFERENCE

Under New York law, the elements of a tortious interference of contract claim are: 1) the existence of a contract, enforceable by the plaintiff, 2) the defendant's knowledge of the existence of that contract, 3) the intentional procurement by the defendant of the breach of the contract, and 4) resultant damages to the plaintiff. *Joan Hansen & Co., Inc. v. Everlast World's Boxing Headquarters Corp.*, 296 A.D.2d 103, 111, 744 N.Y.S.2d 384, 391 (1st Dept. 2002). Moreover, "where there is an existing, enforceable contract and a defendant's deliberate interference results in a breach of that contract, a plaintiff may recover damages for tortious interference with contractual relations even if the defendant was engaged in lawful behavior. Where there has been no breach of an existing contract, but only interference with prospective contract rights, however, plaintiff must show more culpable conduct on the part of the defendant." *NBT Bancorp Inc. v. Fleet/Norstar Fin. Group, Inc.*, 87 N.Y.2d 614, 621, 664 N.E.2d 492, 495-96 (1996).

In particular, Graphic Paper has met this burden by alleging specific facts giving rise to all four of the above elements. <u>First</u>, Graphic has alleged the existence of an enforceable

contract between it and Ekman.  This is the contract on which Ekman seeks damages against

Graphic on the interest and inventory claims.  (Proposed Cross-Claim ¶¶ 1, 12 15).  Second,

Graphic Paper specifically informed U.S. Bank as to the existing contract and tried to get U.S.

Bank's consent by providing it with an affidavit from Ekman.  (Proposed Cross-Claim ¶ 11).

Third, U.S. Bank's actions in serving the restraining notice (Proposed Cross-claim ¶ 6), its

subsequent refusal to permit payment once it was informed of the existing contract and provided

an affidavit from Ekman (Proposed Cross-Claim ¶ 11), and, U.S. Bank's claim for the

interpleader stake (Proposed Cross-Claim ¶ 14), all constitute intentional interference with

contract.  In fact, U.S. Bank's attorney admitted to this Court on April 13, 2011, that its conduct

was intentional and undertaken with the purpose of preventing Graphic Paper from making

payment to Ekman.

> MR. ZELMANOVITZ:  Now, we have not made any threats, but
> we have real concern about how the judgment debtors went about
> their business here, which is business as usual, and that's how they
> operate, and they in fact do have an interest in this money.
>
> THE COURT:  That's a very fine line.  You say, and carefully so,
> we have not made any threats.  And it's crystal clear that the reason
> you say that is to attempt to avoid liability should there be no basis
> for what you have been doing.  But what you have been doing is
> plainly attempting to prevent Graphic from paying Ekman.
>
> MR. ZELMANOVITZ:  And the reason –
>
> THE COURT:  Isn't that right?
>
> MR. ZELMANOVITZ:  That's correct, but the reason –
>
>  THE COURT:  There is no question you are attempting to prevent
> Graphic from paying Ekman, right?
>
> MR. ZELMANOVITZ:  Yes, your Honor, through a restraining
> order.  They have to make the determination whether this money
> that we are speaking about the judgment debtors have an interest.

4

> THE COURT:  And if they're wrong and they pay Ekman, will you
> sue them?
>
> MR. ZELMANOVITZ:  Quite possibly.  (Tr. dated April 13, 2011,
> at 20-21) (Annexed as Exhibit B to the Motion to Amend [Dkt
> #42])

<u>Fourth</u>, Graphic Paper alleges that it may suffer damages if ultimately it is held liable to

Ekman for its refusal to make payment.  Such liability will only occur though if U.S. Bank loses

its claim to the funds, and the Court rejects all of Graphic Paper's defenses.

Accordingly, Graphic Paper has met its burden and properly alleged a claim for tortious

interference.

### III.     U.S. BANK'S MISTATEMENTS OF LAW

U.S. Bank asserts that leave to amend should be denied because its "legitimate" use of a

collection tool cannot constitute a tort.  This is a clear misstatement of the law, and in fact all of

the cases cited by U.S. Bank are factually and legally inapposite because they concern claims

based on tortious interference with prospective economic advantage, abuse of process, or

defamation, all of which require an element of illegal or wrongful conduct.  *See Caplan v. Tofel*,

65 A.D.3d 1180, 1181, 886 N.Y.S.2d 182 (2d Dept. 2009); *Caribbean Const. Services &*

*Associates, Inc. v. Zurich Ins. Co.*, 267 A.D.2d 81, 83, 700 N.Y.S.2d 129 (1st Dept.1999);

M*itchell v. Kurtz*, 10 Misc. 3d 1063(A), 814 N.Y.S.2d 562 (Sup. Ct. N.Y. Co. 2005); *Reisman v.*

*Kerry Lutz, P.C.*, 6 A.D.3d 418, 419, 774 N.Y.S.2d 345 (N.Y. App. Div. 2004).

