UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EKMAN & CO AB,                                              ECF Case

                                Plaintiff,     Case No. 10 CV 8110 (JGK)

   -against -

GRAPHIC PAPER, INC.,

                               Defendants.
------------------------------------------------------------x
GRAPHIC PAPER, INC.,

                           Interpleader Plaintiff,

   -against -                                              **INTERPLEADER**
                                                                         **DEFENDANT U.S. BANK**
EKMAN & CO AB and                                           **NATIONAL ASSOCIATION'S**
U.S. BANK NATIONAL ASSOCIATION,                             **ANSWER, COUNTERCLAIM**
                                                                             **AND CROSSCLAIM TO**
                                                                             **"AMENDED ANSWER,**
                         Interpleader Defendants.             **INTERPLEADER COMPLAINT,**
                                                                            **AND CROSS-CLAIM"**
                                                                             **FILED BY DEFENDANT/**
                                                                             **INTERPLEADER PLAINTIFF**
                                                                             **GRAPHIC PAPER,**
                                                                             **INC.**
------------------------------------------------------------x

     U.S. Bank National Association ("U.S. Bank"), by its attorneys, Wilk Auslander LLP, as and for its answer, counterclaim, and crossclaim to the "Amended Answer, Interpleader Complaint, and Proposed Cross-claim," dated June 22, 2011, filed by interpleader plaintiff Graphic Paper, Inc. ("Graphic"), alleges as follows:

                           **U.S. BANK'S RESPONSE TO GRAPHIC'S AMENDED ANSWER**

     1.     U.S. Bank states that paragraphs 1 through 14 and the affirmative defenses one through six of Graphic's "Amended Answer" to the complaint filed against it by

plaintiff/interpleader defendant Ekman & Co AB ("Ekman') do not require a response from U.S. Bank.

## U.S. BANK'S ANSWER TO GRAPHIC'S INTERPLEADER COMPLAINT

1. U.S. Bank admits that this Court has jurisdiction over this matter pursuant to Fed. R. Civ. P. 22, or in the alternative pursuant to federal interpleader statute 28 U.S.C. § 1335; except that U.S. Bank denies the remaining allegation in paragraph 1 of the Interpleader Complaint insofar as it requires a legal conclusion that is properly made by this Court.

### Parties

2. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Interpleader Complaint.

3. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Interpleader Complaint.

4. U.S. Bank admits that it is a national banking association with its principal place of business in the State of Minnesota.

### Jurisdiction and Venue

5. U.S. Bank admits the allegations contained in paragraph 5 of the Interpleader Complaint.

6. U.S. Bank admits the allegations contained in paragraph 6 of the Interpleader Complaint.

7. U.S. Bank admits the allegations contained in paragraph 7 of the Interpleader Complaint.

**Factual Allegations**

8.  U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Interpleader Complaint.

9.  U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Interpleader Complaint.

10. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Interpleader Complaint, except that U.S. Bank admits that there is an outstanding amount of at least $1,905,885.33 due and owing from Graphic to Ekman (the "Funds").

11. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Interpleader Complaint.

12. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Interpleader Complaint.

13. U.S. Bank admits the allegations contained in paragraph 13 of the Interpleader Complaint.

14. U.S. Bank admits the allegations contained in paragraph 14 of the Interpleader Complaint.

15. U.S. Bank admits the allegations contained in paragraph 15 of the Interpleader Complaint.

16. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Interpleader Complaint.

17. U.S. Bank neither admits nor denies the allegations contained in paragraph 17 of the Interpleader Complaint and refers the Court to the referenced document.

18. U.S. Bank neither admits nor denies the allegations contained in paragraph 18 of the Interpleader Complaint and refers the Court to the referenced document.

19. U.S. Bank denies the allegations contained in paragraph 19 of the Interpleader Complaint except that U.S. Bank admits that, upon information and belief, Ekman is acting as an agent on behalf of the Judgment Debtors referenced in paragraph 14 of the Interpleader Complaint.

20. U.S. bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Interpleader Complaint, except that U.S. Bank admits that the referenced Restraining Notice (i) forbids Graphic from making any sale, assignment or transfer of, or interfere with, any property of the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman), or pay over or otherwise dispose of any debt owed to Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman) and (ii) restrains further all property in which the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman) have an interest hereafter coming into Graphic Paper's possession or custody and all debts hereafter coming due from Graphic to the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman). Moreover, Graphic is subject to liability should it violate the Restraining Notice.

