UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK,
-----------------------------------------------------------------x
EKMAN & CO. AB.,

                              Plaintiff,

Case No. 10 CV 8110 (JGK)

—against—

SO ORD~~ERED~~ ORDER
ST~~IPU~~LATION

GRAPHIC PAPER, INC.,

                              Defendant.
-----------------------------------------------------------------x
GRAPHIC PAPER, INC.,

                            Interpleader Plaintiff,

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/11

-against-

EKMAN & CO. AB., and
U.S. BANK NATIONAL ASSOCIATION,

                            Interpleader Defendants.
-----------------------------------------------------------------x

ORDERED

IT IS HEREBY ~~STIPULATED AND AGREED, by and between counsel for the parties, subject to the approval of the Court~~, that pursuant to Fed. R. Civ. P. 26(c)(1)(G), the following ~~Stipulation and~~ Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses and other written, recorded or graphic matter, including any information contained therein (hereinafter sometimes referred to as "Discovery Material"), produced or exchanged during discovery in this action by any party to this action or by any third party (hereinafter sometimes referred to as a "Producing Party").

1

551475v2

1. The parties recognize that discovery in this matter may call for the production of Discovery Material containing confidential and proprietary business and financial information and other commercially sensitive information of a party, and that the Producing Party has a protected proprietary, property or privacy interest in those materials.

2. The Producing Party may designate for confidential treatment pursuant to this ~~Stipulation and~~ Order the portion of any Discovery Material produced or otherwise furnished by any of the parties in discovery, that the designating party in good faith considers not to be generally known and that the Producing Party would normally not reveal to third parties, or if disclosed, would require such third parties to maintain in confidence (hereinafter sometimes referred to as "Confidential Material").

3. The Producing Party may designate for highly confidential treatment pursuant to this ~~Stipulation and~~ Order the portion of any Discovery Material produced or otherwise furnished by any of the parties in discovery, that the designating party in good faith considers to be highly confidential material, the disclosure of which could provide another party with a significant competitive bargaining or business advantage or invade sensitive privacy interest (hereinafter sometimes referred to as "For Attorneys' Eyes Only" material).

4. The designation of Discovery Material as "Confidential" or "For Attorneys' Eyes Only" for purposes of this ~~Stipulation and~~ Order shall be made in the following manner:

(a) with respect to documents or other materials (apart from depositions or other pre-trial testimony and interrogatory responses): by affixing, at the time of copying, the legend "Confidential" to each page containing any "Confidential" material and the legend "For Attorneys' Eyes Only" to each page containing any "For Attorneys' Eyes Only"

material;

      (b)  with respect to depositions or other pre-trial testimony: either (i) by a statement on the record, by counsel, at the time of disclosure, indicating specifically those answers that are covered by such designation, or (ii) by notifying counsel for all other parties in writing (and either delivered by hand or transmitted by facsimile) within thirty (30) days after receipt by counsel for the parties or for the deponent or witness of the transcript of such deposition or other pre-trial testimony. Such written notice shall designate by page and line numbers the testimony that is "Confidential" or "For Attorneys' Eyes Only." The legend "Confidential" shall be affixed to the first page of the original transcript containing "Confidential" material, and to the first page of all copies of such transcript, and the legend "For Attorneys' Eyes Only" shall be affixed to the first page of the original transcript containing "For Attorneys' Eyes Only" material, and to the first page of all copies of such transcript. Only those portions of each transcript designated as "Confidential" or "For Attorneys' Eyes Only" in this action shall be deemed "Confidential" or "For Attorneys' Eyes Only" material, respectively. All transcripts of depositions or other pre-trial testimony shall be deemed to be "Confidential" until the end of the thirtieth day after their receipt by counsel for the deponent or witness; and

      (c)  with respect to interrogatory responses: by stating, in the interrogatory response, that it contains "Confidential" or "For Attorneys' Eyes Only" material. Only those interrogatory responses designated as "Confidential" or "For Attorneys' Eyes Only" in this action shall be deemed "Confidential" or "For Attorneys' Eyes Only" respectively.

