UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

EKMAN & CO AB.,                                    ECF Case

                          Plaintiff,               Case No. 10 CV 8110 (JGK)

        -against -

GRAPHIC PAPER, INC.,

                          Defendant.

----------------------------------------------------------------x

GRAPHIC PAPER, INC.,

                  Interpleader Plaintiff,

        -against -

EKMAN & CO AB. and
U.S. BANK NATIONAL ASSOCIATION,

                  Interpleader Defendants.

----------------------------------------------------------------x


## MEMORANDUM OF U.S. BANK NATIONAL ASSOCIATION IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT DISMISSING CROSS-CLAIMS

Joseph Zelmanovitz, *Of Counsel*
Jessica Taran
WILK AUSLANDER LLP
1515 Broadway, 43rd Floor
New York, New York 10036
(212) 981-2300

*Attorneys for Interpleader Defendant*
*U.S. Bank National Association*

Table of Contents

Page

Preliminary Statement.................................................................................................1

The Facts....................................................................................................................3

The Evidence Adduced In Discovery ..........................................................................7

Argument ...................................................................................................................8

POINT I
The Applicable Legal Standards To Be  Applied On U.S. Bank's Motion For
Summary  Judgment To Dismiss The Cross-Claims ...................................................8

POINT II
Ekman's Cross-Claim Alleging Tortious Interference With Contract Should Be
Dismissed As A Matter Of Law.................................................................................10

POINT III
Graphic's Cross-Claim For Indemnification Should Be Dismissed As A Matter Of
Law..........................................................................................................................14

Conclusion ...............................................................................................................17

Table of Authorities

Page

**Cases**

*Adams v. Banc of America Securities, LLC,*
   7 Misc. 3d 1023A, 801 N.Y.S.2d 229 (Sup. Ct., N.Y. Co., 2005) .......................................... 13

*AIG v. Choice Logistics,*
   2009 NY Slip Op. 31967U (Sup. Ct., N.Y. Co., Aug. 17, 2009) ........................................... 16

*Amusement Industry, Inc. v. Stern,*
   786 F. Supp. 2d 789 (S.D.N.Y. 2011) .................................................................................... 16

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242, 106 S. Ct. 2505 (1986)................................................................................... 8, 9

*Behringer v. Lavelle Sch. for the Blind,*
   No. 08 Civ. 4899, 2010 U.S. Dist. LEXIS 134440, 2010 WL 5158644
   (S.D.N.Y. Dec. 17, 2010) ......................................................................................................... 8

*Broyhill Furniture Indus., Inc. v. Hudson Furniture Galleries, LLC,*
   2008 NY Slip Op 30636U (Sup. Ct., N.Y. Co., Feb. 28, 2008) ............................................ 15

*Burrowes v. Combs,*
   25 A.D.3d 370, 808 N.Y.S.2d 50 (1st Dep't 2006) ............................................................... 13

*Caplan v. Tofel,*
   65 A.D.3d 1180, 886 N.Y.S.2d 182 (2d Dep't 2009) ........................................................... 11

*Caribbean Construction Services & Associates, Inc. v. Zurich Ins. Co.,*
   267 A.D.2d 81, 700 N.Y.S.2d 129 (1st Dep't 1999) ............................................................. 11

*Celotex Corp. v. Catrett,*
   477 U.S. 317, 106 S. Ct. 2548 (1986)..................................................................................... 8

*Digitrex v. Johnson,*
   491 F. Supp. 66 (S.D.NY. 1980) ........................................................................................... 12

*Dora Homes, Inc. v. Epperson,*
   344 F. Supp. 2d 875 (E.D.N.Y. 2004) .................................................................................... 15

*E.F. Hutton Int'l Assocs. v. Shearson Lehman Bros. Holdings, Inc.,*
   281 A.D.2d 362, 723 N.Y.S.2d 161 (1st Dep't 2001)............................................................ 12

*Fagan v. AmerisourceBergen Corp.,*
   356 F. Supp. 2d 198 (E.D.N.Y. 2004) .................................................................................... 16

*Finley v. Giacobe,*
   79 F.3d 1285 (2d Cir. 1996) ................................................................................................... 10

*Gallo v. Prudential Residential Servs., Ltd. P'ship,*
   22 F.3d 1219 (2d Cir. 1994) ..................................................................................................... 8

*Gatling v. Atlantic Richfield Co..*
   577 F.2d 185 (2d Cir.), *cert. denied,* 439 U.S. 861, 99 S. Ct. 181 (1978)................................ 9

Table of Authorities
(continued)

*Harris v. Town of Fort Ann,*
  35 A.D.3d 928, 825 N.Y.S.2d 804 (3d Dep't 2006) ............................................................... 13

*Highland Holdings v. Century/ML Cable Venture,*
  2007 U.S. Dist. LEXIS 62178 (S.D.N.Y., Aug. 24, 2007) ..................................................... 15

*Imtrac Indus. v. Glassexport Co.,*
  1996 U.S. Dist. LEXIS 1022 (S.D.N.Y. Feb. 1, 1996) ........................................................... 12

