UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK,
-----------------------------------------------------------------------x
EKMAN & CO. AB.,

                                                          ECF Case
                          Plaintiff,                 Case No. 10 CV 8110 (JGK)

    –against –

GRAPHIC PAPER, INC.,

                          Defendant.
-----------------------------------------------------------------------x
GRAPHIC PAPER, INC.,

                         Interpleader Plaintiff,

   -against-

EKMAN & CO. AB., and
U.S. BANK NATIONALASSOCIATION,

                        Interpleader Defendants.
-----------------------------------------------------------------------x

### GRAPHIC PAPER'S RESPONSE TO PLAINTIFF EKMAN'S STATEMENT PURSUANT TO LOCAL RULE 56.1

Defendant/Interpleader Plaintiff Graphic Paper, Inc. ("Graphic") hereby submits the following response to Plaintiff/Interpleader Defendant Ekman & Co. AB ("U.S. Bank") statement of additional material facts pursuant to Local Rule 56.1, stating as follows:

*GRAPHIC'S RESPONSE TO STATEMENT OF ADDITIONAL MATERIAL FACTS*

32.     Graphic asked U.S. Bank to advise whether based on the circumstances along with the Affidavit provided by Ekman AB, U.S. Bank agreed that the Restraining Notice did not

1

prohibit Graphic's payment of Ekman AB's invoices. [Decl. of Anthony J. Costantini, Ex. D (Dep. of Joel Morgenthau, Ex. M-67)].

**RESPONSE:** Graphic denies the statement because it mischaracterizes the correspondence between Graphic and U.S. Bank. In fact, with Ekman's permission, Graphic forwarded the Affidavit to U.S. Bank and sought U.S. Bank's position regarding whether the Restraining Notice would prohibit payment from Graphic to Ekman. In response, U.S. Bank stated that it could not conclude that Ekman was not acting on behalf of the Judgment Debtors, and that in order to protect itself from suit from Ekman, Graphic should file an interpleader action. By making such a statement, U.S. Bank was ostensibly claiming a right to the funds. (Dep. of Joel Morgenthau, Ex. M-67)

33.     U.S. Bank explained to Graphic that it could not provide Graphic with legal advice on the matter and suggested that Graphic interplead Ekman AB if Graphic had any grounds for concern about potential liability. [Decl. of Anthony J. Costantini, Ex. D (Dep. of Joel Morgenthau, Ex. M-67)].

**RESPONSE:** Graphic denies the statement because it mischaracterizes the correspondence between Graphic and U.S. Bank. In response, U.S. Bank stated that it could not conclude that Ekman was not acting on behalf of the Judgment Debtors, and that in order to protect itself from suit from Graphic, Graphic should file an interpleader action. By making such a statement, U.S. Bank was ostensibly claiming a right to the funds. (Dep. of Joel Morgenthau, Ex. M-67)

34.     U.S. Bank's counsel explained that the onus was on Graphic to decide whether the Restraining Notice covered Ekman AB, and that U.S. Bank would not approve or prohibit the payment. [Decl. of Anthony J. Costantini, Ex. D (Dep. of Joel Morgenthau, Ex. M-67)].

2

**RESPONSE:**  Graphic denies the statement because it mischaracterizes the correspondence between Graphic and U.S. Bank.  In response, U.S. Bank stated that it could not conclude that Ekman was not acting on behalf of the Judgment Debtors, and that in order to protect itself from suit from Graphic, Graphic should file an interpleader action.  By making such a statement, U.S. Bank was ostensibly claiming a right to the funds. Moreover, nowhere did U.S. Bank say that the "onus was on Graphic to decide."  It has been U.S. Bank's position in this litigation that the Restraining Notice prevented Graphic from making payment to Ekman.  (Dep. of Joel Morgenthau, Ex. M-67)

35. No evidence reflects that U.S. Bank ever suggested to Graphic that Ekman AB was a Judgment Debtor or affiliated therewith. [Decl. of Anthony J. Costantini, Ex. E (Dep. of Joel Morgenthau); Ex. F (Dep. of Tim Sung); Ex. G (Dep. of Rosane Guterro); Ex. H (Dep. of James Peiffer); Ex. I (Dep. of Johanna Segerberg); Ex. J (Dep. of Leonard Aronica); Ex. K (Dep. of Hans Tidebrant)].

