USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 8/27/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
EKMAN & CO AB,

                        Plaintiff,

    --against --

GRAPHIC PAPER, INC.,

                        Defendant.
------------------------------------------------------------------x
GRAPHIC PAPER, INC.,

                        Interpleader Plaintiff,

    -against-

EKMAN & CO. AB, and
U.S. BANK NATIONAL ASSOCIATION,

                        Interpleader Defendants.
------------------------------------------------------------------x

Case No. 10 CV 8110 (JGK)

## CONSENT ORDER

This matter having come before the Court upon the application of Ekman & Co AB ("Ekman AB "), Graphic Paper, Inc. ("Graphic"), and U.S. Bank National Association, in its capacity as Indenture Trustee, ("U.S. Bank") (individually, each a "Settling Party," and together, the "Settling Parties"); and

**IT APPEARING** that Graphic, as an allegedly disinterested stakeholder, initiated an interpleader lawsuit (the "Interpleader") by filing a counterclaim in this Action seeking a declaration as to the proper recipient of a sum of $1,905,885.33 which Graphic was to pay to Ekman AB (the "Escrow Principal"); and it further

**APPEARING** that Interpleader-Defendant U.S. Bank has disclaimed all interest in the Escrow Principal; and it further

**APPEARING** that on December 8, 2010, this Court issued an order permitting Graphic to deposit funds with the Court; and it further

**APPEARING** that pursuant to the Order issued on December 8, 2010, that Graphic deposited $1,905,883.33 into the Court on December 10, 2010; and it further

**APPEARING** that on May 3, 2011, this Court issued an order permitting Graphic to deposit $31,517.21, such sum reflecting a partial deposit of interest accrued on the Escrow Principal prior to the deposit of the Escrow Principal with the Court ("Escrow Interest"); and it further

**APPEARING** that pursuant to the Order issued on May 3, 2011, that Graphic deposited $31,517.21 into the Court on May 5, 2011; and it further

**APPEARING** that pursuant to the Order issued on February 15, 2012, all claims by Ekman against U.S. Bank were dismissed with prejudice; and it further

**APPEARING** that pursuant to the Order issued on February 15, 2012, all claims by U.S. Bank against Ekman were dismissed with prejudice; and it further

**APPEARING** that pursuant to the Order issued on February 15, 2012, payment was made to Ekman of most of the Escrow Principal plus any funds earned on the Escrow Principal during the period of deposit in the registry of the Court; and it further

**APPEARING** that pursuant to the Order issued on February 15, 2012, a portion of the Escrow Principal was retained in the escrow of the Court (the "Escrow Remainder"); and it further

**APPEARING** that Graphic has disclaimed all interest in the Escrow Remainder; and it further;

**APPEARING** that the Settling Parties desire to resolve the Action amicably and that the Settlement Agreement and Release attached hereto as Exhibit A, has been duly executed by the Settling Parties;

IT is this ___24th___ day of August, 2012

ORDERED as follows:

1. Within 10 days, the Clerk shall direct payment to Ekman AB of the Escrow Remainder, payable to Duane Morris LLP, 1540 Broadway, New York NY 10036, plus any and all accrued interest earned on the Escrow Remainder during the period of deposit in the registry of the Court. Ekman AB's counsel will pick up the check, after notice by the Clerk; and

2. All claims by Ekman AB against Graphic be and hereby are DISMISSED WITH PREJUDICE from this action; and

3. All claims by Graphic against Ekman AB be and hereby are DISMISSED WITH PREJUDICE from this action;

4. All claims by U.S. Bank against Graphic be and hereby are DISMISSED WITH PREJUDICE from this action; and

5. All claims by Graphic against U.S. Bank be and hereby are DISMISSED WITH PREJUDICE from this action; and

6. This action shall therefore be DISCONTINUED WITH PREJUDICE IN ITS ENTIRETY; and

7. With regard to the claims dismissed pursuant to paragraphs 2 through 5, above, each Settling Party shall bear its own fees and costs, including attorneys' fees and costs, as against the other Settling Parties.

_____
JOHN G. KOELTL, U.S.D.J.

# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is made as of the 9th day of August 2012 by and between Ekman & Co AB ("Ekman AB"), Graphic Paper, Inc. ("Graphic"), and U.S. Bank National Association, solely in its capacity as Trustee ("U.S. Bank").