Rather, in its proposed cross-claim, Graphic is alleging indemnification based on tortuous

interference with an existing contract (its contract with Ekman to buy certain paper), an entirely

different tort with a different legal standard than tortious interference with prospective economic

advantage.  See *NBT Bancorp Inc. v. Fleet/Norstar Fin. Group, Inc.*, 87 N.Y.2d 614, 621, 664

5

N.E.2d 492, 495-96 (1996)(internal citations omitted) ("Where there has been no breach of an existing contract, but only interference with prospective contract rights, however, plaintiff must show more culpable conduct on the part of the defendant.") *also Joan Hansen* 296 A.D.2d at 111 ("Intentional interference with business relations requires a demonstration that the individual defendant "intentionally and through wrongful acts prevented a third party from extending a contractual relationship to the plaintiff.")  Moreover, Graphic Paper alleges more than simply the mere service of a restraining notice, but rather subsequent action, such as U.S. Bank's refusal to permit Graphic Paper to make payment to Ekman and its demand for Graphic Paper to interplead the funds.  Accordingly, U.S. Bank's argument lacks merit and must be rejected.

## IV.   U.S. BANK'S MISTATEMENTS OF FACTS

In its opposition, U.S. Bank attempts to re-write history.  Although not directly relevant to the issue of leave to amend a complaint, which as stated above is supposed to be based solely on the allegations contained in the proposed pleading, Graphic Paper will respond to some of U.S. Bank's factual distortions.  For instance, U.S. Bank wrongly states that "there is no mention of agents or of Paper Max in the Restraining Notice."  (U.S. Bank Br. at 7).  However, this argument lacks all credibility because the restraining notice and subpoena were part of the same document.  As the Court already decided in its ruling of April 13, 2011,

> Paper Max is listed as an affiliate of the Judgment Debtors in the list of definitions, which is part of the same document as the Restraining Notice, and Paper Max was the primary party with whom Graphic negotiated the transactions involving Ekman.  (Tr, dated April 13. 2011, at 32)
> . . . .
> The Restraining Notice satisfied the requirements of  5222(b) because the identification of Paper Max as an affiliate of the Judgment Debtors in the same document gave Graphic a good faith reason to believe that the Judgment Debtors had an interest in its outstanding debt to Ekman. (Tr. at 34)

6

The scope of the Restraining Notice is important, *sub judice*, because it was the specific listing of Paper Max, and the broad definition that included agents, affiliates, etc., that caused Graphic Paper's concern that the Judgment Debtors may have had an interest in the debt.

In addition, U.S. Bank's opposition attempts to deflect potential blame by somehow alleging that it was actually Graphic Paper that told U.S. Bank of the relationship between Ekman and the Judgment Debtors. This argument defies logic and also means that U.S. Bank's actions may not have been made in good faith, as it clearly had a duty to investigate before it took certain action. For instance, it was U.S. Bank that served the restraining notice. It was also U.S. Bank that affirmatively refused to permit Graphic Paper from making payment to Ekman, even after Graphic Paper presented U.S. Bank with an affidavit from Ekman denying such relationship. It was also U.S. Bank that requested (to put it nicely) that Graphic Paper file the interpleader action, and has now made a claim for the interpleader funds by asserting in its answer that Ekman is the agent of one of the Judgment Debtors (it did not claim lack of knowledge). Accordingly, U.S. Bank should have had some evidence of a relationship between Ekman and one of the Judgment Debtors before it took the above steps, and if it didn't, it must be held liable for tortious interference with contract. It is not simply enough for U.S. Bank to blame Graphic Paper as it has attempted to do.

## CONCLUSION

For all of the reasons set forth herein, it is respectfully submitted that this Court deny the grant Graphic Paper's motion for leave to file a cross-claim for indemnification against U.S. Bank pursuant to Fed. R. Civ. P. 13(g) and 15(a).

Dated: Garden City, New York
      July 15, 2011

7

ETTELMAN & HOCHHEISER, P.C.


By:_____s/ Gary Ettelman_____
       Gary Ettelman (GE-9315)
       Joshua S. Stern
Attorneys for Interpleader Plaintiff
100 Quentin Roosevelt Blvd., Suite 401
Garden City, New York 11530
(516) 227-6300