21. U.S. Bank neither admits nor denies the allegations contained in paragraph 21 of the Interpleader Complaint, except that U.S. Bank admits that an interpleader action is the appropriate method to resolve this dispute.

## COUNT I

### (Interpleader Pursuant to Fed. R. Civ. P. 22)

22. U.S. Bank respectfully repeats and realleges its responses to paragraphs 1 through and including 21, set forth above.

23. U.S. Bank denies the allegations contained in paragraph 23 of the Interpleader Complaint, except that U.S. Bank admits that the referenced Restraining Notice (i) forbids Graphic from making any sale, assignment or transfer of, or interfere with, any property of the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman), or pay over or otherwise dispose of any debt owed to Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman) and (ii) restrains further all property in which the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman) have an interest hereafter coming into Graphic Paper's possession or custody and all debts hereafter coming due from Graphic to the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman). Moreover, Graphic is subject to liability should it pay over the Funds in violation of the Restraining Notice.

24. U.S. Bank neither admits nor denies the allegations contained in paragraph 24 of the Interpleader Complaint, except that U.S. Bank admits that an interpleader action is the appropriate method to resolve this dispute.

25. U.S. Bank neither admits nor denies the allegations contained in paragraph 25 of the Interpleader Complaint, except that U.S. Bank admits Graphic is subject to liability should it violate the Restraining Notice.

## COUNT II

### (Alternative Interpleader Pursuant to 28 U.S.C. § 1335)

26. U.S. Bank respectfully repeats and realleges its responses to paragraphs 1 through 21 and 23 through 25, set forth above.

27. U.S. Bank denies the allegations contained in paragraph 27 of the Interpleader Complaint, except that U.S. Bank admits that the referenced Restraining Notice (i) forbids Graphic from making any sale, assignment or transfer of, or interfere with, any property of the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman), or pay over or otherwise dispose of any debt owed to Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman) and (ii) restrains further all property in which the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman) have an interest hereafter coming into Graphic Paper's possession or custody and all debts hereafter coming due from Graphic to the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman).  Moreover, Graphic is subject to liability should it pay over the Funds in violation of the Restraining Notice.

28. U.S. Bank neither admits nor denies the allegations contained in paragraph 28 of the Interpleader Complaint, except that U.S. Bank admits that an interpleader action is the appropriate method to resolve this dispute.

29. U.S. Bank neither admits nor denies the allegations of paragraph 29 of the Interpleader Complaint, except that U.S. Bank admits Graphic is subject to liability should it violate the Restraining Notice.

30. Paragraph 30 contains a legal conclusion for which no response is necessary.

## COUNT III

### (N.Y. C.P.L.R. § 5239)

31. U.S. Bank respectfully repeats and realleges its responses to paragraphs 1 through 21, 23 through 25, and 27 through 30, set forth above.

32. U.S. Bank neither admits or denies the allegations contained in paragraph 32 of the Interpleader Complaint, except that U.S. Bank admits that the referenced Restraining Notice (i) forbids Graphic from making any sale, assignment or transfer of, or interfere with, any property of the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman), or pay over or otherwise dispose of any debt owed to Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman) and (ii) restrains further all property in which the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman) have an interest hereafter coming into Graphic Paper's possession or custody and all debts hereafter coming due from Graphic to the Judgment Debtors (or anyone acting as an agent of the Judgment Debtors, including, without limitation, Ekman). Moreover, Graphic is subject to liability should it pay over the Funds in violation of the Restraining Notice.

33. U.S. Bank denies the allegations contained in paragraph 33 of the Interpleader Complaint, except that U.S. Bank admits it is the judgment creditor in the matter of *U.S. Bank National Association v. APP International Finance et al.,* (Index No. 600405/04), pending in the Supreme Court of New York, County of New York. U.S. Bank further admits that is has rights to the Funds in the possession of Graphic Paper.

34. Paragraph 34 contains a legal conclusion for which no response is necessary.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

35. Interpleader Plaintiff Graphic is estopped from asserting that the Funds belong to Interpleader Defendant Ekman.

### SECOND AFFIRMATIVE DEFENSE

36. Interpleader Plaintiff Graphic has waived its right to dispute the validity of the Restraining Notice referenced herein.