  5.  "Confidential" material may be disclosed, summarized, described or otherwise communicated or made available in whole or in part only to the following persons:

      (a)    outside counsel who represent or are assisting in the representation of parties in this action, and regular and temporary employees of those counsel assisting in the conduct of this action, and inside counsel of parties who are assisting outside counsel in this action, and outside photocopying and document services companies, for use in accordance with this ~~Stipulation and~~ Order;

      (b)    consultants or experts assisting counsel for the parties in this action;

      (c)    deponents, trial or hearing witnesses and their counsel, in preparation for and during depositions, trial or pre-trial hearings in this proceeding, provided that counsel for the party intending to disclose such "Confidential" material has a good faith basis for believing that such "Confidential" material is relevant to specific events, transactions, discussions, communications, or data about which the witness is expected to testify;

      (d)    parties or representatives of the parties but only to the extent necessary for the proper conduct of this action; and

      (e)    the Court in this action, pursuant to Paragraph 8 of this ~~Stipulation~~ Order and court reporters employed in connection with this action.

6.    "For Attorneys' Eyes Only" material may be disclosed, summarized, described or otherwise communicated or made available in whole or in part only to the following persons:

      (a)    outside counsel who represent or are assisting in the representation of parties in this action, and regular and temporary employees of those counsel assisting in the conduct of this action, and inside counsel of parties who are assisting outside counsel in this action, and outside photocopying and document services companies, for use in accordance with

this Stipulation and Order;

    (b)    consultants or experts assisting counsel for the parties in this action;

    (c)    deponents, trial or hearing witnesses and their counsel, in preparation for and during depositions, trial or pretrial hearings in this proceeding, provided that counsel for the party intending to disclose such "For Attorneys' Eyes Only" material has a good faith basis for believing that such "For Attorneys' Eyes Only" material is relevant to specific events, transactions, discussions, communications, or data about which the witness has personal knowledge and is expected to testify; provided, <u>however</u>, that prior to disclosing such Attorneys' Eyes Only material pursuant to this subparagraph the disclosing party will give sufficient prior notice to the producing party to permit the producing party the opportunity to seek a protective order; and provided further that pending the decision on any application for a protective order the document, testimony or other information in question shall be treated as "For Attorneys' Eyes Only" as directed by the designating party pursuant to this ~~Stipulation and~~ Order.

    (d)    any person carrying on an insurance business who may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment; and

    (e)    the Court in this action, pursuant to Paragraph 8 of this ~~Stipulation~~ Order, and court reporters employed in connection with this action.

7.    Every person to whom "Confidential" or "For Attorneys' Eyes Only" material or information contained therein is disclosed, summarized, described or otherwise communicated or made available in whole or in part first shall be advised that the material or information is being

5

disclosed pursuant and subject to the terms of this ~~Stipulation and~~ Order and may not be disclosed, summarized, described or otherwise communicated or made available in whole or in part to any other person, except pursuant to the terms hereof. Further, any person listed in Paragraphs 5(b), 5(c), 5(d), or 5(e) above who is given access to "Confidential" material or information contained therein, and any person listed in Paragraphs 6(b), 6(c), or 6(d) above who is given access to "For Attorneys' Eyes Only" material or information contained therein, first shall be required to confirm his or her understanding and agreement to abide by the terms of this Stipulation and Order by signing a copy of Exhibit "A" attached hereto in order to be bound by the terms of this ~~Stipulation and~~ Order. Counsel for each party shall keep the original of each Exhibit "A" executed at the party's request.

8. Counsel for any party filing with or submitting to the Court any "Confidential" or "For Attorneys' Eyes Only" material, or any papers containing, reflecting or revealing such material, shall file with the documents, and serve on all parties, a notice that the documents are, or are claimed to be, subject to this ~~Stipulation and~~ Order, identifying this ~~Stipulation and~~ Order by date, and shall submit such documents to the Clerk under seal.