*KBL Corp. v Arnouts,*
  646 F. Supp. 2d 335 (S.D.N.Y. 2009) .................................................................................... 16

*Krys v. Sugrue,*
  2011 U.S. Dist. LEXIS 142291 (S.D.N.Y. Oct. 21, 2010) ..................................................... 13

*L & L Started Pullets, Inc. v. Gourdine,*
  762 F.2d 1 (2d Cir. 1985) ......................................................................................................... 9

*Lana & Samer, Inc. v. Goldfine,*
  7 A.D.3d 300, 776 N.Y.S.2d 66 (1st Dep't 2005) .................................................................. 13

*Masefield AG v. Colonial Oil Indus.,*
  2006 U.S. Dist. LEXIS 5792 (S.D.N.Y. Feb. 14, 2006) ......................................................... 12

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,*
  475 U.S. 574, 106 S. Ct. 1348 (1986) ...................................................................................... 9

*McPherson v. N.Y. City Dep't of Educ.,*
  457 F.3d 211 (2d Cir. 2006) ...................................................................................................... 9

*Mitchell v. Kurtz,*
  10 Misc. 3d 1063A, 814 N.Y.S.2d 913 (Sup. Ct., N.Y. Co., 2005) ........................................ 11

*Monaghan v. SZS 33 Assocs., L.P.,*
  73 F.3d 1276 (2d Cir. 1996) .................................................................................................... 16

*Montano v. City of Watervliet,*
  47 A.D.3d 1106, 850 N.Y.S.2d 273 (3d Dep't 2008) .............................................................. 13

*Mountbatten Surety Co., Inc. v. Oriska Ins. Co.,*
  2008 NY Slip Op. 32627U (Sup. Ct., N.Y. Co., Sep. 30, 2008) ............................................. 16

*Perkins Eastman Architects, P. C. v. Thor Engineers, P.A.,*
  769 F. Supp. 2d 322 (S.D.N.Y. 2011) .................................................................................... 15

*Schukman Realty v. Marine Midland Bank, N.A.,*
  244 A.D.2d 400, 664 N.Y.S.2d 73 (2d Dep't 1997) ............................................................... 13

*Scotto v. Almenas,*
  143 F.3d 105 (2d Cir. 1998) ...................................................................................................... 9

*SEC v. Research Automation Corp,*
  585 F.2d 31 (2d Cir. 1978) ........................................................................................................ 9

Table of Authorities
(continued)

Page

*Ultramar Energy* v *Chase Manhattan Bank,*
    179 A.D.2d 592, 579 N.Y.S.2d 353 (1st Dep't 1992) .............................................. 12

*White Plains Coat & Apron Co., Inc. v. Cintas Corp.,*
    8 N.Y.3d 422 (2007) ............................................................................................ 12

*Wilmington Trust Co. v. Burger King Corp.,*
    34 A.D.3d 401, 826 N.Y.S.2d 205 (1st Dep't 2006) ............................................. 12

*Wyler v. United States,*
    725 F.2d 156 (2d Cir. 1983) .................................................................................. 9

*Ying Jing Gan v. City of N.Y.,*
    996 F.2d 522 (2d Cir. 1993) .................................................................................. 9

**Statutes, Rules and Other Authorities**

Fed. R. Civ. P. 56(a) ................................................................................................ 1, 8

N.Y. C.P.L.R. § 5222 ......................................................................................... 1, 6, 11, 12

iv

This memorandum of law is respectfully submitted on behalf of interpleader defendant U.S. Bank National Association ("U.S. Bank") in support of its motion, pursuant to Fed. R. Civ. P. 56(a), for an order granting it summary judgment dismissing (i) the cross-claim filed by plaintiff/interpleader defendant Ekman & Co AB. ("Ekman") alleging tortious interference with contract, and (ii) the cross-claim for indemnification filed by defendant/interpleader plaintiff Graphic Paper, Inc. ("Graphic") (collectively, the "cross-claims").

## PRELIMINARY STATEMENT

The cross-claims, indeed, this action, arise out of the service by U.S. Bank of a restraining notice on Graphic, pursuant to N.Y. C.P.L.R. § 5222 (the "Restraining Notice"). The premise of Ekman's cross-claim for tortious interference with contract is its allegation that "U.S. Bank, through heavy-handed and frivolous threats of legal action against Graphic, has caused Graphic to dishonor its contractual obligations to Ekman AB" (Ekman's cross-claim, ¶ 20). By its cross-claim, Graphic seeks indemnification from U.S. Bank in the event Graphic is found liable to Ekman for damages allegedly sustained through the cancellation of orders after the Restraining Notice was served. The premise of Graphic's cross-claim is essentially the same as Ekman's. Graphic contends that if it is liable to Ekman it is because of U.S. Bank's alleged tortious interference with Graphic's contract with Ekman and that any liability that exists against Graphic "would exist solely, and would be proximately caused, by reason of U.S. Bank serving an improper or invalid Restraining Notice in violation of C.P.L.R. § 5222" (Graphic's cross-claim, ¶ 18).