**RESPONSE:**  Graphic denies the statement because it mischaracterizes the facts of the case.  In fact, U.S. Bank suggested that Ekman was Judgment Debtor or affiliate when it told Graphic that in order to protect itself from suit from Graphic, Graphic should file an interpleader action.  By making such a statement, U.S. Bank was ostensibly claiming a right to the funds. Moreover, U.S. Bank repeatedly affirmed this position in its cross-claim in this action by alleging that "Ekman is an agent of the Judgment Debtors" and that "the debt Graphic Paper owes to Ekman as agent of the Judgment Debtors is properly restrained pursuant to the Restraining Notice."  (Dkt # 21, ¶¶ 30-31) (Dep. of Joel Morgenthau, Ex. M-67)

36. Similarly, no evidence suggests that a cash or advance payment by Graphic to Ekman AB on the future deliveries would make Graphic liable to U.S. Bank. [Decl. of Anthony

3

J. Costantini, Ex. E (Dep. of Joel Morgenthau); Ex. F (Dep. of Tim Sung); Ex. G (Dep. of Rosane Guterro); Ex. H (Dep. of James Peiffer); Ex. I (Dep. of Johanna Segerberg); Ex. J (Dep. of Leonard Aronica); Ex. K (Dep. of Hans Tidebrant)].

**RESPONSE:** Graphic objects to this statement because it seeks a legal conclusion as to whether Graphic would be liable to U.S. Bank if it made such payment. Without waiving said objection, Graphic denies the statement because it mischaracterizes the facts of the case. The fact is that although U.S. Bank now disclaims any right to the interpleader funds, it once alleged in its cross-claim that "Ekman is an agent of the Judgment Debtors" and that "the debt Graphic Paper owes to Ekman as agent of the Judgment Debtors is properly restrained pursuant to the Restraining Notice." (Dkt # 21, ¶¶ 30-31) Moreover, U.S. Bank also stated in open Court that it was "quite possibl[e]" that if Graphic made payment it would be sued by U.S. Bank. (Tr. dated April 13, 2011, at 20-21) (Annexed as Exhibit B to Dkt #42)

37. U.S. Bank served similar restraining notices to Ekman AB's other customers, and the applicable restraining notices did not prevent them from paying for the paper they received from Ekman AB. To the contrary, Ekman AB's other customers paid on time and performed under their contracts without indemnification. [Decl. of Keith D. Greenberg, Ex. B (Dkt. No. 31, p. 7 ln. 8-12)].

**RESPONSE:** Graphic objects to this statement it contains information that is not relevant to the facts of this case. Moreover, no other "similar" restraining notices have been produced in this case, and no discovery was taken or produced regarding other entities. In fact, the evidence cited is from a witness that does not have personal knowledge of the facts attested to in the affidavit.

38. Nevertheless, Graphic refused to pay Ekman AB. In an email to Ekman AB's

4

counsel dated October 15, 2010, Graphic's counsel stated "Graphic Paper does not intend to make payment to Ekman." [Decl. of Anthony J. Costantini, Ex. E (Dep. of Joel Morgenthau, Ex. M-73)].

**RESPONSE:** Graphic denies this statement to the extent it mischaracterizes correspondence that speaks for itself. However, Graphic admits that the referenced correspondence did occur, and states that by October 15, 2010, U.S. Bank had already told Graphic to file an interpleader action. Moreover, it is not accurate to state that Graphic "refused" to make payment, rather, Graphic was prohibited from making payment by virtue of the Restraining Notice.

39. After Graphic refused to pay for the Diverted Goods, Ekman AB enlisted the assistance of Xiomara Blanco, an employee of Ekman & Co., Inc., to assist in the resale of the Diverted Goods because it believed that the resale process would be more efficient if conducted from Ms. Blanco's location in the United States, where the Diverted Goods had been stored. [Decl. of Keith D. Greenberg, Ex. A (Aff. of Xiomara Blanco, ¶¶ 2, 5)].

**RESPONSE:** Graphic denies this statement and cites to the deposition of Johanna Segerberg, who was designated as Ekman's Rule 30(b)(6) representative on the issue of damages. (Exhibit R to Dkt # 88 at 45, 46, 49) During her deposition, Ms. Segerberg was unable to answer any questions about Ekman's sale of the inventory goods. (Exhibit R to Dkt # 88 at 71) As its Rule 30(b)(6) designated witness, Ms. Segerberg had an obligation to investigate the facts regarding Ekman's resale of the inventory. *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 01 CIV. 3016(AGS)(HB, 2002 WL 1835439 (S.D.N.Y. Aug. 8, 2002) ("A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he

is responsible for providing all the relevant information known or reasonably available to the entity.")

40.     The Diverted Goods were resold in arm's length transactions for as high a price as possible so as to mitigate Ekman AB's damages and minimize incidental damages that were accruing, such as storage, insurance costs and interest. [Decl. of Keith D. Greenberg, Ex. A (Aff. of Xiomara Blanco, ¶¶ 6-8), Ex. C].

**RESPONSE:**  Graphic denies this statement and cites to the deposition of Johanna Segerberg, who was designated as Ekman's Rule 30(b)(6) representative on the issue of damages.  (Exhibit R to Dkt # 88 at 45, 46, 49)  During her deposition, Ms. Segerberg was unable to answer any questions about Ekman's sale of the inventory goods.  (Exhibit R to Dkt # 88 at 71) As its Rule 30(b)(6) designated witness, Ms. Segerberg had an obligation to investigate the facts regarding Ekman's resale of the inventory.  *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 01 CIV. 3016(AGS)(HB, 2002 WL 1835439 (S.D.N.Y. Aug. 8, 2002) ("A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity.")