WHEREAS, there is currently an action pending before the United States District Court for the Southern District of New York (the "Court") styled *Ekman & Co AB v. Graphic Paper, Inc.; Graphic Paper, Inc. v. Ekman & Co AB and U.S. Bank National Association*, 10 CV 8110 (JGK) (JCF) (the "Action");

WHEREAS, U.S. Bank served a restraining notice on Graphic, pursuant to N.Y. C.P.L.R. §5222, in connection with U.S. Bank's enforcement of a judgment entered by the Supreme Court of the State of New York, County of New York (Index No. 600405/04), in favor of U.S. Bank and against judgment debtors APP International Finance Co., B.V., P.T. Lontar Papyrus Pulp & Paper Industry, Asia Pulp & Paper Co., Ltd., Indah Kiat Int'l Finance Co., B.V., and P.T. Indah Kiat Pulp & Paper Corp. ("Judgment Enforcement");

WHEREAS, Graphic deposited a sum of $1,905,885.33 (the "Escrow Principal") into the registry of the Court and disclaimed all interest thereto;

WHEREAS, Graphic deposited an additional $31,517.21 (the "Additional Deposit") into the registry of the Court on May 5, 2011;

WHEREAS, Ekman AB, Graphic, and U.S. Bank (individually, each a "Settling Party," and together, the "Settling Parties") have asserted certain claims against each other in the Action;

WHEREAS, on February 15, 2012, U.S. Bank and Ekman AB entered into a court-approved settlement agreement under which all claims by Ekman AB against U.S. Bank were dismissed with

1

prejudice, all claims by U.S. Bank against Ekman AB were dismissed with prejudice, payment was made to Ekman AB of most of the Escrow Principal plus any funds earned on the Escrow Principal during the period of deposit in the registry of the Court, and a portion of the Escrow Principal was retained in the escrow of the Court, which included the Additional Deposit (the "Escrow Remainder");

WHEREAS, the Settling Parties wish to resolve and settle all remaining claims and complaints between them in recognition of the expense and uncertainty of further litigation, but without any admission of wrongdoing or liability on any Settling Party's behalf, acknowledging that this Agreement is the full and complete resolution of all matters, claims, disputes or complaints between them regarding the subject matter of the Action;

NOW THEREFORE, in consideration of the foregoing premises and the following covenants, agreements, assignments, releases and payments, and such other good and valuable consideration, the receipt and sufficiency of which the Settling Parties hereby acknowledge by their signatures below, the Settling Parties agree as follows:

1. **Filing of Consent Order.** The Settling Parties will file the Consent Order, attached as Exhibit "A," with the Court within five business days of the Effective Date of this Agreement. This Agreement is contingent upon the Court signing the Consent Order in substantially the form attached as Exhibit A to the Agreement.

2. **Release of Claims.** Each Settling Party on behalf of itself and its successors, affiliates, and assigns, willingly and knowingly, with prejudice, release and forever discharge all other Settling Parties and their respective owners, principals, members, officers, directors, partners, employees, agents, attorneys, heirs, affiliated entities, subsidiaries, predecessors, successors and assigns from any and all claims, actions, suits, appeals, debts, dues, contracts,

2

covenants, liabilities, demands or obligations whatsoever, at law or equity, known or unknown, direct or indirect, which each Settling Party has ever had, now has or in the future may claim to have against the other for or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the Court signing the Consent Order arising out of, or in any way related, in whole or in part, to any allegations, acts, omissions, transactions, events, types of conduct, or matters that are the subject matter of the Action or the Judgment Enforcement.

3. **Escrow Remainder.** The Settling Parties agree that Ekman AB be permitted to withdraw the Escrow Remainder, plus any funds earned on the Escrow Remainder during the period of deposit in the registry of the Court, from the Court's escrow account.

4. **Dismissal of Claims by One Settling Party Against Another Settling Party Within the Action.** The Consent Order will also direct that upon its Entry, any claims by one Settling Party against any other Settling Party in the Action shall be dismissed with prejudice and with each Settling Party to bear their own fees and costs, including attorneys' fees and costs, against each other.

5 **Acknowledgments.** Each Settling Party acknowledges that it has obtained all the advice and counsel it needs to understand each of the terms of this Agreement; it is satisfied with the advice and counsel it has received from its attorneys; and it is entering into this Agreement voluntarily and knowingly, with a full understanding of its rights and obligations hereunder, with full authority and consent, and without coercion or duress.

6. **Warranties/No Assignment.** Each Settling Party represents and warrants that the persons executing this Agreement are duly authorized to do so and to bind the Settling Parties. Each Settling Party further represents that it has not assigned any rights covered by the Releases in Section 2 above to any other person or entity and that no person or entity is entitled to assert on

3

its behalf any claims based on or arising out of the claims set forth and released in Section 2 above.

7.  **Entire Agreement.** The only consideration for executing the Agreement is the waivers and assurances, including the releases, expressly contained or described herein. The Settling Parties further represent and acknowledge that, in executing the Agreement, they did not rely upon and have not relied upon any promise, inducement, representation or statement by the other (which includes their officers, directors, partners, employees, agents, attorneys, heirs, affiliated entities, predecessors, successors, parent corporations and assigns) about the subject matter, meaning or effect of this Agreement that is not otherwise stated in this Agreement.