### THIRD AFFIRMATIVE DEFENSE

37. Interpleader Plaintiff failed to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

38. Interpleader Plaintiff's claims are barred by laches, waiver, and/or estoppel.

## U.S. BANK'S COUNTERCLAIMS AGAINST GRAPHIC AND CROSSCLAIMS AGAINST EKMAN

U.S. Bank, by and through its undersigned attorneys, Wilk Auslander LLP, hereby asserts the following counterclaim against Graphic and crossclaim against Ekman.

## PARTIES

1. Interpleader Defendant/Counterclaimant/Crossclaimant U.S. Bank is a national banking association with its principal place of business in the State of Minnesota.

2. Interpleader Plaintiff/Counter-defendant Graphic Paper admits that it is a New York corporation with its principal place of business in County of Suffolk, State of New York.

3. Interpleader Defendant/Cross-defendant Ekman admits that it is a Swedish company with its principal place of business in Sweden.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1335, 28 U.S.C. § 1332(a), and Fed. R. Civ. P. 22.

5. Graphic Paper has in its custody or possession within this district certain monies in excess of $50,000.

6. At least two claimants, U.S. Bank and Ekman, are of diverse citizenship and claim to be entitled to the Funds.

7. This lawsuit is between a citizen of New York, a citizen of Minnesota, and a citizen of Sweden, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

8. Venue is proper in this district pursuant to 28 U.S.C. 1391(a) and (b) because a substantial part of the events giving rise to the claims in this proceeding occurred in this district, and a substantial part of the property that is the subject of the action is situated in this district.

## THE FACTS

9. In an action entitled *U.S. Bank National Association v. APP International Finance Co., B.V. et al.*, (Index No. 600405/04), pending in the Supreme Court of New York, County of New York, a judgment was entered on March 10, 2005, in favor of judgment creditor U.S. Bank and against defendants/judgment debtors (i) APP International Finance Company, B.V. ("APP Int'l"); (ii) P.T. Lontar Papyrus Pulp & Paper Industry ("PT Lontar"); (iii) Asia Pulp & Paper Company Ltd. ("APP") (iv) Indah Kiat International Finance Company B.V. ("Indah Kiat"); and (v) P.T. Indah Kiat Pulp & Paper Corporation ("PTIK") (together, APP Int'l, PT Lontar, APP, Indah Kiat and PTIK are "Judgment Debtors").

10. Judgment was entered against Judgment Debtors and in favor of U.S. Bank in the following amounts: from defendants/judgment debtors, APP Int'l, P.T. Lontar, and APP, jointly and severally, the sum of $536,029,885.00; from defendants/judgment debtors, Indah Kiat and PTIK, jointly and severally, the sum of $196,347,040.00; and from defendants/judgment debtors, Indah Kiat and PTIK, jointly and severally, the sum of $118,946,398.00, all of which together with interest from March 10, 2005, remains due and unpaid, and now exceeds *$1.2 billion*.

11. Judgment Debtors are based in Indonesia and are in the business of manufacturing paper products sold worldwide.

12. According to the website of Judgment Debtor APP, www.asiapulpandpaper.com, its sales agent in the United States is an entity called Paper Max, Inc. ("Paper Max").

13. Upon information and belief, Paper Max is a corporation organized under the laws of the State of California with a principal place of business in Los Angeles, California.

14. Upon information and belief, Graphic, a New York based company, is a wholesale distributor of paper products.

15. Graphic negotiates the purchases of products manufactured by Judgment Debtors PTIK and Lontar through the Judgment Debtors' U.S. agent, Paper Max.

16. Upon information and belief, all products purchased by Graphic from Judgment Debtors through Paper Max are invoiced by and paid to Ekman, which acts as the financing arm of Judgment Debtors.

17. On or about August 5, 2010, U.S. Bank served upon Graphic a subpoena *duces tecum* and Restraining Notice forbidding Graphic from making any sale, assignment or transfer of, or interfering with any property of the Judgment Debtors, its affiliates and/or its agents, or paying over or otherwise disposing of any debt owed to Judgment Debtors, its affiliates and/or agents, restraining all property in which the Judgment Debtors, its affiliates and/or agents, have an interest in that is in Graphic Paper's possession or custody and restraining all debts coming due from Graphic to the Judgment Debtors, its affiliates and/or agents.