9. Entering into this Stipulation and Order, producing or receiving "Confidential" or "For Attorneys' Eyes Only" material (or agreeing to do so) or otherwise complying with this ~~Stipulation and~~ Order shall not:

    (a) operate as an admission that any particular designated "Confidential" or "For Attorneys' Eyes Only" material contains or reflects trade secrets or any other type of confidential information;

    (b) prejudice in any way the rights of a producing party to object to the

production of documents, testimony or other material that such party considers not subject to discovery; or

(c) prevent the parties to this ~~Stipulation and~~ Order from agreeing in writing to amend, alter or waive the provisions or protection provided for herein with respect to any particular material.

10. This ~~Stipulation and~~ Order has no effect upon, and shall not apply to, (a) any producing party's use of its own "Confidential" or "For Attorneys' Eyes Only" material for any purpose; (b) any party's use of any document or other information developed or obtained independent of discovery in this action for any purpose; or (c) the trial of this action or court proceedings at or during trial.

11. Subject to order of the Court, in any court hearing, or other proceeding before this Court, open to the public, counsel shall not disclose any "Confidential" or "For Attorneys' Eyes Only" material without prior notice to all other parties and an opportunity for them to seek a protective order; provided, however, that pending any such application the document, testimony or other information in question shall be treated as "Confidential" or "For Attorneys' Eyes Only" as directed by the designated party, pursuant to this ~~Stipulation and~~ Order.

12. If any document, testimony or other information is inadvertently produced without any designation or confidentiality, a party nevertheless may assert appropriate confidentiality of the document, testimony or other information, and the parties shall thereafter treat the document, testimony or other information as "Confidential" or "For Attorneys' Eyes Only" material, as directed by the party asserting confidentiality, provided that such assertion shall be made promptly upon discovery of any inadvertent disclosure.

13. Inadvertent production of any document for which the producing party claims a

privilege will not be deemed to be a waiver of that privilege. The producing party shall bear the burden of proving to the Court the privileged nature of the document.

14. Within 45 calendar days after the conclusion of this action in its entirety, any party that has produced "Confidential" or "For Attorneys' Eyes Only" material shall notify all other parties to whom the material was produced, in writing, by document number or other specified means of identification, those portions of material they wish to have returned or destroyed. All parties to whom those identified portions were produced either (a) shall return such material and all copies thereof to counsel for the party that produced it, or (b) shall destroy all such "Confidential" or "For Attorneys' Eyes Only" material in their possession in a manner that ensures that such material will not be disclosed or disseminated or recovered by any person. Outside counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions and at trial, and attorney work product disclosing or containing "Confidential" or "For Attorneys' Eyes Only" material, including such materials containing, quoting, discussing or analyzing "Confidential" or "For Attorneys' Eyes Only" provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, transcripts, exhibits or attorney work product containing "Confidential" or "For Attorneys' Eyes Only" material, to any person except on reasonable notice to the producing party and either pursuant to Court order, regulatory requirement, or subpoena, or by agreement with the party that produced the "Confidential" or "For Attorneys' Eyes Only" material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph. "Conclusion of this action in its entirety" means after all appeal periods have expired or after the execution of a settlement agreement among all the parties finally disposing of this action, and, in any event, not before the completion of all collection proceedings.

15. In the event that any person or party ceases to be engaged in the preparation for trial or in the trial of this action, the provisions of this ~~Stipulation and~~ Order shall remain in full force and effect as to any such person or party who has obtained access to documents, testimony or other information designated "Confidential" or "For Attorneys' Eyes Only" hereunder, except as may be specifically order by the Court or consented to by the producing party, provided that any person listed in Paragraphs 5(b) or 6(b) above who ceases to be engaged in the preparation for trial or in the trial of this action shall return or destroy any material designated "Confidential" or "For Attorneys' Eyes Only," and that person's access to documents, testimony or other information designated "Confidential" or "For Attorneys' Eyes Only" shall be terminated.