As we show, below, there are no genuine issues as to any material facts relating to Ekman's cross-claim and it should be dismissed, because (i) as a matter of law, the enforcement of a valid restraining notice does not amount to tortious interference with contract and (ii) there

is no evidence of any tortious conduct by U.S. Bank -- only its lawful enforcement of a valid restraining notice.

The facts of this case refute any claim that U.S. Bank's conduct was other than appropriate for a creditor seeking to enforce a judgment in excess of $851 million.  In its efforts to enforce that judgment -- which with interest is now in excess of $1.2 billion -- U.S. Bank served the Restraining Notice on Graphic because it had reason to believe that Graphic was engaging in commercial transactions with the judgment debtors, as a result of which it owed a debt to the judgment debtors (or was in the possession or custody of property in which it had reason to believe the judgment debtors had an interest).  U.S. Bank's reasonable belief that Graphic was in possession of funds owed to the judgment debtors was subsequently confirmed by Graphic itself -- indeed, it was Graphic that contacted U.S. Bank (as well as Ekman) about its concern that the debt it owed to Ekman might be subject to the Restraining Notice.  Given Graphic's representations to U.S. Bank of its concerns, U.S. Bank acted reasonably in seeking to enforce the Restraining Notice.  Discovery in this case has proven that, contrary to Ekman's allegations, at no time did U.S. Bank threaten to sue Graphic.  Based on these undisputed facts, Ekman's cross-claim fails as a matter of law.

Ekman's cross-claims also should be dismissed because, as a creditor of the judgment debtors (especially a creditor which served a valid Restraining Notice), U.S. Bank had economic justification for acting as it did.  It is well established that a creditor's conduct in seeking to collect a debt is "justified," and cannot form the basis of a claim for tortious interference with contract.

In addition, Ekman's cross-claim should be dismissed because any breach of contract was incidental to U.S. Bank's lawful service of the restraining notice.  Moreover, any claim for

tortious interference suffers from the absence of proximate cause; it cannot be said that U.S.

Bank's conduct -- given that Graphic had its own "concerns" regarding the judgment debtors'

ownership of the funds at issue -- was the sole reason why the contract was breached.

With respect to Graphic's cross-claim for indemnification, since it is premised on the

same defective theory of tortious interference with contract, it should be dismissed for the same

reasons as Ekman's cross-claim.  Moreover, in light of the undisputed fact that Graphic was

"concerned" that the funds it issue might be subject to the Restraining Notice, Graphic cannot

cast blame on U.S. Bank for its own conduct in withholding the funds.  Finally, as we show

below, Graphic cannot maintain a claim for indemnification as a matter of law because there is

no right to common law indemnification under the circumstances here.

### THE FACTS

On or about March 10, 2005, a judgment in an amount in excess of $851 million (the

"Judgment") was entered, collectively, against APP International Finance Company B.V.; P.T.

Lonter Papyrus Pulp & Paper Industry; Asia Pulp & Paper Company Ltd.; Indah Kiat

International Finance Company B.V.; and P.T. Indah Kiat Pulp & Paper Corporation (the

"Judgment Debtors").  A copy of the Judgment is attached to the accompanying declaration of

Joseph Zelmanovitz ("Zelmanovitz Dec.") at Exhibit A.

On or about August 5, 2010, U.S. Bank served on Graphic a subpoena duces tecum and

Restraining Notice (the "Restraining Notice"), restraining Graphic from making any sale,

assignment or transfer of, or interfering with any property of the Judgment Debtors, its affiliates

and/or its agents, or paying over or otherwise disposing of any debt owed to Judgment Debtors,

its affiliates and/or agents, restraining all property in which the Judgment Debtors, its affiliates

and/or agents, have an interest that is in Graphic's possession or custody and restraining all debts

coming due from Graphic to the Judgment Debtors, its affiliates and/or agents. A copy of the Restraining Notice is attached to the Zelmanovitz Dec. at Exhibit B.

By complaint filed in this action on October 25, 2010, Ekman brought suit against Graphic alleging that it had sold paper to Graphic, that Graphic owes Ekman $1,905,885.33, that Graphic was withholding payment because, as allegedly stated by Graphic's counsel, "he was concerned because an Indonesian paper mill, which was an affiliate of one of the Judgment Debtors, was the original manufacturer of the paper sold by Ekman to Graphic," and he was also concerned that Paper Max, Inc., another affiliate of the Judgment Debtors, "was involved in the discussions that led to the placement of orders by Graphic with Ekman." Complaint, ¶¶ 9, 11. A copy of the complaint is attached to the Zelmanovitz Dec. at Exhibit C.

Graphic filed its original answer to Ekman's complaint and an interpleader complaint on or about November 18, 2010. A copy of Graphic's answer and interpleader complaint is attached to the Zelmanovitz Dec. at Exhibit D. The interpleader complaint includes the following allegations:

> 16. After receiving the Restraining Notice Graphic Paper duly notified Ekman of its concern that payments due to Ekman might be subject to the Restraining Notice.