41.     To avoid a "fire sale" and preserve their value, Ekman AB sold the Diverted Goods in piecemeal fashion over a period of eleven months. [Decl. of Keith D. Greenberg, Ex. A (Aff. of Xiomara Blanco, ¶¶ 6-8), Ex. F].

**RESPONSE:**  Graphic denies this statement and cites to the deposition of Johanna Segerberg, who was designated as Ekman's Rule 30(b)(6) representative on the issue of damages.  (Exhibit R to Dkt # 88 at 45, 46, 49)  During her deposition, Ms. Segerberg was unable to answer any questions about Ekman's sale of the inventory goods.  (Exhibit R to Dkt #

88 at 71) As its Rule 30(b)(6) designated witness, Ms. Segerberg had an obligation to investigate the facts regarding Ekman's resale of the inventory. *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 01 CIV. 3016(AGS)(HB, 2002 WL 1835439 (S.D.N.Y. Aug. 8, 2002) ("A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity.")

      42.    The Diverted Goods were resold at commercially reasonable prices to purchasers within North America and South America. [Decl. of Keith D. Greenberg, Ex. A (Aff. of Xiomara Blanco, ¶ 9)].

      **RESPONSE:** Graphic denies this statement and cites to the deposition of Johanna Segerberg, who was designated as Ekman's Rule 30(b)(6) representative on the issue of damages. (Exhibit R to Dkt # 88 at 45, 46, 49)  During her deposition, Ms. Segerberg was unable to answer any questions about Ekman's sale of the inventory goods. (Exhibit R to Dkt # 88 at 71) As its Rule 30(b)(6) designated witness, Ms. Segerberg had an obligation to investigate the facts regarding Ekman's resale of the inventory. *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 01 CIV. 3016(AGS)(HB, 2002 WL 1835439 (S.D.N.Y. Aug. 8, 2002) ("A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity.")

      43.    Prior to the Restraining Notice's expiration, Graphic offered to purchase the remaining paper from Ekman AB on terms of advance or simultaneous payment. By this time, another customer had already provided a verbal commitment to purchase the paper. Given this verbal commitment, Ekman AB felt unable to pursue Graphic's offer unless the existing deal fell through, which it did not. [Decl. of Keith D. Greenberg, Ex. A (Aff. of Xiomara Blanco, ¶ 10)].

**RESPONSE:**  Graphic objects to this statement because it improperly discloses settlement discussions between the parties in violation of F.R.E. 408.  The fact is that Graphic's counsel and Ekman's counsel discussed the possibility that when the Restraining Notice expired (which by law is 1 year from the date of service), whether Ekman would be willing to sell Graphic the remaining inventory in order to minimize potential claimed damages and to settle the Inventory Claims.  However, Ekman indicated that it would not be willing to proceed along such lines and that it had already sold the remaining inventory.  No exchange of pricing or quantity was ever discussed.  (See Decl. of Keith Greenberg, Ex. G)

44.     After Ekman AB concluded its resale of the Diverted Goods, Ekman AB offered Graphic the opportunity to conduct a limited deposition of Xiomara Blanco regarding the resale of the Diverted Goods. Graphic never responded to this offer. [Decl. of Keith D. Greenberg, Ex. G].

**RESPONSE:**  Graphic denies this statement because it mischaracterizes the discussion of the parties.  In fact, Ekman claimed that Ms. Blanco was a third party witness and that it would not voluntarily produce her, and that Ekman would "see what it could do" only if Graphic agreed to limit the deposition.  (See Decl. of Keith Greenberg, Ex. G)

45.     Graphic continues to dispute its liability for the pre-escrow interest owed on Graphic's $1,905,885.33 debt to Ekman AB, which Ekman AB asserts is properly part of the interpleader stake. [Dkt. No. 41; Defendant/Interpleader Plaintiff Graphic Paper's Memorandum Of Law In Support Of Its Motion For Summary Judgment at 14-18].

**RESPONSE:**  Graphic denies this statement because it mischaracterizes Graphic's position regarding pre-judgment interest.  Graphic believes that Ekman is not entitled to prejudgment interest for the reasons stated in Graphic's motion for summary judgment.

8

Dated: Garden City, New York
      February 29, 2012

                                      Respectfully submitted,
                                      ETTELMAN & HOCHHEISER, P.C.

                                      By:        /s/
                                             Gary Ettelman, Esq. (GE 9315)
                                      Attorneys for Graphic Paper, Inc.
                                      100 Quentin Roosevelt Blvd.
                                      Suite 401
                                      Garden City, New York 11530
                                      (516) 227-6300