8.  **Binding Effect.** This Agreement shall be binding upon the Settling Parties as well as their predecessors, successors, affiliates, and assigns.

9.  **Effective Date:** The "Effective Date" of this Agreement shall be the date that a fully-executed copy of the Agreement is received by all Settling Parties.

10. **Construction and Interpretation.** The wording of this Agreement was negotiated, reviewed and accepted by the Settling Parties' respective legal counsel prior to its being signed by them and no Settling Party shall be entitled by reason of authorship to have any wording of this Agreement construed or interpreted against the other Settling Party in the event of any dispute arising between them in connection with this Agreement.

11. **Counterpart.** This Agreement may be executed in any number of counterparts and by Settling Parties in separate counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile or ".pdf" signatures shall be binding on the Settling Parties. The Settling Parties shall exchange original signature pages promptly after exchanging any facsimile or scanned .pdf signature pages; however, the

4

failure to exchange such original signature pages after exchanging any facsimile or scanned .pdf signature pages shall not affect the enforceability of this Agreement.

12. **Governing Law/Venue.** The Settling Parties shall request that the Court retain jurisdiction as to any dispute arising under this Agreement. This Agreement shall be interpreted and enforced under, and governed by, the laws of the State of New York, without regard for its choice of law principles. Any motion or action to enforce the terms of this Agreement shall be brought only in the United States District Court for the Southern District of New York and the Settling Parties specifically waive any objection or defense to jurisdiction or venue in this court.

13. **Severability.** If any term or other provision of this Agreement is found to be invalid, illegal or incapable of being enforced by any rule of law or public policy by a court of competent jurisdiction, all other conditions and provisions of this Agreement shall nevertheless remain in full force and effect so long as the economic or legal substance of the transactions contemplated hereby is not affected in any manner adverse to any of the Settling Parties. Upon such determination that any term or other provision is invalid, illegal or incapable of being enforced by a court of competent jurisdiction, the Settling Parties shall negotiate in good faith to modify this Agreement so as to effect the original intent of this Agreement as closely as possible in a mutually acceptable manner in order that the transactions contemplated hereby be consummated as originally contemplated to the greatest extent possible.

14. **Further Assurance/Cooperation.** The Settling Parties hereby agree that they shall enter into, execute, and deliver such orders, agreements, and documents and take such other actions as may be reasonably appropriate or necessary to effectuate entry of the Consent Order and otherwise carry out the terms of this Agreement.

5

THE UNDERSIGNED HAVE CAREFULLY READ THIS "SETTLEMENT AGREEMENT AND RELEASE" AND THEY HAVE READ, KNOW AND UNDERSTAND ITS CONTENTS; THEY FREELY AND VOLUNTARILY AGREE TO ABIDE BY ITS TERMS; AND THEY ARE FULLY AUTHORIZED TO SO AGREE AND BE BOUND.

EKMAN & CO AB

By: _____ *[signatures: Hans Tibeblunt / Annie Edvardsen CFO]*

Its: _____

Dated: _____

GRAPHIC PAPER, INC.

By: _____

Its: _____

Dated: _____

U.S. BANK NATIONAL ASSOCIATION,
solely in its capacity as Trustee

By: _____

Its: _____

Dated: _____

6

THE UNDERSIGNED HAVE CAREFULLY READ THIS "SETTLEMENT AGREEMENT AND RELEASE" AND THEY HAVE READ, KNOW AND UNDERSTAND ITS CONTENTS; THEY FREELY AND VOLUNTARILY AGREE TO ABIDE BY ITS TERMS; AND THEY ARE FULLY AUTHORIZED TO SO AGREE AND BE BOUND.

EKMAN & CO AB

By: _____

Its: _____

Dated: _____

GRAPHIC PAPER, INC.

By: _*[signature]*_____

Its: _Vice President Finance_

Dated: _August 8, 2012_

U.S. BANK NATIONAL ASSOCIATION,
solely in its capacity as Trustee

By: _____

Its: _____

Dated: _____

6

THE UNDERSIGNED HAVE CAREFULLY READ THIS "SETTLEMENT AGREEMENT AND RELEASE" AND THEY HAVE READ, KNOW AND UNDERSTAND ITS CONTENTS; THEY FREELY AND VOLUNTARILY AGREE TO ABIDE BY ITS TERMS; AND THEY ARE FULLY AUTHORIZED TO SO AGREE AND BE BOUND.

EKMAN & CO AB

By: _____

Its: _____

Dated:

GRAPHIC PAPER, INC.

By: _____

Its: _____

Dated:

U.S. BANK NATIONAL ASSOCIATION,
solely in its capacity as Trustee

By: _____

Its: Vice President

Dated: AUG 0 8 2012

6