18. Graphic, through its counsel, advised U.S. Bank that Graphic owed $1,905,885.33 (the "Funds") to Ekman, an entity that Graphic believes may be acting as Judgment Debtors' agent.

19. Graphic requested that U.S. Bank release it from the Restraining Notice in order that it may pay the Funds owed to Ekman.

20. In response to Graphic's request, U.S. Bank explained that it would not waive any rights under the Restraining Notice and suggested to counsel for Graphic that it commence an interpleader action so that the rights of the parties to the Funds are determined by the Court.

21. On October 25, 2010, Ekman filed a complaint against Graphic in this Court for nonpayment of the Funds.

22. On November 18, 2010, Graphic filed its "Answer and Interpleader Complaint" against U.S. Bank and Ekman, requesting that this Court intervene and resolve the claims to the Funds.

23. On December 7, 20100, Graphic filed an "Amended Answer and Interpleader Complaint" against U.S. Bank and Ekman.

24. On December 9, 2010, this Court entered an order permitting Graphic to deposit the Funds in an interest bearing account in the Court registry.

25. On December 10, 2010, Ekman filed a motion to dismiss the interpleader complaint.

## COUNT I

**Declaratory Judgment Pursuant to 28 U.S.C. § 2201 and 2202 and Fed. R. Civ. P. 57**

**(Counterclaim Against Graphic and Crossclaim Against Ekman)**

26. U.S. Bank realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 25 above.

27. U.S. Bank has a money judgment entered in its favor against Judgment Debtors in an amount exceeding $1.2 billion.

28. U.S. Bank has served upon Graphic a Restraining Notice pursuant to C.P.L.R. § 5222, restraining Graphic from transferring or disposing of any debt owed or property in its possession or custody in which the Judgment Debtors have an interest.

29. Graphic owes a debt to Ekman in the amount of $1,905,885.33.

30. Ekman is an agent of the Judgment Debtors.

31. The debt Graphic owes to Ekman, an agent of the Judgment Debtors, is properly restrained pursuant to the Restraining Notice.

32. A genuine controversy exists between U.S. Bank and Ekman with respect to their rights to the Funds.

33. A declaration of this Court is necessary to resolve the controversy.

## U.S. BANK'S ANSWER TO GRAPHIC'S CROSS-CLAIM COMPLAINT

### INTRODUCTION

1. With respect to paragraph 1 of the Cross-claim Complaint, U.S. Bank admits that Graphic seeks indemnification from U.S. Bank, but denies that there is any merit to the claim.

### PARTIES

2. U.S. Bank states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Cross-claim Complaint.

3. In response to paragraph 3 of the Cross-claim Complaint, U.S. Bank admits that it is a national banking association with its principal place of business in the State of Minnesota.

### JURISDICTION AND VENUE

4. U.S. Bank admits the allegations contained in paragraph 4 of the Cross-claim Complaint.

5. U.S. Bank admits the allegations contained in paragraph 5 of the Cross-claim Complaint.

### FACTS

6. U.S. Bank admits the allegations contained in paragraph 6 of the Cross-claim Complaint.

7. U.S. Bank denies the allegations contained in paragraph 7 of the Cross-claim Complaint, except admits that it served a restraining notice, pursuant to NY CPLR § 5222, on Graphic as part of its enforcement of a judgment entered by the Supreme Court of the State of New York, County of New York, in the action styled *U.S. Bank National Association v. APP International Finance Co., B.V., et al.* (Index No. 600405/2004), in favor of U.S. Bank and against the Judgment Debtors.

8. U.S. Bank states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Cross-claim Complaint.

9. U.S. Bank states that paragraph 9 of the Cross-claim Complaint merely summarizes the statements made by Mr. Hans Tidebrant in his affidavit (the "Tidebrant Aff.") and, thus, requires no response; to the extent that a response is required, U.S. Bank states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Cross-claim Complaint.

10. U.S. Bank states that paragraph 10 of the Cross-claim Complaint merely recites an excerpt from the Tidebrant Aff. and, thus, requires no response; to the extent that a response is required, U.S. Bank states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Cross-claim Complaint.