16. During the pendency of this action, when any document, testimony or other information is designated "Confidential" or "For Attorneys' Eyes Only", any party objecting to the designation of such material as "Confidential" or "For Attorneys' Eyes Only" may, after making a good faith effort to resolve any such objection, move on reasonable notice to the producing party for an order from this Court vacating the designation. While such an application is pending, the document, testimony or other information in question shall be treated as "Confidential" or "For Attorneys' Eyes Only," as directed by the designating party, pursuant to this ~~Stipulation and~~ Order. The producing party shall have the burden of persuading the Court that good cause exists for the entry of a protective order pursuant to FRCP 26(c).

17. All "Discovery Material" shall be used by the party receiving such material solely for purposes of preparing for and conducting pre-trial, trial, post-trial, collection and appellate proceedings in this litigation and, in the case of interpleader defendant U.S. Bank National Association, in connection with its efforts to enforce a judgment entered in its favor in an action styled *U.S. Bank National Association v. APP Int'l Finance Company B.V.*, et al. (Index No.

600405/04), pending in the Supreme Court of the State of New York, County of New York, against judgment debtors APP International Finance Company, B.V., P.T. Lontar Papyrus Pulp & Paper Industry, Asia Pulp & Paper Company Ltd., Indah Kiat International Finance Company B.V., and P.T. Indah Kiat Pulp & Paper Corporation, and for no other purpose.

18. This Stipulation and Order will only apply to Discovery Material that has already been produced or disclosed by the parties in this litigation. With respect to Discovery Material that is produced or disclosed by the parties subsequent to the entering of the Stipulation and Order ("Future Production"), this Stipulation and Order shall only apply to Future Production upon the consent and agreement of all the parties. If the parties cannot agree to the application of the Stipulation and Order with respect to Future Production, this Stipulation and Order shall not constitute a waiver or limit the right of any party to seek relief from the Court regarding the Future Production.

19. This Stipulation and Order may be executed in counterparts.

Dated: Garden City, New York
August __, 2011

ETTELMAN & HOCHHEISER, P.C.

BY: _____
Gary Ettelman
gettelman@e-hlaw.com
Joshua Steven Stern
jstern@e-hlaw.com
100 Quentin Roosevelt Blvd. Suite 401
Garden City, New York 11530
Tel.: (516) 227-6300
Fax: (516) 227-6307
*Attorneys for Defendant-Interpleader
Plaintiff Graphic Paper, Inc.*

DUANE MORRIS LLP

BY: _____
Anthony J. Costantini
AJCostantini@duanemorris.com
Mairi V. Luce
mvluce@duanemorris.com
1540 Broadway
New York, New York 10036
Tel.: (212) 692-1000
Fax: (212) 692-1020
*Attorneys for Plaintiff-Interpleader
Defendant Ekman & Co AB*

551475v2

WILK AUSLANDER LLP

BY: _____
Jessica Taran
jtaran@wilkauslander.com
Joesph Zelmanovitz, of Counsel
675 Third Avenue
New York, New York 10017
Tel.: (212) 421-2233 x2313
Fax: (212) 752-6380
*Attorneys for Interpleader Defendant U.S.
Bank National Association*

SO ORDERED:

*James C. Francis IV*
~~Hon. John G. Koeltl, U.S.D.J.~~
9/7/11

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK,
-------------------------------------------------------------------x
EKMAN & CO. AB.,

                Case No. 10 CV 8110 (JGK)

        Plaintiff,

 –against –            **EXHIBIT A**

GRAPHIC PAPER, INC.,

        Defendant.
-------------------------------------------------------------------x
GRAPHIC PAPER, INC.,

       Interpleader Plaintiff,

 -against-

EKMAN & CO. AB., and
U.S. BANK NATIONAL ASSOCIATION,

       Interpleader Defendants.
-------------------------------------------------------------------x

### Confidentiality Agreement

I have read the terms of the ~~Stipulation and~~ Order Governing the Production and Exchange of Discovery Material in this action dated ~~August~~ [September 7], 2011, and agree to abide by the terms and conditions contained therein.

          Signed_____
          Dated _____

12

551475v2