> * * * *

> 19. Upon receipt of the Affidavit, Graphic Paper contacted the Judgment Creditor, U.S. Bank, and attempted to obtain the Judgment Creditor's consent to the payment by Graphic Paper of the Ekman invoices. However, despite the Affidavit, U.S. Bank stated that "[d]espite Mr. Tidebrant's affidavit, at this point in the proceedings, we cannot conclude that Ekman is not acting on behalf of the Judgment Debtors (nor does he state so in his affidavit)…I suggest that you consider the filing on an interpleader action…"

> 20. Graphic Paper is concerned that either or both of Paper Max or Ekman maybe an agent for one of more of the Judgment

> Debtors because Graphic Paper believes that the ultimate source of
> the product in issue is one or more of the Judgment Debtors. …

Thus, Graphic itself is the party that raised "concerns" that Ekman was an agent acting on behalf of Judgment Debtors.

On or about December 7, 2010, Graphic filed an amended answer and interpleader complaint.  A copy of this amended answer is attached to the Zelmanovitz Dec. at Exhibit E. This amended answer repeats the substantive allegations of the original answer and interpleader complaint, including ¶¶ 16, 19-20 quoted above.

On or about January 10, 2011, U.S. Bank answered the interpleader complaint and asserted a counterclaim against Graphic and a cross-claim against Ekman, seeking declaratory judgment that it is entitled to the funds being withheld by Graphic.  A copy of U.S. Bank's answer, counterclaim and cross-claim is attached to the Zelmanovitz Dec. at Exhibit F.

Graphic answered U.S. Bank's counterclaim on February 4, 2011.  A copy of this answer is attached to the Zelmanovitz Dec. at Exhibit G.

On April 18, 2011, Ekman answered Graphic's interpleader complaint.  A copy oft this answer is attached to the Zelmanovitz Dec. at Exhibit H.  Also on April 18, 2011, Ekman filed its answer to U.S. Bank's cross-claim, and asserted its own cross-claim for tortious interference with contract against U.S. Bank.  A copy of this answer and cross-claim is attached to the Zelmanovitz Dec. at Exhibit I.  In its cross-claim, Ekman alleges:

> 10.  Graphic's counsel has admitted he does not know or have
>     reason to believe that any Judgment Debtor has an interest in
>     the Graphic Debt.  However, Graphic notified Ekman AB that
>     it was concerned that payments due to Ekman AB might be
>     subject to the Restraining Notice.
>
> 11.  Specifically, Graphic's counsel stated that he was concerned
>     that Paper Max, Inc. ("Paper Max"), an alleged affiliate of the
>     Judgment Debtors, was involved in the discussions that led to
>     the placement of orders by Graphic with Ekman AB. …

In this cross-claim, Ekman also sets forth its predicate for its tortious interference claim against U.S. Bank:

> 16.  On information and belief, upon receipt of the Affidavit, Graphic contacted the Judgment Creditor, U.S. Bank, and attempted to obtain the Judgment Creditor's consent to the payment by Graphic of the Ekman AB invoices.  However, despite the Affidavit, U.S. Bank refused to consent and suggested that it would sue Graphic if payment were made to Ekman AB.

As shown below, discovery in this action has proven the above allegation to be false.

U.S. Bank answered Ekman's cross-claim on May 18, 2001.  A copy of this answer is attached as Exhibit J to the Zelmanovitz Declaration.

By Amended Answer, Interpleader Complaint, and Cross-Claim, filed August 2, 2011, Graphic repeated the allegations it made previously in its interpleader complaint, that it had notified Ekman of its "concern that payments due to Ekman might be subject to the Restraining Notice," and that "either or both of Paper Max or Ekman may be an agent for one or more of the Judgment Debtors. …" Interpleader Complaint ¶¶ 16, 20.  Graphic asserted a cross-claim against U.S. Bank for indemnification in the event the Restraining Notice is determined to be improper:

> 17.  Graphic Paper denies that it is liable to Ekman for the Inventory Claims and the Interest Claims because the Restraining Notice served by U.S. Bank prohibited Graphic Paper from making payment to Ekman.
>
> 18.  If liability against Graphic Paper for the Inventory Claims and Interest Claims exist, which Graphic Paper denies, it would exist solely, and would be proximately caused, by reason of U.S. Bank serving an improper or invalid Restraining Notice in violation of C.P.L.R. § 5222.
>
> 19.  Moreover, if the Restraining Notice served by U.S. Bank is adjudicated to have been improper or invalid, this would constitute tortuous [sic] interference of contract by U.S. Bank against Graphic Paper for improperly interfering with Graphic Paper's relationship with Ekman.

A copy of this pleading is attached to the Zelmanovitz Dec. at Exhibit K.

U.S. Bank answered Graphic's interpleader complaint and cross-claim on August 3, 2011, a copy of which is attached to the Zelmanovitz Dec. at Exhibit L.