11. U.S. Bank denies the allegations contained in paragraph 11 of the Cross-claim Complaint, except admits the allegation that "[u]pon receipt of the Affidavit, Graphic contacted the Judgment Creditor, U.S. Bank, and attempted to obtain the Judgment Creditor's consent to the payment by Graphic of the Ekman invoices." U.S. Bank states further that Graphic does not identify the person who allegedly made the statement referenced in paragraph 11 of the Cross-claim Complaint or whether it was made verbally or in writing.

12. U.S. Bank states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Cross-claim Complaint, except admits that plaintiff/interpleader defendant Ekman brought suit against Graphic alleging damages arising from Graphic's cancellation of certain purchase orders.

13. U.S. Bank states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Cross-claim Complaint,

except admits that on or about November 18, 2010, Graphic brought an interpleader action against U.S. Bank and Ekman.

14. U.S. Bank admits the allegations contained in paragraph 14 of the Cross-claim Complaint.

15. U.S. Bank admits the allegations contained in paragraph 15 of the Cross-claim Complaint.

## COUNT I
### (Indemnification)

16. U.S. Bank repeats and re-alleges its responses to paragraphs 1 through 15, set forth above.

17. U.S. Bank states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Cross-claim Complaint.

18. U.S. Bank denies the allegations contained in paragraph 18 of the Cross-claim Complaint.

19. U.S. Bank denies the allegations contained in paragraph 19 of the Cross-claim Complaint.

20. U.S. Bank denies the allegations contained in paragraph 20 of the Cross-claim Complaint.

21. U.S. Bank denies that Graphic is entitled to any relief including, but not limited to, the relief requested in the Prayer for Relief of the Cross-claim Complaint.

22. U.S. Bank reserves the right to amend this answer if necessary.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

23. The Cross-claim Complaint fails to state a claim for relief against U.S. Bank.

## SECOND AFFIRMATIVE DEFENSE

24. The Cross-claim Complaint fails to allege a cognizable claim for tortious interference with contract, *inter alia,* because of the failure to allege U.S. Bank's wrongful "interference."

## THIRD AFFIRMATIVE DEFENSE

25. Service and enforcement of a valid restraining notice by U.S. Bank, a judgment creditor, issued in accordance with NY CPLR § 5222, does not give rise to a cause of action for tortious interference with contract by Graphic, a third party garnishee.

## FOURTH AFFIRMATIVE DEFENSE

26. Graphic is estopped from challenging the validity of the restraining notice served on it by U.S. Bank given that Graphic advised U.S. Bank that it had reason to believe that it owes a debt to the Judgment Debtors.

## FIFTH AFFIRMATIVE DEFENSE

27. The Cross-claim Complaint is barred because U.S. Bank did not engage in any wrongful conduct.

## SIXTH AFFIRMATIVE DEFENSE

28. The Cross-claim Complaint is barred because any alleged interference with contract by U.S. Bank was justified.

## SEVENTH AFFIRMATIVE DEFENSE

29. At all relevant times, U.S. Bank acted in good faith, in accordance with law, and pursuant to the statutory remedies afforded it under N.Y. C.P.L.R. §5222.

## EIGHTH AFFIRMATIVE DEFENSE

30. Graphic would be unjustly enriched if allowed to recover from U.S. Bank any sums claimed to be due under the Cross-claim Complaint.

**NINTH AFFIRMATIVE DEFENSE**

31.     U.S. Bank reserves the right to assert additional affirmative defenses in the event that discovery and the results of any investigation indicate that they would be appropriate.

WHEREFORE, U.S. Bank respectfully requests that judgment be entered as follows:

(i)     declaring that the Funds are properly restrained pursuant to C.P.L.R. § 5222;

(ii)    declaring that U.S. Bank is entitled to the Funds in partial satisfaction of the judgment it has against the Judgment Debtors, including any associated proceeds and accrued interest;

(iii)   dismissing the Cross-claim Complaint with prejudice; and

(ii)    granting U.S. Bank such other and further relief as the Court may deem just and proper.

Dated:  New York, New York          WILK AUSLANDER LLP
        August 3, 2011

                                    By: /s/ Jessica Taran
                                        Jessica Taran (JT-1978)
                                        Joseph Zelmanovitz (JZ-0085), *Of Counsel*
                                    675 Third Avenue
                                    New York, New York 10017
                                    (212) 421-2233

                                    *Attorneys for Interpleader Defendant*
                                    *U.S. Bank National Association*