## THE EVIDENCE ADDUCED IN DISCOVERY

At his deposition taken on October 5, 2011,[1] Joel L. Morgenthau, Esq., Graphic's counsel, authenticated an email that he had sent to U.S. Bank's counsel, Jessica Tara, Esq., on August 24, 2010.  The email recites that during his telephone conversations with Ms. Taran on August 20 and 23, 2010, she advised him that the Restraining Notice is applicable only to property or debts owed to the Judgment Debtors and is not applicable to any such property of or debts owed to affiliates of the Judgment Debtors.  A copy of this email is attached to the Zelmanovitz Dec. at Exhibit N.  Morgenthau Dep. 19-20.

At his deposition, Morgenthau also disproved Ekman's claim that U.S. Bank had threatened Graphic with a lawsuit:

> Q.  Did any representative of U.S. Bank, including Ms. Taran
>      who's the attorney for U.S. Bank, ever tell you that U.S. Bank
>      would sue Graphic Paper?
>
>                              ******
>
> A.  No.
>
>                              ******
>
> Q.  Did any representative of U.S. Bank ever tell you that it was
>      U.S. Bank's position that Ekman was an affiliate of Judgment
>      debtor?
>
>                              ******
>
> A.  I don't recall that Ms. Taran ever mentioned Ekman as an
>      affiliate.  I believe that she did indicate that U.S. Bank was

---

[1] Copies of the pages of the transcript of the deposition of Joel L. Morgenthau, taken on October 5, 2011, which are referred to in this memorandum, are attached to the Zelmanovitz Dec. at Exhibit M.

> looking into the relationship of Ekman to the judgment
> debtors, and I believe she mentioned it in an email to me.

Morgenthau Dep. 130-32.

Nothing in Morgenthau's description of U.S. Bank's conduct could be characterized as "heavy-handed and frivolous threats of legal action against Graphic." Indeed, there is no evidence to support this baseless allegation by Ekman on which its cross-claim is entirely premised.

## ARGUMENT

### POINT I

### THE APPLICABLE LEGAL STANDARDS TO BE APPLIED ON U.S. BANK'S MOTION FOR SUMMARY JUDGMENT TO DISMISS THE CROSS-CLAIMS

A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986); *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994). As the moving party, U.S. Bank has the initial burden of "informing the district court of the basis for its motion" and specifying what "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Behringer v. Lavelle Sch. for the Blind,* No. 08 Civ. 4899, 2010 U.S. Dist. LEXIS 134440, 2010 WL 5158644, at *1 (S.D.N.Y. Dec. 17, 2010). There are no such disputed facts here that bar the award of summary judgment in favor of U.S. Bank dismissing the cross-claims.

When opposing a motion for summary judgment, it is not sufficient for the non-moving party to present evidence that is conclusory or speculative. *See Anderson*, 477 U.S. at 247-50. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986) (footnote omitted); *see also McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 215 n.4 (2d Cir. 2006) ("[S]peculation alone is insufficient to defeat a motion for summary judgment."). "In order to defeat a motion for summary judgment supported by proof of facts that would entitle the movant to judgment as a matter of law, the nonmoving party is required under Rule 56(e) to set forth specific facts showing that there is a genuine issue of material fact to be tried. *L & L Started Pullets, Inc. v. Gourdine*, 762 F.2d 1, 3 (2d Cir. 1985); *SEC v. Research Automation Corp*, 585 F.2d 31, 33-35 (2d Cir. 1978); *Gatling v. Atlantic Richfield Co.*. 577 F.2d 185, 187-88 (2d Cir.), *cert. denied,* 439 U.S. 861, 99 S. Ct. 181 (1978). The non moving party "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *L & L Started Pullets, Inc.*, 762 F.2d at 3-4;  s*ee also Scotto v. Almenas*, 143 F.3d 105, 114-15 (2d Cir. 1998); *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 532 (2d Cir. 1993); *Wyler v. United States*, 725 F.2d 156, 160 (2d Cir. 1983).

As explained in greater detail below, Graphic's witness testified that no threats of suit were made by U.S. Bank.  Thus, the very premise for the cross-claims are absent and summary judgment should be awarded to U.S. Bank dismissing the cross-claims.

**POINT II**

**EKMAN'S CROSS-CLAIM ALLEGING TORTIOUS
INTERFERENCE WITH CONTRACT SHOULD BE
<u>DISMISSED AS A MATTER OF LAW</u>**

Ekman's tortious interference cross-claim against U.S. Bank is based on its allegation that "U.S. Bank, through heavy-handed and frivolous threats of legal action against Graphic, has caused Graphic to dishonor its contractual obligations to Ekman AB" (Ekman Cross-Claim, ¶ 20). Discovery in this case has proven this allegation to be incorrect.

Graphic's counsel, Mr. Joel Morgenthau -- the same attorney who advised U.S. Bank that Graphic was concerned that its debt to Ekman may be subject to the Restraining Notice -- testified at his deposition that U.S. Bank did not threaten Graphic with litigation. Specifically, Mr. Morgenthau testified as follows:

> Q.  Did any representative of U.S. Bank, including Ms. Taran who's the attorney for U.S. Bank, ever tell you that U.S. Bank would sue Graphic Paper?
>
> ******
>
> A.  No.

Morgenthau, Dep. 130-32. There is no evidence to support Ekman's claim.

Moreover, as we explain below, as a matter of law U.S. Bank cannot be liable to Ekman on a claim for tortious interference with contract based on the service of the Restraining Notice on Graphic.

The elements of claim for tortious interference with contractual relations are: (i) the existence of a valid  contract; (ii) the defendant's knowledge of that contract; (iii) the defendant's intentional procurement of the third party's breach of that contract *without justification*; and (iv) damages. *Finley v. Giacobe*, 79 F.3d 1285, 1294 (2d Cir. 1996). There is no question of material fact that Ekman cannot satisfy the third element of this claim, for the following reasons:

First, the legitimate use of a restraining notice under C.P.L.R. 5222 cannot give rise to a claim for tortious interference. *Caplan v. Tofel*, 65 A.D.3d 1180, 886 N.Y.S.2d 182 (2d Dep't 2009) (dismissing claim for tortious interference with contract based on service of restraining notice because "[t]he defendants' 'legitimate us of a collection tool did not constitute a tort'"), *quoting Caribbean Construction Services & Associates, Inc. v. Zurich Ins. Co.*, 267 A.D.2d 81, 700 N.Y.S.2d 129 (1st Dep't 1999) (denying leave to amend complaint to add a variety of torts based on use of a restraining notice because use of collection tool is not a tort); *Mitchell v. Kurtz*, 10 Misc. 3d 1063A, 814 N.Y.S.2d 913 (Sup. Ct., N.Y. Co., 2005) (sanctioning attorney and dismissing claim for abuse of process and denying motion to amend to add claim for defamation based on defendant's used of a restraining notice because legitimate service of restraining notice is not tortious); 72 N.Y. Jur. 2d. *Interference* § 50 ("use of restraining notices and other legitimate collection tools does not constitute the tort of intentional interference with business relations").

It is noteworthy that in *Mitchell*, the court found that the use of the restraining notice was not tortious even when the restraining notice did not comply with the service requirements of the C.P.L.R.  In our case, the Restraining Notice complies with each and every element of N.Y. C.P.L.R. § 5222: (i) it names all of the parties to the action; (ii) it identifies the judgment creditor and the judgment debtors; (iii) it provides the amount of the judgment; (iv) it provides the unsatisfied amount; (v) it recites subdivision (b) of NY C.P.L.R § 5222; (vi) it advises that disobedience will constitute contempt of court; and (vii) it was personally served in accordance with NY C.P.L.R § 5222(a).[2]

---

[2] Ekman had moved the Court on December 10, 2010, to dismiss the interpleader complaint for lack of jurisdiction. DKT # 15.  Argument on the motion was heard by the Court on April 13, 2011, at which time the Court denied the motion except as to Count III of the interpleader complaint. *See* Order entered April 14, 2011, DKT # 28.  At oral argument on April 13, 2011, the Court rejected Ekman's argument that the Restraining Notice was invalid because it

Second, U.S. Bank's service of a restraining notice is not actionable because U.S. Bank was economically justified in serving the restraining notice. *Imtrac Indus. v. Glassexport Co.,* 1996 U.S. Dist. LEXIS 1022 (S.D.N.Y. Feb. 1, 1996) (granting summary judgment dismissing claim for tortious interference because "one with a financial interest in the business that is subject to the contract is privileged to interfere with the contract in order to protect that self-interest"); *White Plains Coat & Apron Co., Inc. v. Cintas Corp.,* 8 N.Y.3d 422, 426 (2007) (in response to a claim for tortious interference "a defendant may raise the economic interest defense--that it acted to protect its own legal or financial stake in the breaching party's business.").[3]

The courts have consistently held that a creditor's actions in seeking to collect a debt or secure its collateral is "justified" and, therefore, cannot form the basis of a claim for tortious interference. *Wilmington Trust Co. v. Burger King Corp.,* 34 A.D.3d 401, 826 N.Y.S.2d 205 (1st Dep't 2006) (granting summary judgment because as a creditor, defendant had an economic justification for interfering with plaintiff's contract); *Ultramar Energy* v *Chase Manhattan Bank,* 179 A.D.2d 592, 592-93, 579 N.Y.S.2d 353 (1st Dep't 1992) (same).

Third, even assuming, *arguendo,* that use of the Restraining Notice was somehow "tortious," it cannot serve as the basis of a claim for tortious interference with contract because any breach of contract between third parties was incidental to U.S. Bank's lawful service of the

---

did not specify the debt U.S. Bank sought to restrain. *See also Digitrex v. Johnson*, 491 F. Supp. 66, 69 (S.D.NY. 1980) (expressly holding that although a restraining notice may specifically identify the property to be attached, NY C.P.L.R § 5222(b) does not require such specificity).

[3] The only limit to the "economic justification" defense is that the defendant cannot employ illegal or malicious means to interfere with the third party's contract. *Masefield AG v. Colonial Oil Indus.*, 2006 U.S. Dist. LEXIS 5792 (S.D.N.Y. Feb. 14, 2006) (dismissing claim for tortious interference because defendant was economically justified and plaintiff did not allege any facts constituting malice or illegal activity); *E.F. Hutton Int'l Assocs. v. Shearson Lehman Bros. Holdings, Inc.*, 281 A.D.2d 362, 723 N.Y.S.2d 161 (1st Dep't 2001) (granting summary judgment dismissing tortious interference claim because evidence showed that defendant was justified in interfering with the contract and there was no evidence that it acted maliciously or illegally). There is no allegation here that U.S. Bank acted illegally or maliciously.

Restraining Notice.  *See, e.g., Krys v. Sugrue,* 2011 U.S. Dist. LEXIS 142291 (S.D.N.Y. Oct. 21,

2010) (dismissing tortious interference claim because "[a]t best any breach of the terms of the

IMA was a collateral effect of Chase's alleged actions. That is insufficient to show intentional

inducement of the breach of contract"), *adopted by* 2011 U.S. Dist. LEXIS 141232 (S.D.N.Y.

Dec. 7, 2010); *Montano v. City of Watervliet,* 47 A.D.3d 1106, 850 N.Y.S.2d 273 (3d Dep't

2008) (granting summary judgment because there was no evidence that defendant's tortious

interference was not incidental to its official duties); *Harris v. Town of Fort Ann,* 35 A.D.3d 928,

825 N.Y.S.2d 804 (3d Dep't 2006) (claim for tortious interference is "not satisfied by conduct

that is 'merely negligent or incidental to some other, lawful, purpose'''").

Finally, the claim fails because of a lack of proximate causation.  As part of the

intentional element of a cause of action for tortious interference, the plaintiff must allege that

"but for" the intentional interference, the third party would not have breached the contract. *Lana*

*& Samer, Inc. v. Goldfine,* 7 A.D.3d 300, 776 N.Y.S.2d 66 (1st Dep't 2005) ("[i]n order to

prevail on a claim for tortious interference with a contract, it must be proven, among other

things, that the contract would not have been breached but for the defendant's conduct").  Failure

to allege "but for" causation is grounds for dismissal.  *Burrowes v. Combs,* 25 A.D.3d 370, 808

N.Y.S.2d 50 (1st Dep't 2006) (dismissing complaint because "plaintiff has failed to allege that

but for defendants' actions Ms. Blige would have continued her contract with plaintiff");

*Schukman Realty v. Marine Midland Bank, N.A.,* 244 A.D.2d 400, 664 N.Y.S.2d 73 (2d Dep't

1997) (dismissing claim for tortious interference because plaintiff did not allege "that the

'contract would not have been breached "but for" the defendant's conduct'"); *Adams v. Banc of*

*America Securities, LLC,* 7 Misc. 3d 1023A, 801 N.Y.S.2d 229 (Sup. Ct., N.Y. Co., 2005) ("the

element of intentional procurement of the third party's breach requires a showing that, but for

defendants' acts, the agreement would not have been breached... [p]laintiffs fail to allege that, but for the attorney's acts, the agreement would not have been breached") (citation omitted).

Here, Graphic allegedly breached its contract with Ekman -- not because of any threat of litigation, but rather -- because of Ekman's own "concerns" that "the payments due to Ekman might be subject to the Restraining Notice" (Graphic's Interpleader Complaint, ¶ 16), and that Ekman "may be an agent for one or more of the Judgment Debtors because Graphic Paper believes that the ultimate source of the product in issue is one or more of the Judgment Debtors" (Interpleader Complaint, ¶ 20).

The absence of proximate causation is fatal to Ekman's cross-claim for tortious interference with contract.

## POINT III

### GRAPHIC'S CROSS-CLAIM FOR INDEMNIFICATION SHOULD BE DISMISSED AS A MATTER OF LAW

Graphic's cross-claim for indemnification against U.S. Bank appears to be based on a theory of tortious interference with contract.  *See* ¶¶ 18-19 of Graphic's cross-claim.  Therefore, for the same reasons  compelling the dismissal of Ekman's cross-claim (*see* Point II above), Graphic's cross-claim should be dismissed as well.

In addition, Graphic's indemnification claim is inherently contradictory. In its own pleading, the interpleader complaint, Graphic alleges that it was "concerned" that (i) "the payments due to Ekman might be subject to the Restraining Notice" and that Ekman "may be an agent for one or more of the Judgment Debtors because Graphic Paper believes that the ultimate source of the product in issue is one or more of the Judgment Debtors."  (Interpleader Complaint ¶¶ 16, 20).  Graphic cannot now assert that the Restraining Notice is invalid and constitutes

tortious interference irrespective of its own concerns that the Restraining Notice was right on the mark.

Finally, Graphic cannot maintain a claim for indemnification as a matter of law because there is no right to common law indemnification under the circumstances here.

"In New York, '[a] cause of action for common-law indemnification can be sustained only if: (1) the party seeking indemnity and the party from whom indemnity is sought have breached a duty to a third person, and (2) some duty to indemnify exists between them.'" *Highland Holdings v. Century/ML Cable Venture,* 2007 U.S. Dist. LEXIS 62178 (S.D.N.Y., Aug. 24, 2007) (dismissing implied indemnification claim because" Highland fails to allege that Debtor owed it any independent duty separate and apart from Debtor's contractual obligations under the Recap Agreement. Therefore, Highland has not sufficiently alleged a claim for common-law indemnification."); *Broyhill Furniture Indus., Inc. v. Hudson Furniture Galleries, LLC,* 2008 NY Slip Op 30636U (Sup. Ct., N.Y. Co., Feb. 28, 2008) (stating that the "classic case" of implied indemnification is when a party is vicariously liable for another's tortious acts) (citing cases).  Here, Graphic cannot establish either of these two elements: there is absolutely no duty between U.S. Bank and Graphic or Ekman, and, therefore, there can be no claim for implied indemnification.

U.S. Bank has no separate duty running directly to Ekman that can form the basis of a claim for indemnification.  *Perkins Eastman Architects, P. C. v. Thor Engineers, P.A.,* 769 F. Supp. 2d 322 (S.D.N.Y. 2011) (dismissing claim for implied indemnification because there was no allegation that the third-party defendant had a duty to the plaintiff); *Highland Holding; Dora Homes, Inc. v. Epperson,* 344 F. Supp. 2d 875 (E.D.N.Y. 2004) (granting summary judgment

dismissing claim for common law indemnification because third-party defendant did not owe any duty to the plaintiff).

A claim for implied indemnification must be based on the fact that the indemnitee's liability to the initial plaintiff is solely a result of its vicarious liability for the indemnitor's actions. *See, e.g., AIG v. Choice Logistics,* 2009 NY Slip Op. 31967U (Sup. Ct., N.Y. Co., Aug. 17, 2009) (dismissing implied indemnification claim because the proposed indemnitee's losses did not arise solely from any vicarious liability for the indemnitor's wrongful acts); *Mountbatten Surety Co., Inc. v. Oriska Ins. Co.,* 2008 NY Slip Op. 32627U (Sup. Ct., N.Y. Co., Sep. 30, 2008) (same). In other words, Graphic can seek indemnification from U.S. Bank only if its liability to Ekman arises solely because Graphic is vicariously liable for U.S. Bank's acts. That is not the case here.

Moreover, "common-law indemnity is barred altogether where the party seeking indemnification was itself at fault, and both tortfeasors violated the same duty to the plaintiff." *Monaghan v. SZS 33 Assocs., L.P.,* 73 F.3d 1276 (2d Cir. 1996); *Amusement Industry, Inc. v. Stern,* 786 F. Supp. 2d 789 (S.D.N.Y. 2011) (same), *adopted by 2011* U.S. Dist. LEXIS 25201 (S.D.N.Y. March 11, 2011); *KBL Corp. v Arnouts,* 646 F. Supp. 2d 335 (S.D.N.Y. 2009) (Koeltl, D.J.) (dismissing claim for implied indemnification in copyright infringement claim because proposed indemnitee was also at fault); *Fagan v. AmerisourceBergen Corp.,* 356 F. Supp. 2d 198 (E.D.N.Y. 2004) ("the common law right to indemnification arises only where a party's liability is based upon the wrongdoing of the party from whom indemnification is sought....However, where a party has "itself participated to some degree in the wrongdoing [it] cannot receive the benefit of the [common law indemnity] doctrine").

Here, if Graphic is found liable to Ekman, there can be no question that Graphic is at fault (at least in part) for the breach of its duty to Ekman.  Graphic refused to pay Ekman because of its own "concerns" that Ekman was acting as agent for the Judgment Debtors or that the payments may be subject to the Restraining Notice.  Therefore, regardless of the existence of any duty between U.S. Bank and Ekman or Graphic (which there is none), Graphic cannot obtain indemnification from U.S. Bank.

### **CONCLUSION**

For the reasons set forth above, the Court should grant summary judgment in favor of U.S. Bank dismissing the cross-claims asserted by Ekman and Graphic.

Respectfully submitted,

Dated:   New York, New York
         January 18, 2012

WILK AUSLANDER LLP

By: /s/ Joseph Zelmanovitz
    Jessica Taran (JT-1978)
    jtaran@wilkauslander.com
    Joseph Zelmanovitz (JZ-0085), *Of Counsel*
    jzelmanovitz@wilkauslander.com
675 Third Avenue
New York, New York 10017
(212) 421-2233

*Attorneys for Interpleader Defendant*
*U.S. Bank National Association*